# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>RIC F. MALIK.,<br><br>Debtor. | Case No. 23-03241-ESL7<br><br>Chapter 7 |
| EARL GEERTGENS AND TAMA GEERTGENS<br><br>v.<br><br>RIC F. MALIK.,<br><br>Debtor. | Adversary Proceeding No. 24-00015-ESL |

### MOTION TO STRIKE OR DISMISS DEBTOR'S AMENDED ANSWER WITH COUNTERCLAIMS PURSUANT TO FED.R.BANKR.P. 7012(B)

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("ETG"), represented by the undersigned legal counsel, and respectfully states as follows:

1. ETG seeks to Strike the Amended Answer with Counterclaims filed by the Debtor on 10/11/24 for the reasons stated herein pursuant to Fed.R.Civ.P. 12(f), and in the alternative, to dismiss for failure to state a claim, both via Fed.R. Bankr.P. 7012(b). Adv. Proc. Docket # 50.

2. ETG filed their Adversary Complaint in this matter on February 29, 2024. The complaint seeks to object to discharge, determine non-dischargeability of debt or dismiss Debtor's case. (Adv. Proc., Docket #1.)

3. In response to the Complaint, the Debtor filed two motions to dismiss pursuant to Fed. R.Civ. P. 12 alleging lack of proper service (Adv. Proc. Docket # 13, 20), each of which was denied by the Court, and five motions to extend time to respond to the Adversary Complaint, each of which

was granted by the Court. (Adv. Proc. Docket # 7, 10, 31, 39, 46).

4. In accordance with the deadline set out in the Court's Order of September 10, 2024, the Debtor filed his Answer to the Complaint on September 12, 2024. (Adv. Proc. Docket #. 48).

5. The Court Rules provide that:

(a) **Amendments Before Trial**.
(1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Fed.R.Civ.P. 15(a) via Fed.R.Bankr.P. 7015.

6. Since the Debtor filed his Answer on September 12, 2024, his 21-day period to file an amended pleading as a matter of course expired on October 3rd, 2024. Fed.R.Civ.P. 15(a)(1) via Fed.R.Bankr.P. 7015.

7. To file an amended pleading after October 3rd, 2024, Debtor would need ETG's consent or a court order granting him leave to do so. Fed.R.Civ.P. 15(a)(2) via Fed.R.Bankr.P. 7015.

8. The Debtor never requested ETG's consent to file an amended pleading.

9. ETG has not and does not consent to the Debtor filing his amended pleading.

10. The amended pleading asserts a counterclaim seeking damages for an alleged violation of the automatic stay, and offers factual information limited to the recitation that ETG is party to two New Jersey cases involving the debtor. (Adv. Proc #50 Counterclaim at ¶ 243-4).

11. The older case is a proceeding in which ETG holds a money judgment. It is no longer an active case. (Adv. Proc. Docket #1, ¶ 38-40).

12. The second case was filed on September 12, 2023, and was initially filed as an action against Debtor and co-defendants Moorestown Construction, LLC, Andrew Malik, and MC

Remodeling, LLC, for fraudulent transfer, fraud on the court, civil conspiracy, and other claims arising from post-judgment violation of Court orders, for the secreting and transfer of assets of the company Moorestown Construction, LLC to the non-Debtor defendants. (Adv. Proc. Docket #1 ¶ 80-82).

13. The second litigation has been stayed as to the Debtor. It is ongoing as to the non-Debtor co-defendants, although their pleadings have been stricken for refusal to respond to written discovery.

14. The Debtor's counterclaim demands monetary damages arising from the alleged violation of the automatic stay, asking that the Court award the following relief: "Award debtor(s)/Defendant(s) actual damages as claimed, punitive damages and pre and post judgment prevailing legal interest, taxing all costs and expenses of this proceeding all against and upon Plaintiff(s) jointly and severally, including reasonable attorney's fees." Other than an award of $300,000 in alleged damages, no other relief is sought.

**Filing Counterclaim Without Leave**

15. The Court Rules allowed the Debtor an opportunity to file an amended pleading as a matter of right through October 3rd, 2024. Debtor did not do so, although provided more than adequate time to do so. Debtor filed his Amended Answer with Counterclaim on 10/11/24, without leave or consent. (Adv. Proc. Docket # 50).

