# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>RIC F. MALIK.,<br><br>Debtor. | Case No. 23-03241-ESL7<br><br>Chapter 7 |
| EARL GEERTGENS AND TAMA GEERTGENS<br><br>v.<br><br>RIC F. MALIK.,<br><br>Debtor. | Adversary Proceeding No. 24-00015-ESL |

### OPPOSITION TO FINAL MOTION FOR EXTENSION OF TIME TO OPPOSE MOTION FOR RECONSIDERATION OF DISMISSAL ORDER

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("ETG"), represented by the undersigned legal counsel, and respectfully states as follows:

1. ETG's motion for reconsideration was filed on January 3, 2025, to address an errant order of the Court, dismissing ETG's adversary complaint. The order of dismissal was entered as relief granted on ETG's unopposed *motion to dismiss debtor's counterclaim*.

2. By repeated adjournment requests, Debtor was allowed from October 29, 2024 through December 26, 2024, to respond to the motion to dismiss. This was more than adequate time to review and understand the content of that motion. Debtor did not oppose the motion.

3. On January 3, 2025, the Court entered an order granting ETG's motion to dismiss, but mistakenly dismissed ETG's adversary proceeding, rather than dismissing the counterclaim which was the subject of the motion.

4. No motion was made or pending for dismissal of the Adversary Proceeding. No cause for dismissal of the Adversary Proceeding has been raised by any party or by the Court. The dismissal, we understand, was a simple error.

5. Having decided not to oppose the underlying motion, Debtor's counsel could have (and presumably did) ascertain the relevant facts with a simple review of the Court's dismissal order, compared against the then-pending motion. There is no viable basis to oppose the motion.

6. Debtor's counsel has delayed this matter considerably, with repeated requests for adjournment. Debtor has previously been granted adjournments of time to Answer, to respond to the motion to dismiss counterclaim (ultimately unopposed), and to this motion, on April 8, 2024, April 22, 2024, August 4, 2024, September 4, 2024, September 9, 2024, November 12, 2024, December 1, 2024, and January 20, 2025. The pretrial conference has been cancelled twice due to this delay, no discovery has been produced by the Debtor, ETG's discovery motion in the bankruptcy case remains outstanding since the last adjournment expired on December 26 (also unopposed), and the matter is simply not moving forward due to repeated delays on Debtor's part.

WHEREFORE, ETG respectfully requests the Court (i) deny the Debtor's second motion for extension of time to respond; (ii) amend its order granting the unopposed motion to strike Debtor's Amended Answer with Counterclaims, reinstating the Adversary Complaint; and (iii) set scheduling of the pre-trial conference appropriately.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been submitted to the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on February 11, 2025.

**O'NEILL & GILMORE
LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Email: cpg@go-law.com

By: *s/Charles P. Gilmore*
Charles P. Gilmore, Esq.
USDC No. 209614


**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone: 856-651-1600
Fax: 856-651-1615
Email: wwolf@goldbergwolf.com

By: *s/Warren S. Wolf*
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice