## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |
| | Adversary Proceeding No. 24-00015-ESL |
| EARL GEERTGENS AND TAMA GEERTGENS | |
| v. | |
| RIC F. MALIK., | |
| Debtor. | |

## MOTION TO COMPEL DISCOVERY PURSUANT TO FED.R.BANR.P. 7037 and 9014(c)

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("ETG"), represented by the undersigned legal counsel, and respectfully states as follows:

1.      ETG seeks to compel the Debtor to respond to the Interrogatories and Request for Production of Documents served upon his attorney under letter dated November 20, 2024 and for payment of ETG's counsel fees incurred on this motion.

2.      The Court Rules provide

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in

the court where the discovery is or will be taken.

(3) Specific Motions.

(A) To Compel Disclosure. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) Payment of Expenses; Protective Orders.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a) via Fed.R.Bankr.P. 7037 and 9014(c).

3.      ETG served Interrogatories and Request to Produce Documents upon the Debtor

through his counsel via letter dated November 20, 2024.[1]  See letter of November 20, 2024 with

the enclosed discovery requests attached hereto as Exhibit A.

4.      ETG followed up with the Debtor for discovery responses under letter dated

February 28, 2025. See letter dated February 28, 2025 attached as Exhibit B.

5.      ETG's counsel also made additional good faith efforts to obtain Debtor's

compliance and avoid this motion by following up with Debtor's counsel via telephone several

times, but was unable to reach Debtor's Counsel.  See Certification of Good Faith Attempts to

Avoid Discovery Motion filed herewith.

6.      To date, Debtor and Debtor's counsel have failed to respond to our efforts to seek

the requested discovery responses.

WHEREFORE, ETG respectfully requests the Court order Debtor to provide the requested

documents pursuant to Fed.R.Civ.P. 37(a) via Fed.R.Bankr.P. 7037 and 9014(c) and award ETG their

counsel fees, subject to the filing of ETG's counsel's certification of legal fees incurred.

### NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional
3days pursuant to F.R.B.P. 9006(f) if you were served by mail, any party against whom this paper
hasbeen served, or any other party to the action who objects to the relief sought herein, shall serve
andfile an objection or other appropriate response to this paper with the Clerk's office of the
U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed
within thetime allowed herein, the objection will be deemed unopposed and may be granted
unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or
(3) in the opinionof the court, the interest of justice requires otherwise.  If you file a timely response,
the court may, inits discretion, schedule a hearing.

---

[1] The discovery requests served on November 20, 2024 included Request for Admissions, but responses to same are
not sought on this motion because they are now deemed admitted. Fed.R.Bankr.P. 7036.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed by U.S.First class mail this 11th day of March 2025, to debtor, RIC F. MALIK, at PO BOX 756, VIEQUES, PR 00765-0756 and to his counsel at his email of record, FREDERIC CHARDON DUBOS, Esq. at fcdlaw2025@outlook.com, fcdlaw2020@gmail.com and chardon-dubos.fredericb115451@notify.bestcase.com and with the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants.

**O'NEILL & GILMORE
LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone:  787/620-0670
Fax:      787/620-0671
Email:    cpg@go-law.com

By:  _/s/_  **Charles P. Gilmore, Esq._____**
Charles P. Gilmore, Esq.
USDC No. 209614

**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone:  856-651-1600
Fax:      856-651-1615
Email:    wwolf@goldbergwolf.com

By:  ____**/s/ Warren S. Wolf, Esq._____**
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice

# Exhibit A

LAW OFFICE OF

# GOLDBERG & WOLF, LLC

WARREN S. WOLF*
JORDAN B. GOLDBERG*+

\* MEMBER NJ & PA BARS
+CERTIFIED BY THE SUPREME COURT OF
   NEW JERSEY AS A WORKERS'
   COMPENSATION LAW ATTORNEY

1949 BERLIN ROAD
SUITE 201
CHERRY HILL, NEW JERSEY
08003
_____
856-651-1600
FAX 856-651-1615

November 20, 2024

**VIA EMAIL (fcdlaw2020@gmail.com)**
**AND FIRST CLASS MAIL**

Frederic Chardon Dubos, Esq.
Frederic Chardon Dubos Law Office
A Debt Relief Agency
P.O. Box 1797
Carolina, Puerto Rico, 00984-1797

> ***Re:***   ***Geertgens v. Malik***
> ***Adversary Proceeding No.   24-00015-ESL***

Dear Mr. Chardon Dubos:

Enclosed herewith please find Interrogatories, Request for Production of Documents and Request for Admissions which are served upon you in the above-referenced manner.   Kindly have your client respond as required under the Federal Rules of Bankruptcy Procedure.

Should you have any questions, kindly contact us.

Very truly yours,

/s/ Warren S. Wolf
Warren S. Wolf, Esquire
GOLDBERG & WOLF, LLC

cc:   Charles P. Gilmore, Esq., via email
      Karen M. Murray, Esq., via email

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |
| | Adversary Proceeding No.  24-00015-ESL |
| EARL GEERTGENS AND TAMA GEERTGENS | |
| v. | **INTERROGATORIES TO RIC F. MALIK** |
| RIC F. MALIK., | |
| Debtor. | |

TO:    Frederic Chardon Dubos, Esq.
       Frederic Chardon Dubos Law Office
       A Debt Relief Agency
       P.O. Box 1797
       Carolina, Puerto Rico, 00984-1797
       Attorney for Debtor


PLEASE TAKE NOTICE that the Plaintiffs, Earl and Tama Geertgens ("Plaintiffs"), demand that the Defendant, Ric F. Malik ("Defendant") provide certified answers to the following Interrogatories.

## <u>INSTRUCTIONS</u>

You are instructed that:

1.    Each Interrogatory must be answered separately, fully in writing and under oath.

2.    Each Interrogatory is continuing in nature so as to require supplemental answers if you or your attorney should obtain information that the answer was incorrect when made or becomes no longer true.

1

3.      All answers should be based upon information available to the answering party, including that person's agent, servants, or employees, within the meaning of the Fed.R.Bankr.P.

4.      If the information requested is not known or reasonably available in the precise form and scope requested, or for the particular date or period specified, but can be supplied partially, in a modified form or for a different but relevant date or period, set forth the best information available together with a statement of the reasons that the answer is not completely responsive to the interrogatory, together with the identity of any document or sources from which more complete information is attainable.

5.      Whenever an interrogatory calls for information with respect to "each" one of a particular type of occurrence, communication, or other matter of which more than one exists, identify separately, and in chronological order, each instance of the occurrences, communications or other matters referred to, and provide for each such instance, all of the information called for immediately following such identification.

6.      The extent that you believe any of the interrogatories calls for information contained in documents or communications subject to a claimed privilege, answer so much of such interrogatory or interrogatories, and each part thereof, as does not request, in your view, allegedly privileged information, and identify each such document and/or communication and set forth the basis for your claim of privilege with respect to the information which you refuse to furnish.

7.      To the extent that you believe that any of the interrogatories is objectionable, answer so much of each such interrogatory, and each part thereof as is not, in your view, objectionable, and separately state so much of that part of each interrogatory as to which you raise objection, and each ground for each such objection.

8.      When referring to a fact or conclusion, give all the circumstances upon which the fact or conclusion is based, or which touch upon the same.

9.      In responding to each interrogatory, identify the persons consulted in preparing the particular response, and if different, the persons most familiar with the facts concerned.  Upon producing copies of documents, each document produced should be given a consecutive identification number.  The number should be placed in the lower right hand corner of each document. You are requested to indicate which of the numbered documents responds to each question which calls for the production of copies of documents.

## **DEFINITIONS**

1.      "Document" or "documents" refers to any printed, written, taped, recorded, graphic, computerized print-out or other tangible matter, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including, but not limited to, the original, a copy (if the original is not available) and all non-identical copies (whether different from the original because of notes made on or attached to such copy or otherwise), of any and all writings, correspondence, letters, telegrams, cables, adjusting entries, subsidiary documents and schedules, contracts, proposals, agreements, minutes, notes, memoranda, analyses,

2

projections, work papers, books, papers, records, reports, diaries, vouchers, acknowledgments, confirmatory memoranda, statements, questionnaires, books of account, calendars, graphs, charts, transcripts, ledgers, registers, work sheets, summaries, digests, financial statements, messages (including, but not limited to, reports of telephone conversations or telephone calls), electronic mail, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, options to purchase, memoranda of agreements, assignments, licenses, checks, notebooks, data sheets, data processing cards, photographs, tape recordings, transcripts of recordings, drawings, catalogs, brochures, and all other information or data, records or compilations, including all underlying supporting or preparatory material, and all other written or printed matter of any kind, or any other and all data, compilation from which information can be obtained and translated if necessary, however produced or reproduced, now in your possession, custody or control, or available to your counsel, accountants, agents, representatives or associates, within or outside the State of New Jersey.

2.     When asked to "identify" or "for the identity" of any natural person, set forth the full name and present or last known business or residence address of such person; his or her present or last known business affiliation; his or her present or last known telephone number, with the area code; and his or her position in business affiliation, including a description of his or her duties or responsibilities at the time of or during the period in question.

3.     When asked to "identify" or "for the identity" of any entity other than a natural person, set forth its full name or title; address, telephone number with area code; date and jurisdiction under the laws of which it was organized or incorporated, or, in the case of an entity other than a corporation, state the type of organization, the names of its members, and the date and place of its organization; and the identity of all persons who acted or who authorized another to act on its behalf, in connection with the matters referred to.

4.     When asked to "identify" or "for the identity" of a document, you are required to furnish a copy of each such document in lieu of identifying the same, in the manner set forth in the preceding instructions.  When furnishing a copy of a document, specify the interrogatory being answered in this manner, and identify the document so supplied to show the interrogatory to which the document relates.  If a copy of a particular document is not available, then set forth its date and general type of category; the identify of its author, and each person who aided or assisted in its preparation, including persons who contributed information contained in or submitted for use in such document; the identity of each addressee and other distributees to whom the document was directed, distributed, and by whom it was received, read, or both; the identity of its last known location or custodian; the reason or reasons for the inability to locate such document, and the circumstances of its unavailability; if the document is no longer in your possession or control, and the circumstances of its disposition are known, set forth the date and circumstances of its disposition thereof, as well as the identity of the person or entity to whom custody or possession was given; and it subject matter or substance.

5.     When asked to "identify" or "for the identity" of an oral communication, set forth the date and place thereof, or, in the case of a telephone conversation, so indicate and state the places at which the parties thereto were located at the time thereof; the identity of each person participating in or who was present during or otherwise heard such communication; the complete

3

substance  of each statement attributed to each person in the sequence that the statements took place, or to the extent the foregoing particulars are not known or subject to reasonable ascertainment, the subject matter of such communication and as many of the requested particulars as are known or ascertainable; and identify, in accordance with the prior definitions herein, all documents which may have been prepared on the basis of, as a consequence of, or which contain information relative to the specific details, subject matter or substance thereof.

6.     When asked to describe or for the description of any act, occurrence, occasion, conference, discussion, instance or event, set forth the date, time, and place thereof; the identity of each person who participated therein, or was a witness thereto; in chronological sequence, the actions, statements, utterances, and course of conduct of each such person, together with anything else that transpired; and the identification of each communication or document which refers thereto, or which was prepared or made during the course thereof, or as a result thereof.

7.     The term "communication" or "communicate" includes or requests information relating to all oral communications and documents (as hereinabove defined), whether or not any such document, or the information contained therein, was transmitted by its author to any other person.

8.     The term "Services" are defined to mean useful labor; the performing of any business function auxiliary to production or distribution; the repair and/or maintenance of goods; and the performance of labor at the request and for the benefit of another.

9.     The term "Transfer" refers to any sale, gift, exchange, conveyance, including a conveyance of funds, or the creation of a lien or encumbrance, whether voluntary or involuntary.

10.     The term "Consideration" means anything of value given in exchange.

**Unless otherwise stated, the date range for each interrogatory commences at January 1, 2021 and continues through present.**

        **O'NEILL & GILMORE**
        **LAW OFFICE, LLC**
        City Towers, Suite 1701
        252 Ponce de León Avenue
        San Juan, Puerto Rico 00918
        Phone:  787/620-0670
        Fax:     787/620-0671
        Email:    cpg@go-law.com

        By:  _/s/  Charles P. Gilmore_____
        Charles P. Gilmore, Esq.
        USDC No. 209614

**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone:  856-651-1600
Fax:      856-651-1615
Email:    wwolf@goldbergwolf.com


By: _/s/ Warren S. Wolf _____
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice

## INTERROGATORIES

1. For all persons with knowledge or that you know to have knowledge relating to any of the claims, defenses and allegations in this matter, please state the following: a) their full name, and any other names, including maiden and nick names, by which they have been known; b) their last known address, and c) their telephone number.

   ANSWER:

2. For each person identified in answer to the preceding interrogatory, state all facts within each person's knowledge or purported knowledge.

   ANSWER:

3. State each and every fact you contend supports each of your affirmative defenses asserted in this case.  Identify each person with knowledge of such fact and identify and attach to these answers to interrogatories all documents referring, relating or pertaining to such fact.

   ANSWER:

5. Identify your location, in Puerto Rico or otherwise, at the start of <u>each day</u> from April 6, 2023 through October 6, 2023.  Provide all documents evidencing such location.

ANSWER:

6. Describe all actions undertaken by you to change your residence to Puerto Rico, including dates of each action taken.

ANSWER:

7. Identify the dates of all travel to and from Puerto Rico, stating origin or destination, from April 6, 2023 to present, and provide a copy of records of all travel.

ANSWER:

8. Describe all business conducted and service performed (whether voluntary or paid) in New Jersey, during calendar year 2023, stating the date and purpose for each.

ANSWER:

9. Describe all business conducted and services performed (whether voluntary or paid) in Puerto Rico, From January 1, 2023 through present, stating the date and purpose for each.

ANSWER:

10. From January 1, 2023 to present, identify the name and addresses of all construction projects on which you have performed any of the following services, and for whom services were performed:  construction or construction contracting services, carpentry, woodwork, remodeling, renovation, preparing contracts and proposals, negotiations for contracts or work, instructing others in work to be performed, hiring or managing the work of subcontractors, applying for construction permits, coordinating or arrange for inspections, attending inspections, ordering or purchasing supplies, or the management aspects of any project requiring the foregoing, whether on your own behalf or on behalf of others.

ANSWER:

11. Identify all persons whom you expect to call at trial as an expert witness, and, as to each, provide all written reports and a summary of any oral reports, along with curriculum vitae, and any records reviewed or relied upon by such expert.

ANSWER:

12. Provide an accounting of all payments received for work performed at 648 Lippincott Avenue, Moorestown, New Jersey 08057 (the "Lippincott Project") on any date, whether or not such payments were deposited into your own accounts or the accounts of another.

ANSWER:

13. State the current location of all funds received for work performed at the Lippincott Project.

ANSWER:

14. Describe the disposition of the July, 2023 check # 2881, in the amount of $3,610.00, made on the Lippincott Project, identifying the bank into which such check was deposited, the account holder, and the date of the deposit:

ANSWER:

15. Provide an accounting of all payments received for work performed at 216 Laurel Lane, Mount Laurel, New Jersey  (the "Myers Project") on any date, whether or not such payments were deposited into your own accounts or the accounts of another.

ANSWER:

16. State the current location of all funds received for work performed at the Myers Project.

ANSWER:

17. Identify the substance of each Transfer (including any transfer of money) made <u>by you</u> to Andrew Malik or MC Remodeling, LLC, since January 1, 2021, stating what was transferred.

ANSWER:

18. Identify the substance of each Transfer (including any transfer of money) made <u>to you</u> by Andrew Malik or MC Remodeling, LLC, between January 1, 2021, stating what was transferred.

ANSWER:

10

19. Identify the substance of each Transfer (including any transfer of money) made <u>to you</u> to Moorestown Construction, LLC between January 1, 2021 and present, stating what was transferred for each.

ANSWER:

20. Identify the substance of each Transfer (including any transfer of money) made <u>by you</u> by Moorestown Construction, LLC between January 1, 2021 and present, stating what was transferred.

ANSWER:

21. Identify the substance of each Transfer (including any transfer of money) made by you to Karen Malik, between April, 2022 and present, stating what was transferred.

ANSWER:

22. Identify your interest in the property located at 325 Delaware Avenue, Delanco, New Jersey, otherwise known as 308 Second Street, Delanco, New Jersey, or with its owner entity, 325 Delaware Avenue, LLC, at any and all times.

ANSWER:

23. Identify all payments or other things of value you received from MC Remodeling, LLC since January 1, 2021, stating date and amount of each.

ANSWER:

24. Explain why you were an authorized signer on the bank accounts of MC Remodeling, LLC, and identify the reason for each access to and use of such accounts at any time.

ANSWER:

25. State the name, address and relationship or affiliation to you of all persons who assisted or contributed to answering these Interrogatories or with whom you consulted in answering these Interrogatories, and specify the Interrogatories on which they assisted or contributed answers or the Interrogatories about which you consulted them; and also state the date or dates that these Interrogatories were answered, including all amendments thereto.

ANSWER:

# INDIVIDUAL VERIFICATION

STATE OF                         )

     ss.

COUNTY OF                        )

_____, being duly sworn according to law upon his oath, deposes and says:

1.     I am  the Debtor in the above-entitled action and am authorized to sign this certification.

2.     I have read the annexed Interrogatories and the answers to them.  I certify that the statements made in answer to the attached Interrogatories are true.  I am aware that if any of the statements made in answer to the attached Interrogatories are willfully false, I am subject to punishment for contempt of Court.

3.     I further certify that I have attached exact copies of the entire written report or reports or a complete summary of any oral report or reports rendered by my expert witness or witnesses. I further certify that the existence of other reports, whether written or oral, are unknown to me and if such become later known or available, I shall serve them promptly on the party who propounded these Interrogatories.

By:    _____
     (signature)

Sworn to and Subscribed
before me this _____ day
of _____, 20__.

_____
Notary Public

13

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |
| EARL GEERTGENS AND TAMA GEERTGENS | Adversary Proceeding No.  24-00015-ESL |
| v. | **REQUEST FOR PRODUCTION OF DOCUMENTS TO RIC F. MALIK** |
| RIC F. MALIK., | |
| Debtor. | |

TO:   Frederic Chardon Dubos, Esq.
      Frederic Chardon Dubos Law Office
      A Debt Relief Agency
      P.O. Box 1797
      Carolina, Puerto Rico, 00984-1797
      Attorney for Debtor

Plaintiffs, Earl and Tama Geertgens ("Plaintiffs"), demand that the Defendant, Ric F. **Malik** ("Defendant"), provide pursuant to Bankruptcy Rule 7034 within thirty (30) days of service hereof a written response to this Request for Production of Documents and produce for inspection and copying at the O'Neill & Gilmore Law Office, LLC, City Towers, Suite 1701, 252 Ponce de León Avenue, San Juan, Puerto Rico 00918 all of the documents listed below.

## DEFINITIONS

1.      "Documents" means the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, of all writing; papers, computer disks; voice-mails; e-mails; audiotapes; videotapes; films; photographs; graphic or aural records or representations of any kind; microfiche; microfilm; electronic, mechanical or

electrical records or representations of any kind; data processing cards; punch cards; or transcriptions of the foregoing; including but not limited to, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, tests, studies, checks, negotiable instruments, statements, receipts, summaries, pamphlets, books, prospectuses, certificates, drawings, plans, communications, depositions, notations of conversations, telephone calls, meetings or other communications or portions thereof, bulletins, other printed matter, newspapers, magazines, publications, articles, press releases, computer printouts, teletypes, telecopies, invoices, ledgers, worksheets, pleadings of any type or kind, arbitration or litigation discovery materials, and transcripts of testimony (whether at depositions, hearings, or trial), as well as all drafts, alterations, modifications, changes and amendments of any of the foregoing.

2.      The term "communication" shall include, without limitation, any meeting, conference, conversation, negotiation, oral or written exchange, or other form of communication, whether face-to-face, by telephone, telecopier, letter or any other means.

3.      The term "person" or "individual" means any natural person, legal person, governmental entity (or agency thereof), quasi-public entity, or other form of entity, corporation, partnership, trust, unincorporated association, or other entity of any description.

4.      The terms "refers" or "relate to", "referring" or "relates" or "relating" include, but are not limited to, the following meanings: bearing upon, concerning, addressing, respecting, regarding, discussing, mentioning, describing, reflecting, responding to, identifying, constituting, pertaining to, having to do with, or being in any way relevant to the given subject.

5.      "Anyone acting on your behalf" means all persons including your agents, employees, insurance company, and their agents or employees, your attorneys, investigators or consultants.

6.      The term "you" or "your" refers to the party to which this request is directed.

7.      The term "transfer" refers to any assignment, pledge, conveyance, sale, transfer, mortgage, encumbrance, gift, grant of a security interest, issuance of a participation interest, or other disposition, either directly or indirectly, by operation of law or otherwise.

## INSTRUCTIONS

1.      The documents produced pursuant to this Request shall be separately identified according to each paragraph to which they relate.

2.      If any document is withheld because of an asserted attorney-client work product or another privilege or right, the party claiming the privilege or right shall: (1) state the privilege or right being asserted; (2) identify the document in writing; (3) hold it separately; and (4) retain it intact, subject to and pending a rule by court as to the claimed privilege or right. For purposes of this instruction, to identify a document means to state: (a) its type (for example, letter, memorandum, report, etc.); (b) its title; (c) its date; (d) the number of pages thereof; (e) its subject matter; (f) the identity of its author, drafter or any person who participated in its preparation; (g)

2

the identity of its addressee or recipient; and (h) the identity of each person whom copies were sent and each person by whom copies were sent.

3.      You have a continuing obligation to update the documents supplied in response to this request, and to serve such supplemental documents promptly.

**5.      If not otherwise stated, the date range for each request is January 1, 2021 through present.**

**O'NEILL & GILMORE
LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone:  787/620-0670
Fax:      787/620-0671
Email:    cpg@go-law.com

By:   /s/   Charles P. Gilmore
Charles P. Gilmore, Esq.
USDC No. 209614

**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone:  856-651-1600
Fax:      856-651-1615
Email:    wwolf@goldbergwolf.com

By:   /s/ Warren S. Wolf
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice

3

## DOCUMENT REQUEST

1.    All documents referred to in answering interrogatories in this case.

2.    All documents requested by correspondence to your counsel dated February 23, 2024, memorializing documents requested at your 2004 examination.

3.    All documents referring or relating to, or forming the factual basis for, the denial of any allegation in Plaintiff's complaint.

4.    All documents referring or relating to any affirmative defense asserted in response to Plaintiff's complaint.

5.    All documents identifying your physical location during each of the 180 days preceding filing of your bankruptcy petition.

6.    All invoices for any cell phone utilized by you during the 180 days preceding filing of your bankruptcy petition.

7.    All documents referring or relating to relocation to Puerto Rico as your residence.

8.    All documents referring or relating to any travel between Puerto Rico and any other state or country, from January 1, 2022 to present.

9.    A true copy of your social security card.

10.   A true copy of each and every drivers licensed held by you since January 1, 2022.

11.   All documents evidencing any loan from Jack Malik.

12.   All documents identifying all income you have received from any source, from January 1, 2018 to October 6, 2023.

13.   All documents identifying all payments received by Moorestown Construction, LLC received from any source, from January 1, 2018 to October 6, 2023.

14.   A true copy of each and every promissory note or mortgage on property at 327 Delaware Avenue, Delanco, New Jersey.

15.   A current statement of account for any promissory note or mortgage on property at 327 Delaware Avenue, Delanco, New Jersey.

16.   A true copy of each and every promissory note or mortgage on property at 325 Delaware Avenue, Delanco, New Jersey (otherwise known as 308 Second Street, Delanco, New Jersey).

17.   A current statement of account on any promissory note or mortgage on property at 325 Delaware Avenue, Delanco, New Jersey (otherwise known as 308 Second Street, Delanco, New Jersey).

18. Credit card statements from any credit card account or debit card account owned or used by within 180 days prior to filing of your petition.

19. Records of all payments made to any judgment creditor listed in your petition.

20. All payments made to Law Offices of Mark J. Molz after January 1, 2023.

21. Any application for a home improvements contractor's license or registration by any company you have owned or operated, at any time.

22. Any home improvement contractor's license or registration held by you, or by any company you have owned or operated, at any time.

23. Any business license or registration held by you, at any time, other than a home improvement contractor's license.

24. Any proof of ownership of any company you have owned, in whole or in part, since 2012, including but not limited to any formation documents, membership interest or stock certificate, or other evidence of ownership, including any tax return.

25. All documents referring, relating or pertaining to any transfer of an ownership or equity interest in any entity owned by you in whole or in part since 2012.

26. Documents identifying all telephone numbers owned or used by you individually, or through any business owned by you, since January, 2021.

27. Documents identifying all e-mail addresses or accounts used by you for any purpose, whether individually or on behalf of a company, since January, 2021.

28. All monies paid by you to:

    (a)    MC Remodeling, LLC.

    (b)    Andrew Malik

    (c)    Karen Malik

    (d)    Moorestown Construction, LLC

    (e)    R. Malik Contructions, LLC

    (f)    Any creditor of MC Remodeling, LLC.

29. All monies paid by Moorestown Construction, LLC to:

     (a)     MC Remodeling, LLC

     (b)     Andrew Malikk

     (c)     Karen Malik

     (d)     R. Malik Construction, LLC

     (e)     Any creditor of MC Remodeling, LLC

     (f)     Any creditor of yours.

30.     Any monies received by you from:

     (a)     MC Remodeling, LLC

     (b)     Andrew Malik

     (c)     Karen Malik

     (d)     R. Malik Construction, LLC

     (e)     Any customer of MC Remodeling, LLC

     (f)     Moorestown Construction, LLC

31.     All documents relating to any transfer of anything of value, between you and Andrew Malik.

32.     All documents relating to any transfer of anything of value, between Moorestown Construction, LLC and Andrew Malik.

33.     All documents relating to any transfer of anything of value, between Moorestown Construction, LLC and MC Remodeling, LLC.

34.     All documents relating to any transfer of anything of value, between you and Moorestown Construction, LLC.

35.     All documents relating to any transfer of anything of value, between you and R. Malik Construction, LLC.

36.     All documents relating to any transfer of anything of value, between you and MC Remodeling, LLC.

37.     All documents evidencing the purchase, sale or other disposition of any asset by Moorestown Construction, LLC.

38.     All documents referring, relating or pertaining to the disposition of the assets of Moorestown Construction, LLC.

39.    All documents evidencing the purchase, sale or other disposition of any asset by MC Remodeling, LLC

40.    All documents evidencing the purchase, sale or other disposition of any asset by R. Malik Construction, LLC.

41.    All documents evidencing the purchase, sale or other disposition of an asset by MC Remodeling, LLC.

42.    All e-mail communications with Moorestown Construction referring, relating or pertaining to any Services performed or to be performed.

43.    All text messages with any customer of any business referred to as Moorestown Construction, referring, relating or pertaining to any Services performed or to be performed.

44.    All text messages with any vendor of Moorestown Construction, referring, relating or pertaining to any Services performed or to be performed.

45.    All text messages with any customer of MC Remodeling, LLC, referring, relating or pertaining to any Services performed or to be performed.

46.    All text messages you have received from or sent to Andrew Malik.

47.    All photographs of any Project on which you have performed Services.

48.    All documents evidencing your qualifications to perform Services.

49.    Any transcript, diploma, certification, or other proof of education, certification, or professional qualification held by you.

50.    All websites, and any contract for website services, owned, operated or utilized by you, or by any business owned by you.

51.    All domain names, and any contract for domain name or e-mail accounts, owned, operated or utilized by you, or by any business owned or operated by you, and proof of payment for each.

52.    All documents identifying all titled vehicles owned, operated or utilized by you, or by any business owned or operated by you.

53.    All documents relating to the use of any vehicle by you.

54.    All insurance policies owned by Moorestown Construction, LLC, R Malik Construction, LLC, MC Remodeling, LLC, or by you individually.

55.    All documents relating to the ownership of any vehicle utilized by any business owned or operated by you.

7

56. All documents referring, relating or pertaining to any transfer to you of any assets, whether tangible or intangible, of Moorestown Construction, LLC.

57. All documents referring, relating or pertaining to any transfer to you of any assets, whether tangible or intangible, of R. Malik Construction, LLC.

58. A check register for all bank accounts owned or under the control of by Moorestown Construction, LLC.

59. All bank statements from all accounts owned or under the control of by Moorestown Construction, LLC from January 1, 2021 to present.

60. All records of invoices issued by Moorestown Construction, LLC from January 1, 2021 to present.

61. The general ledger of Moorestown Construction, LLC for 2021, 2022, and 2023.

62. All records of expenses paid by Moorestown Construction, LLC for 2021, 2022, and 2023.

63. List of cash receipts (revenue) received by Moorestown Construction, LLC for 2021, 2022, and 2023.

64. Profit and Loss Statement (Income Statement) for Moorestown Construction, LLC for 2021, 2022, and 2023.

65. Balance Sheet for Moorestown Construction, LLC for 2021, 2022 and 2023.

66. All subcontracts with any subcontractors hired by Moorestown Construction, LLC in 2021, 2022, or 2023.

67. The front and bank of each check received or paid by Moorestown Construction in 2021, 2022, or 2023.

68. A copy of the Freshbooks account data of Moorestown Construction.

69. All records evidencing expenses incurred and payments made by Moorestown Construction in calendar year 2021, for each of the following items listed on its Form 1120S:  S Corporation Tax Return:

    Bank Fees - $592

Truck Exp - $7,714
Communications/Phone - $9,269
Computer/Internet - $4,027
Promotion - $259
Dues & Memberships - $6,254
Finance Charges - $366
Equip Maintenance - $3953
Fuel - $5660
Insurance - $38,873
Marketing - $5,389
Employee Injuries - $439
Miscellaneous - $1,068
Office Expense - $660
Office Supplies - $1,637
Postage - $617
Professional fees - $2,480
Shop Utilities - $6,238
Other - $10,065
Travel - $7725
Website - $33,701

70.    Itemized records of the source(s) of income reported on your 2021, 2022, and 2023 Federal Tax Returns.

71.    All Forms 1099, W-2, and K-1 received for 2021, 2022, and 2023, including but not limited to the Form W-2 listed at line 25.a. on Form 1040 of 2021 tax return.

72.    All W-2 forms issued by Moorestown Construction, LLC for 2021 through 2023.

73.    All Form 1099s issued by Moorestown Constructions, LLC for 2021 through 2023.

74.    All W-2 or 1099 forms received from MC Remodeling, LLC for services performed in 2021 through 2023.

75.    All documents identifying any remuneration or other payment for services rendered, from any source, between 2021 and 2023.

76.    Each and every document in your possession, other than materials subject to the attorney-client privilege, relating to or arising from any New Jersey litigation in which you were a party, at any time.

77.    All documents referring, relating or pertaining to the Section 179 property referenced at IRS Form 4562, Depreciation and Amortization, listing "Tools" with a cost of $19,714, on the 2021 tax return of Moorestown Construction, LLC, including documents identifying (a) the asset(s) being depreciated; (2) proof of purchase for each, (3) any transfer of the asset out of Moorestown Construction, LLC;   (4) the recipient of the transfer; (5)

9

consideration received for any Transfer, and if no transfer documents are provided, documents identifying the disposition of such asset(s)..

78. As referenced in the Certificate of Dissolution and Termination filed by Moorestown Construction, LLC on or about September 12, 2023, provide all documents referring or relating to (1) any discarding of assets; (2) any application of assets to creditors; and (3) any distribution to members.

79. A current accounts receivable aging for Moorestown Construction, LLC.

80. Any formation documents for 325 Delaware Avenue, LLC at any time.

81. Any operating agreement for 325 Delaware Avenue, LLC, at any time.

82. Any corporate book for 325 Delaware Avenue, LLC, at any time.

83. Any change in management of 325 Delaware Avenue, LLC, at any time.

84. Any membership interest ledger for 325 Delaware Avenue, LLC, at any time.

85. Any documents referring, relating or pertaining to the Transfer of a membership or equity interest in 325 Delaware Avenues, LLC, at any time.

86. All documents evidencing your authority to sign as managing member of 325 Delaware Avenue, LLC, at any time.

87. Any tax return filed by or on behalf of 325 Delaware Avenue, LLC, at any time.

88. Any property taxes paid by or on behalf of 325 Delaware Avenue, LLC, at any time.

89. Any transfer of the property owned by 325 Delaware Avenue, LLC, at any time.

90. Any payment of expenses by or on behalf of 325 Delaware Avenue, LLC.

91. All documents identifying the outstanding balance due on the mortgage you gave for property located at 325 Delaware Avenue (otherwise known as 308 Second Street, Delanco, New Jersey).

92. All documents identifying the current value of property located at 325 Delaware Avenue, Delanco, New Jersey (otherwise known as 308 Second Street, Delanco, New Jersey).

93. All document identifying the current value of property located at 327 Delaware Avenue, Delanco, New Jersey.

94. All transactions you made at any time, relating or pertaining to 325 Delaware Avenue, LLC, or any of its property.

95. Any beneficial ownership interest filing made with FINCEN for 325 Delaware Avenue, LLC at any time.

96.    Documents sufficient to identify the physical location of business records of R. Malik Construction, LLC.

97.    Documents sufficient to identify the physical location of business records of Moorestown Construction, LLC.

98.    Documents sufficient to identify the physical location of business records of Malik Construction, Inc.

99.    All certificates or other proof of insurance issued to any customer by Moorestown Construction, LLC, Malik Construction, Inc. or R. Malik Construction, LLC..

100.    All tax returns, state and federal, filed by any entity in which you own an interest, from 2021 to present.

101.    An accounting of the operations of Moorestown Construction, LLC from April 25, 2022 to the date of its dissolution.

102.    All expert reports on which you will relay at the time of trial.

103.    All documents relied upon by any expert who will testify at the time of trial.

104.    All curriculum vitae of any expert who will testify at the time of trial.

105.    All photographs, videotapes, videos, recordings, sketches, drawings, or other images referring, relating or pertaining to any fact at issue in this matter.

106.    All statements (including any tape or recording thereof) referring, relating or pertaining to any fact or issue in this matter.

107.    All documents identified in response to or otherwise responsive to any interrogatory served by Defendant in this case.

108.    All documents, not already produced, referring, relating or pertaining to any claim or defense asserted by you in this matter.


Dated:  November 20, 2024

## **<u>CERTIFICATION</u>**

I, Ric F. Malik, hereby certify (or aver) that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify (or aver) that as of this date, to the best of my knowledge and information, the production is complete and accurate based on:

( ) my personal knowledge and/or

( ) information provided by others

I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them.

The following is a list of the identity and source of knowledge of those who provided information to me:

Dated: _____                    _____

                                                                    Ric F. Malik

# Exhibit B

LAW OFFICE OF

# GOLDBERG & WOLF, LLC

WARREN S. WOLF*
JORDAN B. GOLDBERG*+

\* MEMBER NJ & PA BARS
+CERTIFIED BY THE SUPREME COURT OF
  NEW JERSEY AS A WORKERS'
  COMPENSATION LAW ATTORNEY

1949 BERLIN ROAD
SUITE 201
CHERRY HILL, NEW JERSEY
08003
_____
856-651-1600
FAX 856-651-1615

February 28, 2025

**VIA EMAIL (fcdlaw2025@outlook.com,**
**fcdlaw2020@gmail.com;**
**chardon-dubos.fredericb115451@notify.bestcase.com)**
**AND FIRST CLASS MAIL**

Frederic Chardon Dubos, Esq.
Frederic Chardon Dubos Law Office
A Debt Relief Agency
P.O. Box 1797
Carolina, Puerto Rico, 00984-1797

      **Re:**    ***Geertgens v. Malik***
           ***Adversary Proceeding No.  24-00015-ESL***

Dear Mr. Chardon Dubos:

      Under letter dated November 20, 2024, we served Interrogatories, Request for Production of Documents and Request for Admissions directed to your client upon you.   Your client has not responded to any of these discovery requests. The Request for Admissions are now deemed admitted so there is no longer any need to respond to same.   Fed.R.Bank.P. 7036.

      However, we need your client's responses to the Interrogatories and Request for Production of Documents.   If we do not receive same within seven days, we will likely seek court intervention.   This letter is written in an effort to avoid motion practice.

      Should you have any questions, kindly contact us.

                Very truly yours,
                /s/ Warren S. Wolf
                Warren S. Wolf, Esquire
                GOLDBERG & WOLF, LLC

cc:    Charles P. Gilmore, Esq., via email
       Karen M. Murray, Esq., via email