RECEIVED AND FILED
PRO SE UPLOAD TOOL
04/09/2025 - 06:52 PM
USBC
(WRT)

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO**

In re:
**RIC F. MALIK**, Debtor
Chapter 7 – Case No. 23-03241-ESL7
Adversary Proceeding No. 24-00015-ESL

---

## DEBTOR'S REPLY TO CREDITOR'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. #82)

**TO THE HONORABLE JUDGE ENRIQUE S. LAMOUTTE:**

COMES NOW, Debtor **Ric F. Malik**, *pro se*, and respectfully states:

---

## 1. Compliance Effort

Debtor has submitted responses in good faith, under challenging circumstances. These efforts were filed as a Certification on March 18, 2025 (Dkt. #78). At that time, Debtor had recently discovered the existence of an arrest warrant issued in New Jersey in 2023 — a warrant that was never properly served — allegedly obtained through the efforts of Attorney Karen Murray, regarding records that did not exist at the time and still do not exist today.

These efforts, undertaken despite limited access and personal challenges, align with the spirit of discovery obligations as interpreted by courts.

> *"Discovery sanctions should not be imposed where the failure to comply is due to inability rather than willfulness or bad faith."*
> — *In re Harris*, 204 B.R. 622, 624 (Bankr. E.D. Mo. 1997)

---

## 2. Geographic & Logistical Barriers to Compliance

Debtor resides on the remote island of Vieques, Puerto Rico, which requires a two-day trip to reach New Jersey. Any document retrieval in New Jersey not only requires costly and time-consuming travel, but also brings Debtor into contact with his estranged and emotionally distressed spouse, who is currently undergoing therapy and medical treatment. Due to her condition, she is unable to travel to Puerto Rico, and Debtor's ability to remain in New Jersey for extended periods is further limited.

Despite these obstacles, Debtor remains committed to cooperating with discovery in good faith.

> *"Where compliance with discovery obligations is hindered by legitimate logistical or personal barriers, courts may exercise discretion to avoid unduly punitive outcomes."*
> — *In re Pierre*, 576 B.R. 1, 13 (Bankr. D. Conn. 2017)

### 3. Nature of Response Format

Debtor grouped responses by subject matter to streamline review and reduce redundancy. Although the format did not directly match the numbered requests, Debtor intended to provide complete answers and offered contextual explanations. If the Court prefers itemized, point-by-point responses, Debtor is willing to reformat accordingly. Debtor is also open to a scheduling conference or call to coordinate how best to comply with the Court's expectations.

### 4. Document Access & Limitations

Many of the documents requested are no longer in Debtor's custody, or never existed. Some relate to now-defunct entities such as Moorestown Construction, LLC and R. Malik Construction, LLC. For example, bank records for Moorestown Construction were obtained by Attorney Murray via subpoena to Republic Bank *after* the bankruptcy stay was in effect. Tax documents related to these businesses are also unavailable.

Debtor has nevertheless produced all documents currently in his possession, including tax returns, a truck title, and a housing lease.

> *"A debtor cannot be penalized for failing to produce documents that are no longer in their possession, custody, or control, so long as they make a good faith effort to explain and disclose what is available."*
> — *In re Giquinto*, 388 B.R. 152, 165 (Bankr. E.D. Pa. 2008)

### 5. Rebuttal of Bad Faith Allegations

Allegations of bad faith are strongly denied. Debtor has:

- Filed sworn declarations (including the declaration titled *"Work Performed for the Geertgens and Subsequent Legal Issues"*);
- Provided extensive background and explanations regarding the unavailability of documents;

- Demonstrated willingness to comply with the Court and to work toward an organized response format;
- Continued to engage respectfully in these proceedings despite logistical and personal hardship.

*"The purpose of Rule 37 is to deter conduct that is not substantially justified—not to punish parties who are acting in good faith but face difficulties outside of their control."*
— *In re Odom*, 313 B.R. 464, 467 (Bankr. N.D. Ga. 2004)

## 6. Request for Scheduling Conference and Additional Time

If the Court deems further responses necessary, Debtor respectfully requests a scheduling conference or informal discovery meeting to clarify expectations. Debtor further requests a 14-day extension to reorganize and supplement responses in accordance with the format outlined by Creditors in their letter dated April 1, 2025 (Dkt. #82, Exhibit A).

## PRAYER FOR RELIEF

WHEREFORE, Debtor respectfully requests that the Honorable Court:

1. Acknowledge Debtor's prior discovery certification (Dkt. #78) as a good-faith attempt at compliance;
2. Deny any request for sanctions or adverse inference at this time;
3. Alternatively, schedule a discovery conference and grant Debtor an additional 14 days to supplement responses in the requested format.

Respectfully submitted,
**Ric F. Malik**
PO Box 756
Vieques, PR 00765
Email: ricmalik3@gmail.com
Phone: 787-530-7799

Dated: April 9, 2025