## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No. 23-03241-ESL7 |
| RIC F. MALIK., | Chapter 7 |
| Debtor. | |
| EARL GEERTGENS AND TAMA GEERTGENS | Adversary Proceeding No. 24-00015-ESL |
| v. | |
| RIC F. MALIK., | |
| Debtor. | |

**MOTION TO RECONSIDER ORDER GRANTING LEAVE TO
SERVE DISCOVERY REQUESTS UPON NON-PARTY**

**TO THE HONORABLE COURT**:

COMES NOW, creditors Earl Geertgens and Tama Geertgens ("ETG"), represented by the undersigned legal counsel, and respectfully states as follows:

1. ETG seeks reconsideration of the Court's order allowing issuance of discovery requests by Debtor, acting in his pro se capacity, as requests for production of documents directed to a non-party, as if such individual were a party to the case.

2. Debtor files with the Court purported correspondence to Karen M. Murray, Esq. who is neither counsel in this case, nor a party in the case, seeking the "disclosure" of certain documents in accordance with Fed. R. Civ. P. 26, 24, and Bankr. R. Civ. P. 7026 and 7034.

3. Ms. Murray, as neither party nor counsel of record, is not subject to discovery pursuant to these rules.

4. The Federal Rules and the Bankruptcy Procedural Rules apply equally and are limited in their application. They apply to discovery requests made between parties to the case. Rule 34 provides that "A party may serve **on any other party** a request within the scope of Rule 26(b)". Bankr. R. Civ. P 7034 merely applies Fed R. Civ. P. 34 in adversary proceedings.

5. Debtor has not right to discovery on notice to a third party, pursuant to the rules cited.

6. Even if the proposed discovery requests are re-formulated and re-served against parties Earl and Tama Geertgens, they remain deficient, and re-service should be denied, because the requests do not fall within the bounds of proper discovery.

7. Specifically, the Debtor claims that such discovery requests are served *"to evaluate potential claims for abuse of process, harassment, or violations of applicable discovery rules."* This is an inappropriate use of the discovery process.

8. Discovery is limited to nonprivileged matters relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P 26(b). The purposes for the purported discovery requests filed with the Court fall outside of those boundaries. They do not relate to any pending claims or defenses. These should be barred as an inappropriate "fishing expedition" seeking to identify new claims, rather than discovery relevant to those which have been pled. Bonner v. Triple-S Mgmt. Corp., 68 F.4th 677, 685 (1st Cir. 2023), cert. denied, 144 S. Ct. 1003 (2024); U.S. ex rel. Duxbury v. Ortho Biotech Prods., L.P., 719 F.3d 31, 38 (1st Cir. 2013) (limiting discovery to factually supported allegations of the pleadings); In re Amezaga, 195 B.R. 221, 225 (Bankr. D.P.R. 1996) (Rule limiting discovery on basis of "relevancy require that the information sought be relevant to the subject matter of the pending action").

9. As admitted, Debtor seeks discovery for purposes of determine whether new and additional claims might be available based upon conduct in prior court proceedings, to which he is not a party, and not on matters presently existing in this case or even related thereto. Rule 26 does not allow use of the discovery rules for such proposes, nor is it appropriate to utilize discovery in this proceedings as a spring-board for other potential claims.

10. The discovery requests should not have been filed with the Court. They are wasteful of the parties' and the Court's time.

11. The requests made are also deficient on an individualized basis, in that they are vague, vastly overbroad, not properly time-limited, wholly irrelevant, unduly burdensome, seek materials protected by the work product and attorney clients' privileges, and seek materials to which Debtor had direct access as an adverse party litigant in historic trial court proceedings.

12. Finally, ETG objects to the filing of pleadings by Debtor on a *pro se* basis, despite the existence of counsel of record, who presently represents his interests. The filing is wholly improper and should be stricken from the docket.

WHEREFORE, ETG respectfully requests the Court reconsider the Order dated April 24, 2025 (Dkt # 87) and vacate its order granting leave to pursue third party discovery on notice to a non-party.

RESPECTFULLY SUBMITTED

In San Juan Puerto Rico, this day of April 29, 2025.

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional 3 days pursuant to F.R.B.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve

and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may, in its discretion, schedule a hearing.

I HEREBY CERTIFY that a true and correct copy of the foregoing has filed with the Clerk of the Court using the CM/ECF System, which will send notification to all CM/ECF participants.

**O'NEILL & GILMORE**
**LAW OFFICE, LLC**
City Towers, Suite 1701
252 Ponce de León Avenue
San Juan, Puerto Rico 00918
Phone: 787/620-0670
Email: cpg@go-law.com

By: /s/ Charles P. Gilmore
    Charles P. Gilmore, Esq.
    USDC No. 209614

**GOLDBERG & WOLF, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, New Jersey 08003
Phone: 856-651-1600
Fax: 856-651-1615
Email: wwolf@goldbergwolf.com

By: /s/ Warren S. Wolf
Warren S. Wolf, Esq.
Co-counsel admitted Pro Hoc Vice