# UNITED STATES BANKRUPTCY COURT DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK,
Debtor

Chapter 7
Case No. 23-03241-ESL7

*RECEIVED AND FILED*
*PRO SE UPLOAD TOOL*
*04/30/2025 - 04:32 PM*
*USBC*
*(WRT)*

---

EARL GEERTGENS AND TAMA GEERTGENS,
Plaintiffs,

v.

RIC F. MALIK,
Defendant.

Adversary No. 24-00015-ESL

## DEBTOR'S OBJECTION TO MOTION TO RECONSIDER ORDER GRANTING LEAVE TO SERVE DISCOVERY REQUESTS (Dkt. #89)

TO THE HONORABLE COURT:

NOW COMES Debtor-Defendant, Ric F. Malik, pro se, and respectfully submits this objection to the Motion to Reconsider Order Granting Leave to Serve Discovery Requests (Dkt. #89) filed by Plaintiffs Earl and Tama Geertgens. In support thereof, Debtor states as follows:

---

## I. INTRODUCTION AND PROCEDURAL HISTORY

1. On April 24, 2025, this Honorable Court granted Debtor's motion for leave to serve discovery requests upon non-party Karen M. Murray (Dkt. #87).

2. On April 29, 2025, Plaintiffs moved for reconsideration, arguing that the Court improperly authorized discovery under Federal Rules of Civil Procedure 26 and 34, claiming such rules apply only to parties, and that Debtor's request is irrelevant and improper (Dkt. #89).

3. Plaintiffs' motion fails to meet the standard for reconsideration under Rule 59(e) or Rule 60(b) and instead attempts to relitigate issues already decided without new evidence or legal authority.

## II. LEGAL STANDARD FOR RECONSIDERATION

4. A motion for reconsideration under Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023, is granted only where there has been "a manifest error of law or fact" or newly discovered evidence. See *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005).

5. Plaintiffs have not presented new facts, controlling law, or manifest error that would justify reconsideration. Instead, they simply disagree with the Court's decision.

## III. SCOPE OF DISCOVERY UNDER RULES 26 AND 34

6. Plaintiffs argue that Rules 26 and 34 do not apply to non-parties. While Rule 34 governs discovery from parties, third-party discovery is routinely obtained via subpoena under Rule 45.

7. The Court's Order (Dkt. #87) granted Debtor leave to issue discovery requests and did not limit the mode of service or scope of discovery to Rules 34 or 26 exclusively. To the extent Rule 34 is inapplicable, the Court may construe the authorization as leave to issue a Rule 45 subpoena. See *In re Subpoena to Vargas*, 2023 WL 4561482 (D.P.R. 2023).

8. Furthermore, the scope of permissible discovery under Rule 26(b)(1) includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Courts broadly construe relevance at the discovery stage. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

## IV. RELEVANCE OF THE DISCOVERY REQUESTS

9. The discovery sought relates directly to issues in this adversary proceeding and the underlying case, including:

    - Enforcement actions by Ms. Murray as counsel for Plaintiffs that overlap with alleged violations of the automatic stay;

    - Her role in executing or directing actions post-petition in New Jersey against co-defendants or affiliated entities;

    - The procedural conduct of Plaintiffs and their agents relevant to defenses under 11 U.S.C. §§ 362, 727(a), and 523(a).

10. The requests are tailored to address whether there has been misconduct by the Plaintiffs' counsel that undermines the fairness of the proceedings and supports Debtor's affirmative defenses.

11. These are not "new claims" or fishing expeditions, but discovery reasonably calculated to obtain evidence related to the Plaintiffs' alleged abuse of process and efforts to circumvent the automatic stay.

## V. ANTICIPATED ATTACK REGARDING DEBTOR'S OWN DISCOVERY RESPONSES

12. Plaintiffs may argue that Debtor should not be permitted to seek discovery while their own requests remain allegedly unanswered. Debtor respectfully submits that he has acted in good faith and has made efforts to comply, or to clarify and respond to, outstanding discovery requests to the extent possible given document limitations, relocation to Puerto Rico, and lack of legal representation. These issues have been addressed in prior filings, including Debtor's responses to Orders to Show Cause.

13. The discovery sought by Debtor is narrow in scope and pertains to third-party conduct directly affecting his legal rights and defenses, whereas Plaintiffs' broad document demands remain the subject of ongoing clarification and reformatted compliance.

14. Debtor should not be barred from exercising his right to conduct discovery—especially where the request seeks to uncover potential misconduct by those influencing the course of this litigation. Courts recognize that discovery rights are not forfeited by procedural delays where good faith and proportionality remain intact. See *In re BLD Realty Inc.*, No. 22-00802(MCF), 2024 WL 2885584, at *3 (Bankr. D.P.R. June 7, 2024).

## VI. PRO SE LITIGANT ENTITLEMENT TO DISCOVERY

15. Debtor, having been granted leave to proceed pro se (Dkt. #72), is entitled to conduct discovery subject to the Federal Rules. *Haines v. Kerner*, 404 U.S. 519 (1972), emphasizes that courts must construe pro se filings liberally and ensure access to fair process.

16. As of the filing of this objection, the Court has held in abeyance the final determination regarding Debtor's pro se status pending certain procedural certifications, which Debtor is actively complying with.

17. In the absence of representation, denial of discovery rights would effectively bar Debtor from defending himself.

## VII. CONCLUSION

18. Plaintiffs have failed to present valid grounds for reconsideration. Their motion is an attempt to obstruct relevant discovery and prevent scrutiny into their own conduct and the role of their counsel.

WHEREFORE, Debtor respectfully requests that this Honorable Court:

A. Deny Plaintiffs' Motion for Reconsideration (Dkt. #89);

B. Confirm Debtor's right to serve discovery requests upon Karen M. Murray pursuant to the Court's prior Order (Dkt. #87), including under Rule 45 if necessary;

C. Grant such other and further relief as is just and proper.

Respectfully submitted,

Ric F. Malik
Pro Se Debtor-Defendant
PO Box 756
Vieques, PR 00765
Email: ricmalik3@gmail.com
Phone: 787-530-7799

DATED: April 30, 2025