**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

---

**IN RE:**
**RIC F. MALIK,**
Debtor

Case No.: 23-03241-ESL7
**Chapter 7**

**EARL AND TAMA GEERTGENS,**
Plaintiffs

v.

**RIC F. MALIK,**
Defendant

Adv. Proc. No.: 24-00015-ESL

*RECEIVED AND FILED*
*PRO SE UPLOAD TOOL*
*05/03/2025 - 04:53 AM*
*USBC*
*(WRT)*

---

# DEBTOR'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE (DOCKET #88)

TO THE HONORABLE COURT:

NOW COMES Debtor and Defendant, **Ric F. Malik,** pro se, and respectfully states as follows in opposition to Plaintiffs' "Motion to Strike Document" filed on April 21, 2025 (Dkt. #88):

---

## I. INTRODUCTION

Plaintiffs Earl and Tama Geertgens ("Plaintiffs") have filed a Motion to Strike my April 21, 2025, submission. This filing was made in response to the Court's March 27, 2025 Order (Dkt. #72), the Plaintiffs' March 26, 2025 response (Dkt. #82), and in compliance with directives to clarify my pro se status and efforts to comply with discovery obligations. Plaintiffs now attempt to strike that filing by invoking **Fed. R. Civ. P. 12(f)** (made applicable via Fed. R. Bankr. P. 7012(f)). The motion should be denied because the filing was proper, responsive, not prejudicial, and made in good faith by a pro se litigant who had to resume self-representation following counsel's non-compliance and withdrawal.

## II. PROCEDURAL BACKGROUND

1. On March 27, 2025, this Court entered an Order (Dkt. #72) holding my motion to proceed pro se in abeyance and requiring:

    - Clarification of my intent to proceed pro se in Adversary No. 24-00015-ESL; and
    - Certification of my mailing and email address.

2. I timely complied with both instructions and filed my pro se response on April 21, 2025 (Dkt. #87), which also responded to the concerns raised by Plaintiffs in their filing at Dkt. #82.

3. Plaintiffs now move to strike this response, erroneously characterizing it as an unauthorized pleading.

## III. LEGAL STANDARD

**Rule 12(f)** permits the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *See* **Fed. R. Civ. P. 12(f)**.

However, courts generally disfavor motions to strike and grant them **only where the material is both (1) irrelevant and (2) prejudicial.** *See*:

- **Tower Ventures, Inc. v. City of Westfield**, 296 F.3d 43, 47 (1st Cir. 2002) ("A motion to strike is a drastic remedy and is generally disfavored.")

- **United States v. 729,571.85 of Funds Seized from Firstar Bank**, 306 F. Supp. 2d 1157, 1160 (C.D. Cal. 2004) (Rule 12(f) motions "should not be granted unless the matter has no possible bearing on the controversy").

## IV. ARGUMENT

### A. The April 21 Filing Was a Procedurally Appropriate Response

Contrary to Plaintiffs' assertion, my April 21, 2025 response is **not** a new or amended pleading. It is a response to:

- The Court's directive (Dkt. #72);
- Plaintiffs' own discovery and procedural accusations (Dkt. #82);
- My request for a scheduling conference and extension (as per standard practices in pro se accommodations).

Responses to orders and discovery disputes **are not "pleadings"** within the meaning of Fed. R. Civ. P. 7(a), and therefore **Rule 12(f) does not apply.** *See* **Yount v. Acuity**, No. CV-07-1062, 2007 WL

2743494, at *1 (D. Ariz. Sept. 18, 2007); **Doe v. Bd. of Educ. of Consolidated Sch. Dist. 230**, 888 F. Supp. 1228, 1231 (N.D. Ill. 1995).

### B. The Filing Was Made in Good Faith by a Pro Se Litigant

I resumed pro se status only after my former attorney, Frederic Chardon Dubos, failed to comply with the court's March 5, 2025 order (Dkt. #62). I have made every effort to comply with the court's instructions and to respond to Plaintiffs' arguments, despite logistical and technical challenges as a self-represented debtor residing in Vieques, Puerto Rico.

Courts are particularly **lenient with pro se litigants** regarding procedural compliance. *See*:

- **Haines v. Kerner**, 404 U.S. 519, 520–21 (1972) (pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers");
- **Traguth v. Zuck**, 710 F.2d 90, 95 (2d Cir. 1983) (courts "must make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights").

### C. There is No Prejudice to Plaintiffs

Plaintiffs have failed to show **any prejudice** caused by my filing. They continue to have the opportunity to respond to my arguments and discovery responses, and have in fact filed multiple detailed motions in response.

Striking my April 21 filing would unjustly prevent me from responding to allegations made against me and would not serve the interests of justice.

### D. Plaintiffs Are Attempting to Weaponize Rule 12(f)

Rule 12(f) is not a tool for silencing opposing parties or shielding the court from inconvenient facts. It should not be invoked to **avoid judicial review of legitimate filings**. *See*:

- **Lunsford v. United States**, 570 F.2d 221, 229 (8th Cir. 1977) ("Motions to strike under Rule 12(f) are viewed with disfavor and are infrequently granted").
- **Jones v. Bank of America, N.A.**, No. 3:12-CV-419, 2013 WL 5657701 (M.D. Ala. Oct. 15, 2013) (refusing to strike pro se litigant's filing that responded to court directives).

---

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, I respectfully request this Honorable Court:

1. **DENY** Plaintiffs' Motion to Strike (Dkt. #88);
2. Accept my April 21, 2025 filing (Dkt. #87) as a valid response to court directives and Plaintiff's March 26 filing;
3. Continue to permit me to proceed **pro se** in both the main and adversary proceedings;

4. Grant any other relief the Court deems just and proper.

Respectfully submitted,
In Vieques, Puerto Rico, this 3 day of May, 2025.

/s/ **Ric F. Malik**
Ric F. Malik,
Debtor-Defendant, *pro se*
756 Vieques, PR 00765
Email: ricmalik3@gmail.com
Phone: 787-530-7799