B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
### District of Puerto Rico

| | |
|---|---|
| In re RIC F. MALIK<br>Debtor | Case No. 23-03241-ESL7 |
| *(Complete if issued in an adversary proceeding)* | Chapter 7 |
| EARL GEERTGENS AND<br>TAMA GEERTGENS<br>_____<br>Plaintiff<br>v.<br>RIC F. MALIK<br>_____<br>Defendant | Adv. Proc. No. 24-00015-ESL_____ |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Karen Malik, 327 Delaware Ave, Delanco, NJ 08075

*(Name of person to whom the subpoena is directed)*

**YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE: Goldberg & Wolf, 1949 Berlin Road, Suite 201, Cherry Hill, NJ 08003 | DATE AND TIME: October 1, 2025 at 10am |
|---|---|

The deposition will be recorded by this method: stenographer, audio and video

You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached list of documents on Schedule A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: 8/19/25

/s/ *Charles P. Gilmore, Esq.*
Charles P. Gilmore, Esq.


/s/ *Warren S. Wolf, Esq.*
Warren S. Wolf, Esq
*Co-counsel admitted Pro Hoc Vice*

The name, address, email address, and telephone number of the attorney representing *(name of party)* EARL GEERTGENS AND TAMA GEERTGENS , who issues or requests this subpoena, are:

>Charles P. Gilmore, Esq.
>**O'NEILL & GILMORE**
>**LAW OFFICE, LLC**
>City Towers, Suite 1701
>252 Ponce de León Avenue
>San Juan, Puerto Rico 00918
>Phone:  787/620-0670
>Fax:       787/620-0671
>Email:    cpg@go-law.com


>Warren S. Wolf, Esq.
>**GOLDBERG & WOLF, LLC**
>1949 Berlin Road, Suite 201
>Cherry Hill, New Jersey 08003
>Phone:  856-651-1600
>Fax:       856-651-1615
>Email:    wwolf@goldbergwolf.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A
DOCUMENT TO PRODUCE AT DEPOSITION

At the time of the deposition, you must produce all of the following documents that are within your possession, custody, or control. Where a date is not specified, the date range that applies is January 1, 2021 through present date.

1. Government issued photo identification.

2. All agreements made by you, to provide services of any kind to Ric Malik, MC Remodeling, LLC or Moorestown Construction, LLC, at any time.

3. All payments made to you, whether in money or by any other arrangement, by MC Remodeling, LLC or Moorestown Construction, LLC, at any time.

4. All tax documents received, including any W-2 forms, 1099 forms, K-1 forms, or other such documents evidencing income earned by you from January 1, 2021.

5. All contracts prepared by or on behalf of R. Malik Construction, LLC, Moorestown Construction, LLC or MC Remodeling, LLC between January 1, 2021 and present.

6. All executed contracts for services performed by R. Malik Construction, LLC, MC Remodeling, LLC or Moorestown Construction, LLC between January 1, 2021 and present, including any contracts for services to be performed in the future.

7. An itemized and detailed list of all debts, liabilities, or obligations of any kind or character of MC Remodeling, LLC. Said list shall further show the name and address of each counter-party/creditor, along with the current unpaid balance and monthly payments due on each such debt.

8. An itemized and detailed list of all debts, liabilities, or obligations of any kind or character of Moorestown Construction, LLC. Said list shall further show the name and address of each counter party/creditor, along with the current unpaid balance and monthly payments due on each such debt.

9. An itemized list of revenues received by MC Remodeling, LLC.

10. An itemized list of revenues received by Moorestown Construction, LLC.

11. A list of all assets owned by MC Remodeling, LLC at any time.

12. All documents relating to any asset owned by MC Remodeling, LLC.

13. All documents relating to any asset owned by Moorestown Construction, LLC at any time.

14. A list of all assets owned by Moorestown Construction, LLC at any time.

15. Invoices received or incurred, whether or not paid, by or on behalf of Moorestown Construction LLC from internet service providers, telephone companies, utility companies, web site providers, equipment lessors or rentals, equipment or auto financing or lenders, and insurance providers.

16. Invoice received or incurred, whether or not paid, by or on behalf of MC Remodeling LLC from internet service providers, telephone companies, utility companies web site providers, equipment lessors or rentals, equipment or auto financing and lenders, and insurance providers.

17. All insurance policies owned by Moorestown Construction LLC

18. All insurance policies owned by MC Remodeling LLC.

19. Documents identifying all equipment or autos owned or leased by Moorestown Construction LLC.

20. Documents identifying all equipment or autos owned or leased by MC Remodeling LLC.

21. Documents identifying all equipment or autos owned by any third party, and used by either Moorestown Construction, LLC or MC Remodeling LLC

22. Documents identifying all business equipment or assets owned by you, along with proof of purchase.

23. Documents identifying all telephone numbers owned or used by Moorestown Construction LLC.

24. Documents identifying all telephone numbers owned or used by MC Remodeling LLC.

25. Documents identifying all telephone numbers owned or used by you.

26. MC Remodeling LLC's current accounts receivable listing, or if not available, all outstanding invoices due or to become due from customers.

27. MC Remodeling LLC's invoices issued from January 1, 2021 to present.

28. MC Remodeling LLC's check registers for January 1, 2021 to present.

29. Moorestown Construction LLC's current accounts receivable listing, or if not available all outstanding invoices due or to become due from customers.

30. Moorestown Construction LLC's invoices issued from January 1, 2021 to present.

31. Moorestown Construction LLC's check registers for January 1, 2021 to present.

32. All documents relating to any capital contribution made to Moorestown Construction LLC at any time.

33. All documents relating to any capital contribution made to MC Remodeling LLC at any time.

34. All documents relating to or evidencing any transfer of money, property, equipment or anything of value, made to or from Moorestown Construction LLC during the past five years.

35. All documents relating to or evidencing any transfer of money, property, equipment or anything of value, made to or from MC Remodeling LLC during the past five years.

36. All documents relating to or evidencing any transfer of money, property, equipment or anything of value, to you, since 2015 from any of the following: Ric Malik, Moorestown Construction, LLC, MC Remodeling, LLC, Andrew Malik, or any entity owned in whole or in part by Ric Malik or Andrew Malik.

37. A sample of all pre-printed form documents, including any form contracts, utilized by Moorestown Construction LLC or MC Remodeling LLC at any time.

38. All subscription agreements made by Moorestown Construction LLC, MC Remodeling, LLC, Ric Malik, Andrew Malik, or you, for the use of computerized bookkeeping and/or invoicing software or applications, from January 1, 2021 to present.

39. All past and present operating agreements of Moorestown Construction LLC.

40. All past and present operating agreements of MC Remodeling, LLC.

41. All annual reports prepared by or on behalf of Moorestown Construction LLC

42. All annual reports prepared by or on behalf of MC Remodeling, LLC.

43. All documents relating to any transfer of anything of value, including any transfer of monies, between Moorestown Construction LLC and any third party, since January, 2021.

44. Moorestown Construction LLC payroll records and contractor payments records from January 1, 2021 through present.

45. MC Remodeling, LLC payroll records and contractor payment records from January 1, 2021 to present.

46. All bank statements for any bank account in which Ric Malik is an account holder, from January, 2021 to present.

47. All bank statements for Moorestown Construction LLC, from January 2021 to present.

48. All bank statements for MC Remodeling, LLC, from January, 2021 to present.

49. A current statement for any mortgage outstanding on your home.

50. A current statement for the mortgage outstanding on 308 Second Street (325 Delaware Avenue), Delanco, New Jersey.

51. All documents referring, relating or pertaining to ownership, operation, purchase, transfer or control of property located at 308 Second Street (325 Delaware Avenue), Delanco, New Jersey.

52. All payments made by you for expenses of any kind, relating to 308 Second Street (325 Delaware Avenue), Delanco, New Jersey.

53. A copy of your current homeowners' insurance policy, for 327 Delaware Avenue, Delanco, New Jersey.

54. A copy of your current auto insurance policy.

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)