UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

EARL GEERTGENS and TAMA GEERTGENS,
Plaintiffs,

v.

RIC F. MALIK,
Defendant.
Adv. Proc. No. 24-00015-ESL

*RECEIVED AND FILED
PRO SE UPLOAD TOOL
08/19/2025 - 09:12 P.M.
USBC
(WRT)*

MOTION TO DISMISS PLAINTIFFS' COMPLAINT

TO THE HONORABLE COURT:

Debtor, Ric F. Malik, appearing pro se, respectfully moves to dismiss the Complaint filed by Plaintiffs, Earl and Tama Geertgens, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, and in support states as follows:

I. INTRODUCTION

Plaintiffs seek to relitigate issues that were already adjudicated in prior state court proceedings, culminating in a 2019 judgment of the Superior Court of New Jersey. The claims raised are duplicative, unsupported by evidence, and barred by doctrines of preclusion. Further, Plaintiffs have failed to state claims under 11 U.S.C. §§ 523 or 727 that would support denial of discharge.

II. FACTUAL BACKGROUND

1. In 2015, Plaintiffs initiated litigation in New Jersey Superior Court regarding a construction contract dispute. That case concluded with a 2019 judgment entered against R. Malik Construction LLC, not Ric F. Malik individually.

2. Importantly, the Superior Court of New Jersey made no findings of fraud, misrepresentation, or willful misconduct in entering the 2019 judgment. The judgment was based on a contract dispute and does not support any inference of fraudulent conduct.

3. Despite the finality of that judgment, Plaintiffs filed a second action in 2023 (BUR-L-1741-23) against the Debtor and related parties, seeking to revisit the same issues. As to Debtor, those proceedings have been stayed by operation of 11 U.S.C. § 362.

4. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 6, 2023, commencing Case No. 23-03241-ESL7.

III. LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege facts that state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Threadbare recitals of elements and conclusory allegations are insufficient.

IV. ARGUMENT

A. The Complaint is Barred by Res Judicata and Collateral Estoppel

The doctrines of res judicata and collateral estoppel bar re-litigation of claims and issues that were or could have been raised in a prior action. Here, Plaintiffs' claims stem from the same 2015 construction contract and 2019 judgment. The New Jersey court resolved those matters, and critically, made no findings of fraud. Plaintiffs are therefore barred from re-casting the same issues here under a fraud theory that was never established in the prior action.

B. Plaintiffs Fail to State a Claim Under § 523 or § 727

Plaintiffs' complaint rests on conclusory assertions of concealment and fraud. These allegations fail to meet the heightened pleading standard of Rule 9(b), incorporated by Fed. R. Bankr. P. 7009. No specific facts support the claims of false oaths, concealment, or fraudulent transfer.

C. Plaintiffs Seek an Inequitable Windfall

Plaintiffs already benefitted from substantial construction services and obtained a 2019 judgment. Permitting further recovery would unjustly enrich Plaintiffs and contradict the Bankruptcy Code's goal of providing debtors with a fresh start.

D. Continued Litigation Wastes Judicial and Party Resources

This Court has already extended discovery deadlines multiple times at Plaintiffs' request. No new material evidence has been produced, and continued extensions serve only to delay resolution. Debtor has devoted extraordinary time and effort to defending duplicative claims at the expense of earning a livelihood. Allowing Plaintiffs to relitigate settled matters not only wastes judicial resources but also prevents the Debtor from focusing on reestablishing financial stability.

V. CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court:

1. Grant this Motion to Dismiss and dismiss Plaintiffs' Complaint in its entirety with prejudice;

2. Find that all Plaintiffs' claims are barred by res judicata and collateral estoppel;

3. Find that Plaintiffs have failed to state a claim under 11 U.S.C. §§ 523 or 727;

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
Dated: August 19, 2025

/s/ Ric F. Malik
Ric F. Malik, Pro Se Debtor
756 Vieques, PR 00765
Email: ricmalik3@gmail.com
Phone: 787-530-7799

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August 2025, a true and correct copy of the foregoing Motion to Dismiss was filed using the Court's CM/ECF system, which will send notification to all counsel of record. In addition, service was made via electronic mail and/or U.S. Mail upon the following:

Warren Wolf, Esq.
Goldberg & Wolf, LLC
1949 Berlin Rd, Suite 201
Cherry Hill, NJ 08003

Office of the United States Trustee
Ochoa Building
500 Tanca Street, Suite 301
San Juan, PR 00901-1922

Dated: August 19, 2025

/s/ Ric F. Malik
Ric F. Malik, Pro Se Debtor