UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

In re:
**RIC F. MALIK, Debtor**
Case No. 23-03241-ESL7
Chapter 7

EARL GEERTGENS and
TAMA GEERTGENS, Plaintiffs

v.

**RIC F. MALIK, Defendant**
Adversary Proceeding No. 24-00015-ESL

RECEIVED AND FILED - SJ-PR
USBC '25 AUG 25 PM 3:19

# STATUS REPORT FOR AUGUST 25, 2025 HEARING

Defendant, appearing pro se, respectfully submits this Status Report to assist the Court in addressing the discovery and pretrial issues scheduled for review on August 25, 2025.

## I. Defendant's Compliance

- Defendant has **answered Plaintiffs' interrogatories** and **supplemented responses** on multiple occasions, most recently in August 2025.
- Defendant has **produced all responsive documents in his possession**, including:
    - Lease agreement and utilities for Puerto Rico residence.
    - Puerto Rico driver's license.
    - Bank statements for April 2023 – October 2023.
    - Travel records for November 2023.
    - Vehicle ownership documents.
    - Gift transfer letters as Defense, NOT evidence (2003, 2006).
- Defendant has **objected appropriately** to post-petition bank statements and irrelevant or overly broad requests, while still producing everything in his possession.

## II. Plaintiffs' Noncompliance

- By **Order dated May 6, 2025 (Dkt. #87)**, this Court required Plaintiffs' attorney, **Karen Murray**, to serve discovery responses within **21 days** (by May 27, 2025).

- As of August 25, 2025, **no responses have been produced**. Murray is more than **100 days in violation** of a direct order of this Court.

- Defendant has been prejudiced by this noncompliance, as he cannot test Plaintiffs' allegations or prepare his defense without the materials ordered produced.

## III. Plaintiffs' Failure to Answer Defendant's Discovery

- Defendant also served **interrogatories and document requests** directly on Plaintiffs through their counsel, Warren Wolf.

- Plaintiffs have **not provided any answers or documents** in response.

- This constitutes a separate failure under Fed. R. Civ. P. 33 and 34, incorporated by Fed. R. Bankr. P. 7033 and 7034.

## IV. Res Judicata and Collateral Estoppel

- The Superior Court of New Jersey entered judgment in 2019 after full litigation of the underlying contract and Consumer Fraud Act claims.

- Plaintiffs are attempting to re-litigate those same issues in this adversary proceeding.

- Under **res judicata** and **collateral estoppel**, claims and issues already decided cannot be re-tried.

- Defendant notes that in New Jersey, it was **his company that was the plaintiff** because the Geertgens owed money for work performed. The 2019 judgment resolved those issues, which Plaintiffs now improperly seek to re-open.

## V. Lack of Actual Damages / Abuse of CFA

- Plaintiffs have **no actual damages**. Judge Claypool's Statement of Reasons (2019) held that the deposit was not an "ascertainable loss" under the CFA, and Plaintiffs could not recover treble damages.

- Nearly **two-thirds of Plaintiffs' claim today consists of attorney's fees**, with the remainder inflated by statutory add-ons.

- This adversary proceeding is being used to leverage fee-shifting provisions of the CFA, not to recover real damages. Such use is abusive and amounts to unjust enrichment.

## VI. Defendant's Reservation of Rights

- If Defendant's **Motion to Dismiss** is granted, the adversary proceeding will be resolved and discovery disputes mooted.
- Should the case proceed, Defendant reserves the right to:
    - Enforce his outstanding discovery requests.
    - Move for sanctions under **Fed. R. Civ. P. 37** and **Fed. R. Bankr. P. 7037** for Plaintiffs' failure to comply with Dkt. #87 and their discovery obligations.

**Respectfully submitted,**

/s/ Ric F. Malik
Ric F. Malik, Debtor Pro Se
756 Vieques
Vieques, PR 00765
(787) 530-7799
ricmalik3@gmail.com
Dated: August 25, 2025