# UNITED STATES BANKRUPTCY COURT

DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

EARL GEERTGENS and TAMA GEERTGENS,
Plaintiffs,
v.
RIC F. MALIK,
Defendant.
Adv. Proc. No. 24-00015-ESL.

*RECEIVED AND FILED PRO SE UPLOAD TOOL 08/25/2025 - 06:31 P.M. USBC*

## SUPPLEMENT TO DEBTOR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE COURT:

COMES NOW the Debtor-Defendant, **Ric F. Malik**, pro se, and respectfully submits this Supplement to his Proposed Findings of Fact and Conclusions of Law, in compliance with the Court's Order and Notice (Doc. #94) and continued Order (Doc. #147), and in further support of his Motion to Dismiss Plaintiffs' Complaint (Doc. #134).

Debtor previously submitted his Proposed Findings of Fact and Conclusions of Law in compliance with Doc. #94. This filing supplements those findings with additional developments, including Plaintiffs' non-compliance with Order #87 and with discovery served in August 2025.

## FINDINGS OF FACT

**Order to Show Cause (#53):**

1. On February 19, 2025, this Court issued an Order to Show Cause (Doc. #53) directing Debtor to explain why his case should not be dismissed for alleged failure to comply with discovery.

**Debtor's Answer to Order (#55):**
2. On March 4, 2025, Debtor filed an Answer (Doc. #55), explaining that discovery responses had been served in good faith, and that Plaintiffs were mischaracterizing the record.

**Debtor's Motion in Compliance (#58):**
3. On March 17, 2025, Debtor filed a Motion in Compliance (Doc. #58), certifying discovery responses and attaching materials within his possession and control.

**Creditors' Response to OSC (#68):**
4. On March 25, 2025, Plaintiffs filed a Response (Doc. #68), claiming no discovery was provided. This filing ignored Debtor's submissions.

**Creditors' Opposition to Compliance (#70):**
5. On March 18, 2025, Plaintiffs filed an Opposition (Doc. #70), again asserting total non-compliance while failing to acknowledge Debtor's Motion in Compliance.

**Debtor's Certification (#71):**
6. On March 18, 2025, Debtor filed a Certification (Doc. #71) under penalty of perjury confirming discovery had been served.

**Creditors' Response (#78):**
7. On March 27, 2025, Plaintiffs again responded (Doc. #78), mischaracterizing discovery compliance while continuing to withhold documents requested from Murray and Geertgens.

**Debtor's Response (#79):**
8. On April 3, 2025, Debtor filed a Response opposing dismissal and sanctions (Doc. #79), explaining that Plaintiffs had engaged in selective disclosure and discovery abuse.

**Hearing Evidence (Aug. 25, 2025):**
9. At the evidentiary hearing, Plaintiffs produced a 600+ page binder at the last minute. This binder consisted almost entirely of recycled New Jersey filings from BUR-L-2561-15 and BUR-L-1741-23, previously introduced or testified to by Plaintiffs' counsel.

10. The binder omitted the specific documents Debtor properly requested from Murray and the Geertgens.

11. Plaintiffs have repeatedly claimed Debtor failed to comply, but in fact Debtor made good-faith submissions and filed certifications. Plaintiffs' refusal to review those responses is misleading and prejudicial.

**Order #87 and August 2025 Discovery Requests:**
12. On April 24, 2025, this Court entered **Order #87**, granting Debtor's motion to compel disclosure from Plaintiffs' counsel, Karen Murray. Despite this Court's directive, Murray has not produced the ordered disclosures.

13. In early August 2025, Debtor served discovery requests directly on Plaintiff Earl Geertgens. As of the August 25, 2025 hearing, no responsive documents had been provided.

14. Plaintiffs therefore stand in violation of this Court's **Order #87** and have failed to comply with valid discovery requests, while simultaneously accusing the Debtor of non-compliance. Plaintiffs' continued refusal to comply with discovery, even when ordered by this Court, evidences bad faith and undermines the integrity of these proceedings.

## CONCLUSIONS OF LAW

1. Sanctions or dismissal under Fed. R. Civ. P. 37 (via Fed. R. Bankr. P. 7037) are unwarranted where the responding party has acted in good faith.

2. The Court's discovery orders (Docs. #53, #74, #94, #147) required both parties to comply. Debtor complied through Docs. #55, #58, #71, and #79. Plaintiffs have not.

3. Plaintiffs' reliance on recycled NJ materials is not compliance and constitutes trial by ambush.

4. Under § 362(a), new actions against Debtor are barred. Plaintiffs' attempt to re-use NJ case files from 2023 post-petition filings underscores ongoing stay concerns.

5. Dismissal is an extreme sanction reserved for willful disobedience. The record shows Debtor complied; Plaintiffs did not.

6. In addition, for the reasons stated in Debtor's pending Motion to Dismiss (Doc. #134), Plaintiffs' Complaint fails under Rule 12(b)(6) and is barred by res judicata and collateral estoppel.

7. Plaintiffs' failure to comply with **Order #87** and with Debtor's August 2025 discovery requests demonstrates a pattern of selective disclosure and noncompliance. Under Fed. R. Bankr. P. 7037, the appropriate remedy is to deny Plaintiffs' motions for dismissal and sanctions, and to require Plaintiffs' compliance, not to punish Debtor. Plaintiffs' bad faith conduct weighs heavily against granting their requested relief.

## RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that this Honorable Court:

1. Adopt Debtor's Proposed Findings of Fact and Conclusions of Law as supplemented herein;

2. Deny Plaintiffs' Motion to Dismiss and request for sanctions;

3. Grant Debtor's own Motion to Dismiss Plaintiffs' Complaint (Doc. #134);

4. Order Plaintiffs to produce the outstanding documents Debtor properly requested;

5. Allow Debtor 14 days to file a supplemental brief after proper production; and

6. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 25th day of August, 2025.

/s/ Ric F. Malik
Ric F. Malik, Pro Se
756 Vieques, PR 00765
ricmalik3@gmail.com
787-530-7799

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2025, I filed the foregoing Supplement to Debtor's Proposed Findings of Fact and Conclusions of Law with the Clerk of Court using the CM/ECF system, which will send notice to Plaintiffs' counsel, **Karen Murray, Esq.**, and the Office of the United States Trustee.

/s/ Ric F. Malik