# UNITED STATES BANKRUPTCY COURT

DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7 (Main Case)
Chapter 7

EARL GEERTGENS and TAMA GEERTGENS,
Plaintiffs,
v.
RIC F. MALIK,
Defendant.
Adv. Proc. No. 24-00015-ESL.

*RECEIVED AND FILED*
*PRO SE UPLOAD TOOL*
*08/26/2025 - 02:17 P.M.*
*USBC*
*(WRT)*

---

# NOTICE OF FILING SUPPLEMENTAL EXHIBIT

TO THE HONORABLE COURT:

COMES NOW the Debtor-Defendant, **Ric F. Malik**, pro se, and respectfully states:

1. On August 26, 2025, Debtor filed a **Notice of Plaintiffs' Non-Compliance with Court Orders** (Doc. #143).

2. Debtor now submits this supplemental exhibit to further demonstrate his compliance with discovery obligations and to clarify the record.

3. On August 19, 2025, Debtor mailed to Plaintiffs' counsel a package of responsive documents together with proofs of certified mailing. This package included, among other items, LLC ownership transfers, gift letters, appraisals, business records, and related correspondence.

4. A true and correct copy of this package is attached hereto as **Exhibit G – Debtor's Discovery Production (Mailed August 19, 2025 with Proofs)**.

---

**WHEREFORE, Debtor respectfully requests that this Honorable Court accept the attached supplemental exhibit as part of the record in connection with Debtor's Notice of Non-Compliance and his pending Proposed Findings of Fact and Conclusions of Law.**

---

Respectfully submitted this 27th day of August, 2025.

/s/ Ric F. Malik

Ric F. Malik, Pro Se

756 Vieques, PR 00765

ricmalik3@gmail.com

787-530-7799

---

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2025, I filed the foregoing Notice with the Clerk of Court using the CM/ECF system, which will send notice to Plaintiffs' counsel, **Karen Murray, Esq.**, and to the Office of the United States Trustee.

/s/ Ric F. Malik

Includes:

10/22/06
Gift From Ric Walk pres. of Walk Construction Inc.
to karen Walk As Per Appraisal

10/16/06
Appraisal

1/28/03
Agreement For Sale For 325 Delaware Ave. LLC
to Ric & karen Walk

2/2/03
Gift From Ric Walk to Karen Walk
of 325 Delaware Ave LLC.

2/2/04
325 DELAWARE LLC, Operating Agreement

8/26/23
Bill For work

9/2015
Thank You Letter From Geentgais

AGREEMENT FOR SALE OF L.L.C. INTEREST

This Agreement is made this $\underline{29^{th}}$ day of January,
2003 by and between Cynthia Yingling (referred to as
Seller), and Ric Malik and Karen Malik (referred to as
Buyers).

## BACKGROUND

Cynthia Yingling is the owner of all of the LLC
interests in 325 Delaware Avenue, LLC, a New Jersey limited
liability company of the State of New Jersey, Department of
Treasury on January 16, 2003, (N.J.I.D. No. 00159546),
hereinafter referred to as the "LLC". The only asset of
the LLC is a certain parcel of land known as 325 Delaware
Avenue, Delanco, New Jersey, being Lot 5 of Lot 1208,
(referred to as the "Property"). No Federal Tax
Identification number has been applied for, nor has an
operating agreement been prepared.

Now, therefore, in consideration of the promises and
the mutual covenants contained herein and for good and
valuable other consideration, the receipt and sufficiency
of which are hereby acknowledged, the parties hereby agree
as follows:

## AGREEMENT

1. <u>Sale of LLC Interests.</u> Seller agrees to sell all
shares of interest in the LLC to Buyes for the sum of
$ $\underline{\#/,00}$ to be paid in a lump sum on before January
31, 2003.

2. Acquisition Costs. It is the intention of the
parties that Buyer compensate Seller for all of the
acquisition costs of the Property, which is reflected in
the purchase price stated above. In the event that there
are additional costs to Seller, Buyer will promptly
reimburse Seller.

3. Seller's Representations. Seller makes no
representations, whatsoever, regarding the condition of the
Property. Buyer accepts the Property in its "as is"
condition. Buyer is aware that Seller has not obtained a
certificate of occupancy, sewer inspection nor any other
governmental approvals which may be required to acquire and
convey the Property. These shall be the responsibility of
Buyer. Buyer is also aware that Seller has represented to
Delanco Township that the dwelling on the Property will not
be used for human habitation. Seller has not obtained a
Federal tax identification number, nor prepared an
operating agreement for the LLC. These shall also be the
responsibility of Buyer.

4. Buyer's Representations. Buyer acknowledges
that Seller formed the LLC and purchased the Property only
as an accommodation to Buyer. Buyer has received from
Seller or Seller's attorney and real estate agent copies of
any and all documents Buyer has requested, including but
not limited to the survey and settlement statement (HUD-1).

5. Indemnification. Buyer shall be responsible for
and indemnify, defend and hold Seller harmless from any and

all claims arising from Sellers temporary ownership of the
Property and any LLC interests.

6. **Legal Representation.** Buyer is aware that Gary
F. Woodend, Esquire represents the interests of Cynthia
Yingling only. Buyer is encouraged to seek independent
legal and tax planning counsel prior to entering into this
agreement. Buyers are aware that, by signing below, they
are entering into a binding agreement without any period
for reconsideration.

In Witness Whereof, the parties hereto have set their
hands and seals the day and year first above written.

Dated ___1/29/2003___, 2003     _Cynthia Yingling_
                                 Cynthia Yingling, Managing
                                 Member

Dated ___1/31/03___, 2003       _____
                                 Ric Malik

Dated _____, 2003   _____
                                 Karen Malik

*My Gift*
*to*
*My Girl*

*On this Day of Febuary 2, 2003, I Gift to my dearly*
*beloved wife Karen Malik for her 40th birthday the*
*following:*

All my rights of Ownership to our recently acquaired 325 Delaware Ave. LLC, to
hold and control as long as she dires to do so.

I ask Nothing in return in return for this gift.

Love You Always

Ric F Malik

# Operating Agreement

## 325 Delaware Ave, LLC

### Date 2/9/2004

- **Introduction:**

  - **Identification of the LLC:** 325 Delaware Ave, LLC Located at 308 Second St., Delanco NJ, 08075
  - **Date of the Agreement:** 2/9/2004

- **Formation:**

  - **Declaration of Intent:** Ownership of real-estate
  - **Compliance with State Requirements:** This LLC has been formed in accordance with the New Jersey state laws.

- **Business Purpose:**

  - **Description:** To own and hold real property

- **Members:**

  - **Identification:** Karen S Malik Revocable Trust 2002 and Karen S Malik, currently presiding at 327 delaware Ave., Delanco, NJ.
  - **Admission of New Members:** Must be approved by ALL Members.
  - **Ownership Percentages and Capital Contributions:** Ownership is divided evenly to each member in the amount of One Hundred and Twelve Thousand Dollars and Five Hundred ($112,500) of capital.

- **Management Structure:**

    - **Management:**
        - a. The Company shall be managed by 1 manager.
        - b. The manager shall have the authority to manage and control the day-to-day operations and business affairs of the Company, including but not limited to entering into contracts, making financial decisions, and hiring employees.

    - **Identification of Manager:**
        - a. The initial manager of the Company shall be Ric F Malik.
        - b. Additional managers may be appointed by a 51% vote of the members.

- **Powers and Duties of Managers:**
  - a. The manager shall have the authority to act on behalf of the Company in all matters, except as expressly limited by this operating agreement or limited by law.
  - b. Decisions made by the manager shall be in the sole interest of the member, with each manager having one vote.
- **Term of Manager:**
  - a. The term of each manager shall be 5 years, unless otherwise specified or unless the manager resigns or is removed by a 51% vote of the members.
  - b. Manager may be fired without cause with no notice.
- **Compensation of Manager:**
  - Manager may be entitled to reasonable compensation for their service, as determined by a 51% vote of the members.
- **Meetings and Decision-Making:**
  - a. Manager meetings may be called upon 10 days' notice.
  - b. A quorum for manager meetings shall be constituted when 49% of the managers are present.
  - c. Decisions at manager meeting shall be made by a majority vote.
- **Removal and Resignation:**
  - a. A manager may be removed with or without cause by a 49% vote of the members.
  - b. A manager may resign by providing 5 days notice to the members.
- **Transfer of Managerial Interest:** A manager's interest in the management of the Company is not transferable, except with the written consent of 51% of the members.
- **Officer Prevision**s: Original Members can appoint anyone as an officer or manager to make decisions on behalf of LLC

**Meetings and Voting:**

- **Regular Meetings:**
  - The Company is not required to hold regular meetings.

- **Special Meetings:**
  - a. Special meetings may be called by the Manager or by written request of 51% or more of the members.
  - b. Notice of special meetings, including the purpose of the meeting, shall be provided to all members in writing at least 1 day in advance.

- **Meeting Procedures:**
  - a. Meetings may be conducted in person, by telephone, video conference, or other electronic means that allow for participation and communication among members.
  - b. Members may participate in meetings and vote by proxy if allowed by a majority vote of the members.
  - c. A quorum for a meeting shall be constituted when members holding 51% or more of the membership interests are present either in person or by proxy.
  - d. Decisions at meetings shall be made by a 100% vote of the members present or represented by proxy, unless otherwise specified in this operating agreement or required by law.

- **Waiver of Notice:**
  - a. Any member may waive notice of a meeting, either before or after the meeting.
  - b. Attendance at a meeting shall constitute a waiver of notice, except where a member attends for the express purpose of objecting to the transaction of any business on the grounds that the meeting was not lawfully called or convened.

- **Action Without a Meeting:**
  - Any action required or permitted to be taken at a meeting may be taken without a meeting if consent, setting forth the action taken, is signed by members holding 40% or more of the membership interests.

- **Minutes:** Minutes of meetings, are not required.

- **Allocation of Profits and Losses:**

  - **Distribution of Profits and Losses:** Profits and losses are not required to be allocated among members evenly.
  - **Conditions for Distributions:** Distributions are not required and only controlled by founding members, or trustee.
  - **Asymmetric Distribution:** Profit and Loss distribution may be distributed as the founding members agree.

3 / 10

- **Costs:** Any Member at their own discretion may pay any cost incurred by company. This includes but not limited to: Overhead, Insurance, Taxes, etc.

- **Transfer of Membership Interests:**

  - **Transfer Restrictions:** Members can not be forced to sign over or transfer their membership interest to a third party.
  - **Creditors of Members:** Only has the exclusive remedy is a charging order and No other remedy
  - **Transfer Procedures:** In the event that a Member (the "Transferring Member") wishes to transfer all or a portion of their membership interest in the Company to another Member (the "Receiving Member"), the following terms and conditions shall apply:
    - **Notice of Intent:** The Transferring Member shall provide notice to the other Members expressing their intent to transfer the membership interest. The notice shall include the proposed effective date of the transfer.
    - **Offer to Existing Members:** Before completing the transfer to the Receiving Member, the Transferring Member shall first offer the membership interest to the other Members of the Company on the same terms and conditions.
    - **Right of First Refusal:** Each existing Member shall have the right of first refusal to purchase the offered membership interest. If a Member chooses not to exercise this right within a specified period, the Transferring Member may proceed with the transfer to the Receiving Member.
    - **Consent of Remaining Members:** The transfer shall be subject to the consent of a specified percentage or all remaining Members, as outlined in this operating agreement.

  - **Transfer of membership interest form death:**
    - **Right of First Refusal:** In the event of a proposed transfer of the deceased member's interest, the remaining members shall have the right of first refusal. The remaining members shall have 30 days from the date of notice to notify the personal representative or estate of the deceased member of their intent to purchase the interest on the same terms and conditions as those offered by an individual member.
    - **Valuation Method:** The fair market value of the deceased member's interest shall be determined by an independent appraisal. The valuation process shall be completed within 10 days of receiving notice of the proposed transfer.

4 / 10

- **Payment Terms:** The purchase price for the deceased member's interest shall be paid in the terms agreed to by the remaining members. The terms and conditions of payment shall be outlined in a separate agreement entered into by the parties.
- **Permitted Transferals:** The deceased member's interest may only be transferred to, existing members, family members. Any transfer to a party not meeting these criteria shall be subject to the right of first refusal.
- **Consent or Approval Requirements:** The transfer of the deceased member's interest shall be subject to the prior written consent of 91% of the remaining members.
- **Notice Requirements:** The personal representative or estate of the deceased member shall provide written notice of the death and the proposed transfer to the remaining members within 5 days of the member's death.

- **Creditor's Rights:**

  - **Exclusive Remedy:** The sole and exclusive remedy of a creditor who obtains a charging order against a Member's transferable interest shall be the right to receive distributions to which the Member would otherwise be entitled, to the extent of the charging order. No creditor shall have any right to interfere in the management or administration of the Company or to demand any assets of the Company.

- **Dissolution:**

  - **Circumstances for Dissolution:** Under sale of all assets the LLC may be dissolved.
  - **Asset Distribution:** Only the founding members will have control how assets are distributed.

- **Buy-Sell or Transfer Restrictions:**

  - **Notice of Intent:**
    - a. The Selling Member shall provide written notice to the Company and all other Members expressing their intent to sell the Interest.
    - b. The notice shall include the proposed sale price, terms, and any other relevant details.
  - **Valuation of Interest:**
    - a. The valuation of the Interest for the purpose of this agreement shall be determined by appraisal to specify the fair market value.

- b. Selling Member will hire an appraiser to establish "Fair Market Value". This report will be shared with all members, as a base line of value.

- **Option to Purchase:**

  - a. The remaining Members shall have the option to purchase the Interest on the same terms and conditions as offered to an external third party.

  - b. The Remaining Members shall exercise this option by providing notice to the Selling Member within a specified period after receiving the notice of intent.

- **Closing of the Sale:**

  - a. If the Remaining Members choose to purchase the Interest, the closing of the sale shall occur within 30 days after the exercise of the option.

  - b. The purchase price shall be paid in any form agreed upon at the closing.

- **Financing:** If the purchase price is to be paid over time, the terms of financing, including interest rates and payment schedule, shall be specified in a separate agreement.

- **Right of First Refusal:** If the Remaining Members decline to purchase the Interest, the Selling Member may then proceed to sell the Interest to an external third party, subject to the Right of First Refusal (ROFR) by the Remaining Members on the same terms.

- **Restrictions on Transfer:** No Member shall transfer their Interest without complying with the terms of this Buy-Sell Agreement, and any attempted transfer in violation of this provision shall be null and void.

- **Creditors of Members:** Only has the exclusive remedy is a charging order and No other remedy.

- **Members with Charging Orders**

  - The issuance of a charging order against any Member's transferable interest shall not:

    - Dissociate the Member from the LLC;

    - Grant the creditor any management rights or rights to interfere in the management or operations of the LLC;

- Prevent the LLC from transferring assets or conducting its business as usual.

**Transfer of Assets:**

- **Authority to Transfer Assets:** The Company retains the authority to transfer, sell, lease, or otherwise dispose of its assets in the ordinary course of business or as deemed necessary by the Managers, notwithstanding the existence of any charging orders against any Member's interest.

**Tax Matters:**

- **Profit and Loss Treatment:** This LLC is classified as a partnership entity. Profits and losses will be treated as per CPA recommends for tax purposes.

**Indemnification:**

- **Indemnification Provisions:**
    - **General Indemnification:**
        - The Company shall indemnify and hold harmless each Member, Manager, officer, employee, and agent of the Company, from and against any and all claims, liabilities, damages, losses, costs, and expenses including reasonable attorneys' fees and expenses incurred by such Indemnified Party in connection with any third-party claims arising out of or relating to the Company's business operations or the performance of duties on behalf of the Company, except to the extent caused by the willful misconduct or gross negligence of the Indemnified Party.
    - **Member Indemnification:**
        - Each Member shall indemnify and hold harmless the Company, its Managers, officers, employees, and agents from and against any and all claims, liabilities, damages, losses, costs, and expenses including reasonable attorneys' fees and expenses incurred by such persons arising out of or relating to any breach of this Operating Agreement, any wrongful act, or any other action or omission by the Member, except to the extent caused by the willful misconduct or gross negligence of the Company or its representatives.
    - **Procedure for Indemnification:**

- a. Any Indemnified Party seeking indemnification under this provision
  shall promptly notify the Company in writing of any claim or potential
  claim for which indemnity may be sought.
- b. The Company shall have the right to assume control of the defense
  and settlement of any such claim, and the Indemnified Party shall
  cooperate fully in such defense.
- c. The Indemnified Party shall not settle any claim without the
  Company's written consent, which consent shall not be unreasonably
  withheld.

- **Limitation on Indemnification:**

  - Notwithstanding anything to the contrary in this Operating Agreement,
    no Member or Manager shall be indemnified for any liability to the
    extent that such liability arises out of their own willful misconduct or
    gross negligence.

- **Insurance:**

  - The Company may, but is not obligated to, maintain insurance, at its
    expense, for the benefit of the Members, Managers, officers, employees,
    and agents, covering certain liabilities, as determined by the Managers in
    their discretion.

## Reserved Powers Clause:

The founding members of the LLC ("Founders") shall have exclusive authority over the following
powers and decisions, and no action shall be taken in contravention of these powers without the
explicit consent of the Founders:

- **Veto Rights:**

  - The Founders shall possess absolute veto rights over any decision deemed to be of
    significant consequence to the LLC, including but not limited to amendments to the
    operating agreement, admission or expulsion of members, dissolution of the LLC, or
    any transaction involving a material change in the LLC's assets or operations.

- **Control Over Major Transactions:**

  - The Founders shall have sole authority to approve or reject any major transaction or
    contractual agreement exceeding a predetermined monetary threshold, as determined by
    the Founders in their sole discretion. Such transactions may include but are not limited
    to mergers, acquisitions, divestitures, or investments.

- **Appointment of Key Officers:**

- The Founders shall retain the exclusive right to appoint or remove key officers of the LLC, including but not limited to the Chief Executive Officer (CEO), Chief Financial Officer (CFO), or any other executive positions deemed necessary for the management and operation of the LLC.

- **Amendment of Operating Agreement:**

  - No amendment to this operating agreement shall be valid or enforceable without the unanimous consent of the Founders. Any proposed amendment must be presented to the Founders for review and approval before it can be considered legally binding.

- **Dispute Resolution Authority:**

  - In the event of a dispute or disagreement among members, the Founders shall serve as the final arbiter, with their decision being binding upon all members of the LLC. The Founders shall have the authority to resolve disputes through mediation, arbitration, or any other means they deem appropriate.

- **Termination of Membership:**

  - The Founders reserve the right to terminate the membership of any member who acts contrary to the interests of the LLC or engages in conduct deemed detrimental to its operations. Such termination shall be at the sole discretion of the Founders and may be executed without recourse to a vote by other members.

- The Founders may, at their discretion, delegate any of the powers enumerated herein to a management committee or designate specific individuals to act on their behalf. However, such delegation shall not diminish the ultimate authority of the Founders over the affairs of the LLC.


- **Amendments:**

  - **Amendment Procedures:**
    - This Operating Agreement may be amended only by the written consent of 51% of the Members.
    - Upon obtaining the required consent, the amendment shall be effective as of the date specified in the consent or as otherwise agreed upon by the Members. The amended Operating Agreement shall be executed by 51% of Members and maintained with the official records of the Company.
    - Notwithstanding the above, an amendment to this Operating Agreement that affects the limited liability company's ability to continue as a limited liability company shall require the affirmative vote or written consent of 51% of Members.

- **Miscellaneous Provisions:**

  - **Governing Law:** The state of New Jersey laws that will govern this agreement.
  - **Notice Provisions:** Notices are given 3 days by text, letter, email or USPS.
  - **Confidentiality Clauses:** This is not a public document and will be protected from prying eyes at all times. This includes all business dealings are to be regard as confidential business information.

**Members**

Karen Malik

Date

# Gift to Karen Malik 10/22/2006

This Gift Document ("Document") is executed on 10/22/2006 by Ric Malik, sole owner of Malik Construction, Inc. ("Donor"), in favor of Karen Malik ("Recipient").

Whereas, Donor desires to gift certain assets as listed in the appraisal created by T.B. Harski & Associates dated 10/16/2006 ("Appraisal") to Karen Malik, also including: Phone Numbers, website URLs, and other marketing items. Along with all other equipment not listed, but in the rear yard of 327 Delaware Ave. Delanco, NJ

Now, therefore, in consideration of the mutual promises and covenants contained herein, Donor hereby gifts, transfers, and assigns to Karen Malik the assets listed in the aforementioned Appraisal, including but not limited to (List of assets attached), free and clear of any liens, claims, or encumbrances. No Consideration is required for this gift.

Donor warrants that they are the sole owner of Malik Construction, Inc. and have full authority and legal right to gift the aforementioned assets.

Recipient acknowledges receipt of the gifted assets and accepts the same subject to the terms and conditions of this Document.

This Document shall be binding upon the parties and their respective successors, assigns, and legal representatives.

Signed and sealed on this 22nd day of October, 2006.

_____          10/22/06

Ric Malik, President                              Date

Malik Construction, Inc.


_____          _____

Karen Malik                                       Date

327 Delaware Ave. Delanco, NJ 08075

Witnesses:
_____    [Signature] _____ [Date] 10/22/06

# EQUIPMENT APPRAISAL

# MALIK CONSTRUCTION, INC.

## 300 MILL ROAD

## MOORESTOWN, NJ 08057

## AS OF

## OCTOBER 16, 2006

### BY

### T. B. HARSKI & ASSOCIATES

# T.B. HARSKI & ASSOCIATES

MACHINERY & EQUIPMENT APPRAISALS
6 Westwood Drive
Haddonfield, NJ 08033

TADEUSZ B. HARSKI, ASA
E-mail: TBHarski@aol.com

(856) 429-9388
FAX (856) 429-9018

October 20, 2006

Ira R. Deiches, Esq.
25 Wilkins Avenue
Haddonfield, NJ 08033

Re: Equipment Appraisal

**MALIK CONSTRUCTION, INC.**

Dear Mr. Deiches:

Pursuant to your request, T. B. Harski & Associates prepared an equipment appraisal of
for the purpose of determining the **Orderly Liquidation Value** as of **October 16, 2006.**

It is our understanding that the intended use of this appraisal is to assist in establishing
the basis for allocating the values to the assets for financial planning.

This appraisal was prepared in accordance with generally accepted appraisal standards, as
set forth by the American Society of Appraisers.  Accordingly, we performed such tests
and procedures as we considered appropriate to complete the appraisal.

This report sets forth our methodology and conclusion, and the factors we considered in
formulating our opinion.  It is subject to the enclosed statement of general assumptions
and limiting conditions.

Based on our review, we have estimated that as of October 16, 2006 the value is:

**ORDERLY LIQUIDATION VALUE:  $6.650.00**

This report sets forth our methodology and conclusions, and the factors we considered in formulating our opinion.  It is subject to the enclosed statement of general assumptions and limiting conditions.

T. B. Harski & Associates appreciates the opportunity to be of service to you, and thank you for your cooperation in completing this assignment.

Respectfully submitted,

Tadeusz B. Harski, ASA

TBH:mah

**T.B. HARSKI & ASSOCIATES**

# TABLE OF CONTENTS

LETTER OF TRANSMITTAL

ASSUMPTION OF LIMITING CONDITIONS        1

APPRAISER'S CERTIFICATION                2

DATE OF APPRAISAL                        3

PURPOSE OF APPRAISAL                     3

INTENDED USE                             3

SCOPE OF WORK                            3

LOCATION OF APPRAISAL                    3

SOURCE OF DATA                           4

APPRAISAL METHODOLOGY                    5

ASSETS LISTING                           6

PROFESSIONAL QUALIFICATIONS

T.B. HARSKI & ASSOCIATES

MILAK CONSTRUCTION, INC.                                                OCTOBER 16, 2006

## LIMITING CONDITIONS AND ASSUMPTIONS

This valuation opinion has been prepared and is subject to the following limiting conditions and assumptions:

To the best of my knowledge and belief, the statements of fact contained in this appraisal are true and accurate;

Information furnished to the appraiser and contained in this appraisal were obtained from sources to be reliable and no further responsibility is assumed for its accuracy;

The appraiser reserves the right to make any adjustments to the valuation contained herein as may be required by consideration of additional or more dependable data that may become available;

The appraiser reserves the right to recall all copies of this appraisal to correct any omission or errors;

No change of any item of the appraisal shall be made by anyone other than the appraiser and the appraiser shall have no responsibility for any unauthorized change;

That no opinion is intended to be expressed or matters that require legal or special expertise, investigation or knowledge beyond customarily employed by appraisers;

The assets have been appraised, as though free of liens, and encumbrances, except as noted;

The appraisal and supporting data are confidential, neither all or part of the contents of this appraisal shall be disseminated to the public in writing, through public relations, news, sales, advertising, orally or in any other manner without the prior written consent and approval of both the client and appraiser;

The appraiser has no present or contemplated future interest in the assets and that neither the employment nor the compensation is contingent upon the appraisal value;

The appraiser is not required to give testimony with reference to the assets appraised unless arrangements have been previously made;

In development of our opinion of value, no consideration has been given to hazardous substances or conditions. This appraiser is not qualified to detect such conditions and if necessary an expert in this field should be retained;

All opinions of value are presented as considered opinion based on facts in this appraisal. No responsibility is assumed for changes in value and market conditions, nor the ability of the owner to find a purchaser at the appraised value;

The dollar amount of any value is based on the purchasing power of the U.S. dollar as of the date in the transmittal letter;

This appraisal is to be used in whole and not in part and may not be used in conjunction with any other appraisal.

It is assumed that all required licenses, certificates of occupancy, consents, or legislative or administrative authority from any local, state, or national government, private entity or organization have been or can be obtained or renewed for any use on which the valuation opinion contained in this report is based.

1                                                    **T.B. HARSKI & ASSOCIATES**

MILAK CONSTRUCTION, INC.                                        OCTOBER 16, 2006

## APPRAISER'S CERTIFICATION

We hereby certify the following statements regarding this appraisal:

1. We have personally inspected all the assets.

2. We have no present or contemplated future interest in the assets, properties, or business interests that are the subject of this appraisal report.

3. We have no personal interest or bias with respect to the subject matter of this report or the parties involved.

4. Our compensation for making the appraisal is in no way contingent upon the value reported.

5. To the best of our knowledge and belief, the statements of facts contained in this report, upon which the analyses, conclusions and opinions expressed herein are based, are true and correct.

6. This valuation report has been prepared in conformity with the Principles of Appraisal practice and Code of Ethics of the American Society of Appraisers (ASA), and in which this appraiser holds a mandatory recertification as a Senior Machinery Equipment Appraiser that has been granted by the International Board of Examiners and valid until November 10, 2009.

7. No person other than the appraisers whose qualifications are included herein have prepared the analyses, conclusions and opinions concerning the assets, properties, or business interests set forth in this report.

8. The attached analyses, opinions and conclusions are limited only by the reported assumptions and limiting conditions contained in the attached and our engagement letter, and are our unbiased professional analyses, opinions and conclusions.

9. The maximum liability of T. B. Harski & Associates (TBH) for the breach of any obligation in connection with this engagement or the report, and for any and all damages of any type or nature (whether in contract or in tort, and whether compensatory, consequential or punitive in nature) sustained or claimed by the company/companies or any other person or entity in connection with this engagement or the Report shall be limited to the fee actually received by TBH under the engagement letter. In no event or circumstances shall TBH have any liability to The Company/Companies or any other person or entity in excess of the fee actually paid to and received by TBH under the engagement letter.

**T.B. HARSKI & ASSOCIATES**

MILAK CONSTRUCTION, INC.                                        OCTOBER 16, 2006

**DATE OF APPRAISAL:**

The valuation date of this appraisal is October 16, 2006.

**PURPOSE OF APPRAISAL:**

The purpose of this appraisal is to determine the following value:

**ORDERLY LIQUIDATION VALUE** may be defined as the most probable gross amount expressed in terms of money, as of a specific date, which should be expected from the sale of the assets, the seller being compelled to sell, given a short, specific, period of time to sell in an orderly manner, "as is" and "where is" basis with the buyer(s) being responsible for removal costs.

In preparing the appraisal there was no investigation of any financial data pertaining to the present or future earning capacity of the business in which the equipment is utilized.

**INTENDED USE:**

It is our understanding the intended use of this appraisal is to assist in establishing the basis for allocating the values to the assets as to be utilized for financial planning. Use for any other purposes may make this appraisal invalid.

**SCOPE OF WORK:**

The scope of this appraisal is to value the equipment consisting of:

Vehicles, trailer, woodworking equipment, furniture, power and hand tools.

**LOCATION OF EQUIPMENT:**

Malik Construction, Inc.
300 Mill Road
Moorestown, NJ 08057

3                                          **T.B. HARSKI & ASSOCIATES**

MILAK CONSTRUCTION, INC.                              OCTOBER 16, 2006

## SOURCE OF DATA:

The sources of data used in this appraisal has been gathered from various sources.  The
values reflected are actual sales, price lists and market data.  Information furnished to this
appraiser and contained in this appraisal were obtained from sources deemed to be
reliable and no further responsibility is assumed for its accuracy.

## HIGHEST AND BEST USE:

The highest and best use of the equipment would be making full use of the capabilities
for which it was designed an built.

**T.B. HARSKI & ASSOCIATES**

MILAK CONSTRUCTION, INC.                                    OCTOBER 16, 2006

## APPRAISAL METHODOLOGY

At the request of Ira Deiches, Esq., an appraisal of the equipment was prepared.

In order to value the assets as requested, the following procedures were implemented:

A field inspection was made on October 16, 2006. During this phase, a review was made of the scope for verification of the existence, age and condition of the equipment. The equipment was identified by its type, manufacturer, model, serial number, capacity and other necessary information where available to value the assets.

There are three conventional and accepted appraisal standards as advocated by the appraisal profession. These methods include, the cost, market and income approaches. In generally accepted appraisal standards, the most revelant approach was utilized.

**Replacement Cost New Approach** – the current selling price new of the same or comparable machine as secured from the manufacturer, franchised dealer or distributor including special purpose attachments and fixtures. Specialty and other certain items by manufacturer's no longer in business were trended from original costs. Produce Price, Marshall Swift and other trending indexes were used in developing trend factors, which were adjusted when specific quotes from machine manufacturers indicated otherwise.

**Market Approach** – determines value by studying recent asked and/or actual prices of similar and comparable assets. Using similar units of comparison, adjustments are made based on the elements being compared, to the sale price of the comparable. Since market transactions are conducted between willing buyers and willing sellers, a number of sales of similar assets establishes a pattern of definable prices.

**Income Approach** – is the present worth of the future income of ownership. It is not feasible to attribute income to an individual asset, since all the assets contributed to earnings in concept with all the other factors of production.

For this appraisal the Market Approach was utilized.

**T.B. HARSKI & ASSOCIATES**

MALIK CONSTRUCTION, INC.

OCTOBER 16, 2006

| QTY | DESCRIPTION | OLV |
|:---:|---|---:|
| 1 | X1733D<br>Step Up Van<br>Ford '93<br>mdl. F59<br>vin. #3FCLF59M2PJAC3747 | $3,500 |
| 1 | Pickup Truck<br>Ford '83<br>mdl. F250<br>vin. #2FDHF27Y10099415<br>2 - tool boxes, rack | $200 |
| 1 | Trailer<br>Eager Beaver '94<br>mdl. APIO<br>vin. #112AAH208RL042069<br>6 ton, tandem axle, wood deck,<br>drop gate | $900 |
| 1 | Air Compressor<br>Quincy<br>mdl. F325<br>ser. #352357<br>5 hp., tank mtd. | $350 |
| 1 | Drill Press<br>Delta<br>mdl. 17-900<br>ser. R9018<br>17" flr. | $25 |
| 1 | Band Saw<br>Delta<br>mdl. 28-203<br>ser. #90C17261<br>14" flr. | $25 |
| 1 | Shaper<br>Delta<br>mdl. 43-419<br>ser. #99H91249 | $150 |
| 1 | Table Saw<br>Powermatic<br>10" | $350 |
| 1 | Radial Arm Saw<br>Dewalt<br>mdl. 7790<br>12" cap. | $100 |

6

**T.B. HARSKI & ASSOCIATES**

MALIK CONSTRUCTION, INC.                                    OCTOBER 16, 2006

| QTY | DESCRIPTION | OLV |
|-----|-------------|-----|
| 1 | Lot of Power & Hand Tools consisting of: drills, circular saws, hand tools | $750 |
| 1 | Lot of Furniture consisting of: desk, chair, fax machine, cabinet, ladders, work tables | $300 |
| | TOTAL | $6,650 |

T.B. HARSKI & ASSOCIATES

MALIK CONSTRUCTION, INC.

OCTOBER 16, 2006

 

 

T.B. HARSKI & ASSOCIATES

MALIK CONSTRUCTION, INC.                                          OCTOBER 16, 2006



## PROFESSIONAL QUALIFICATIONS

**T.B. HARSKI & ASSOCIATES**

# CURRICULUM VITAE

## TADEUSZ B. HARSKI, ASA

6 Westwood Drive
Haddonfield, NJ 08033
E-mail: tbharski@comcast.net

Office: 856-429-9388
Mobile: 609-238-1936
Fax: 856-429-9018

Tadeusz B. Harski, ASA is President of T.B. Harski & Associates established in 1977. Mr. Harski has professional experience specializing in machinery and equipment valuations on a national and international basis. His expertise includes valuation projects focused on industrial, governmental, commercial and institutional clients. He has conducted fixed asset appraisals for the purposes of acquisitions, mergers, bankruptcies, insurance, financing, accounting, condemnation, and tax. Various premises of value have .0. been concluded, including: fair market value in use or exchange, liquidation value-orderly or forced, and reproduction or replacement value. Mr. Harski has forty (40) years of experience within the valuation profession, specializing in the machinery and equipment discipline.

A representative range of business valuations include industrial manufacturing plants; pulp and paper mills; pharmaceutical companies; chemical and processing coal and sand and foundries; food and beverage processing plants; cement batch plants; construction and contracting equipment; printing; bindery industry; hotels and resorts; dairy plants; wineries, breweries and distilleries; television and radio broadcasting; textile plants; plastic and glass; financial, education and medical institutions.

Prior to forming T.B. Harski & Associates, Mr. Harski was a senior project manager for Enterprise Appraisal Co. He started his career as an appraiser with Marshall & Stevens Appraisal Co. in 1966.

## EDUCATION

Mr. Harski received his Bachelor of Science in Industrial Management from Saint Joseph's University in Philadelphia, Pennsylvania. He has attended Education Programs in Valuation Methodology at Purdue University, Long Island University, University of Michigan, Virginia Commonwealth University and University of Pennsylvania.

In addition, his continuing education includes attending yearly industry conferences and seminars for completion of courses in valuation, engineering and cost estimation in adherence to the mandatory re-accreditation requirements of the American Society of Appraisers.

## PROFESSIONAL AFFILIATIONS

Mr. Harski has been tested and certified in the discipline of Machinery and Technical Valuation/Machinery & Equipment by the American Society of Appraisers. He holds the professional designation of ASA (Accredited Senior Appraiser). He is in compliance with the Principles of Appraisers Practice and Code of Ethics. His mandatory reaccredidation program is valid until November 10, 2009.

## COURT TESTIMONY

Mr. Harski has qualified as an expert witness in preparing and providing testimony in Delaware, Florida, New Jersey, New York and Pennsylvania.

| Billing From Ric Malik | Date | 8/26/23 |
|---|---|---|
| Supplies | Floor Drain and Pipe | $86 |
| Carpenter Rate Work | | |
| | 8/21/2023 | $200 |
| | 8/22/2023 | $200 |
| | 8/23/2023 | $200 |
| | 8/24/2023 | $200 |
| | 8/25/2023 | $320 |
| Laboror | | $0 |
| Supplies | | $0 |
| **Total** | | $1,206 |
| **Amount Paid** | | $0 |
| **Amount Outstanding** | | $1,206 |

*MORE Edit...*                                    Page 1 of 1

From: "Tama - FreeAxez" <tama@freeaxez.com>
To: "'Ric'" <ric@rmalikconstruction.com>
Cc: <earl@freeaxez.com>
Subject: Contract cover letter

Ric,

Attached is the cover letter you forwarded to me earlier but with some edits.  Please review and print on your
letter head and bring to our meeting tomorrow morning.

Kindly reply to confirm.  Thank you.

Best Regards,

 *Tama*

 ■Free**Axez**

FreeAxez LLC
1810 Underwood Blvd
Delran, NJ  08075
856-764-0400
856-764-0700 fax
www.freeaxez.com

 **Please consider the environment before printing this email**

CONTRACT COVER PAGE.docx









**UNITED STATES POSTAL SERVICE.**

VIEQUES
300 CALLE ANTONIO G MELLADO STE 1
VIEQUES, PR 00765-9997
www.usps.com

08/18/2025                                    03:34 PM

TRACKING NUMBERS
9589 0710 5270 0888 4700 15

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)



TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $3.28 |
| Cherry Hill, NJ 08003 | | | |
| Weight: 0 lb 6.70 oz | | | |
| Estimated Delivery Date | | | |
| Fri 08/22/2025 | | | |
| Certified Mail® | | | $5.30 |
| Tracking #: | | | |
| 9589 0710 5270 0888 4700 15 | | | |
| Return Receipt | | | $4.40 |
| Tracking #: | | | |
| 9590 9402 7960 2005 1767 49 | | | |
| Total | | | $12.98 |

Grand Total:                          $12.98

Cash                                  $20.00
Change                                -$7.02