16. ETG requests the Debtor's Amended Answer with Counterclaim be stricken because it was filed out of time, without consent of ETG and without obtaining a court order granting leave to file same. Rosenberg v. Mass Mutual Life Insurance Co., 2024 WL 1640196 (D.Mass. 2024)(holding an improperly filed pleading should be stricken by a party's Motion to Strike);F.D.I.C. v. Kooyomjian, 220 F.3d 10, 15 (1st Cir. 2000)(Counterclaim filed unilaterally and without leave properly stricken by the Court).

**Failure To State A Claim**

17. Even if leave to file a counterclaim were sought, it would not properly be granted in this case because the pleading does not state a claim for which relief may be granted. As filed, the pleading should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state facts supporting a viable legal claim within the context of this proceeding.

18. While the counterclaim is lacking in factual details so as to spell out the nature of what is sought, this adversary proceeding is not the proper context for its filing, where only money damages are sought. See, Fed.R. Bankr.P. 7001. The claims should be pursued, if at all, within the bankruptcy case.

19. But even if the claim might be heard as a counterclaim in the Adversary Proceeding, it is not sufficiently pled and must be dismissed for failure to provide adequate facts to substantiate a viable claim for wrongdoing by ETG.

20. The Court In re Hotel Airport, Inc., No. 11-06620 ESL, 2014 WL 4661943, at *14 (Bankr. D.P.R. Sept. 18, 2014) set forth the appropriate two-set approach for reviewing the counterclaim:

> In *Schatz v. Republican State Leadership Committee,* 669 F.3d 50, 55 (1st Cir.2012), the First Circuit established a two-step standard for motions to dismiss under Fed.R.Civ.P. 12(b)(6). Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. *Also see Carrero–Ojeda v. Autori dad de Energía Eléctrica,* 755 F.3d 711, 719–720 (1st Cir.2014) (applying the two-step standard for established in *Schatz); Pérez v. Rivera (In re Pérez),* 2013 WL 1405747 at *3, 2013 Bankr.LEXIS 1561 at * *9–10 (Bankr.D.P.R.2013); *Zavatsky v. O'Brien,* 902 F.Supp.2d 135, 140 (D.Mass.2012).

21. There are no facts plead which could lead to a reasonable inference of a stay violation here because the pending cases against the Debtor have been stayed as to the Debtor since the petition was filed. The sole allegations of fact supporting Debtor's counterclaim are the Debtor's conclusory

statements that *"Plaintiffs have continued collecting on the prepetition debts in both of the above mentioned New Jesey state court cases."* (Adv. Proc.; Counterclaim ¶ 245) and then further, that Plaintiffs have done so by *"willful post-petition acts"* (Adv. Proc. Counterclaim ¶ 248). Sucha acts are then identified only by reference to general statutory language, identifying categories of stay prohibitions. These allegations are purely legal conclusions. They must be disregarded in "step one" of the Court's analysis, as they do not provide any basis in fact, for any alleged wrongdoing.

22. In the second step of the analysis, the Court must consider "whether the well pleaded facts plausibly narrate a claim for relief." Id. The only well-pleaded facts are that of two pre-petition New Jersey State Court litigations. Existence of these cases, without the pleading of any particular wrongdoing in relationship to either, does not and cannot meet the requisites of a claim for a stay violation. Thus the counterclaim fails to meet the First Circuit's two-step analysis. The citing of a statutory cause of action without identification of any wrongful conduct does not properly state a claim.

23. Even where leave were sought for an amendment, that amendment may be denied if the grant of leave would be futile. In re Curran, 855 F.3d 19, 28 (1st Cir. 2017) (denial of motion for leave to amend on futility grounds is appropriate if the proposed pleading "fails to state a plausible claim for relief,"). That is the case here. Based upon the content of the filed counterclaim, no cause of action is stated. No plausible grounds for relief are identified, beyond conclusions of law. The counterclaim must be dismissed.

**WHEREFORE**, ETG respectfully requests the Court strike the Amended Answer with Counterclaims filed by the Debtor.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on October 29, 2024.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional 3 days pursuant to F.R.B.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinionof the court, the interest of justice requires otherwise. If you file a timely response, the court may, inits discretion, schedule a hearing.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by way of the CM/ECF System, which will send notification to the CM/ECF participants.

**O'NEILL & GILMORE**
**LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Fax: 787/620-0671
Email: cpg@go-law.com

By: *s/Charles P. Gilmore*
Charles P. Gilmore, Esq.
USDC No. 209614


**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone: 856-651-1600
Fax: 856-651-1615
Email: wwolf@goldbergwolf.com

By: *s/Warren S. Wolf*
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice