**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF PUERTO RICO**

IN RE:
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

*RECEIVED AND FILED*
*PRO SE UPLOAD TOOL*
*08/27/2025 - 08:19 P.M.*
*USBC*
*(WRT)*

EARL GEERTGENS and TAMA GEERTGENS,
Plaintiffs,
v.
RIC F. MALIK,
Defendant.
Adv. Proc. No. 24-00015-ESL

## DEFENDANT'S COUNTER-STATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' STATEMENT OF FACTS

COMES NOW the Defendant, Ric F. Malik, pro se, and respectfully submits this Counter-Statement of Material Facts in Opposition to Plaintiffs' Statement of Facts, pursuant to Fed. R. Civ. P. 56, Fed. R. Bankr. P. 7056, and Local Rule 56. Defendant responds to each numbered paragraph of Plaintiffs' Statement of Facts as follows:

Each response tracks Plaintiffs' numbering exactly. Where appropriate, Defendant:
 • Admits undisputed facts,
 • Denies allegations that are misleading, inaccurate, or conclusions of law,
 • Admits in part / Denies in part when partial clarification is required,
 • Objects where Plaintiffs improperly state argument instead of fact.

Unified Defense Framework Applied Throughout:
- Moorestown Construction, LLC ceased operations after the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets.
- Its only asset was a Ford F-250 truck, sold at fair market value to MC Remodeling, LLC with payments completed before title transfer.
- MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a DBA on October 7, 2022.
- The only project Andrew continued midstream was the Myers project, which shifted after the Charging Order.

- Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy. She has independently owned and controlled them since then, and she directs sales leads under terms she negotiates.
- Defendant was in a one-year retirement transition (April 2022–April 2023), which concluded with his relocation to Puerto Rico. He had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC during this period.

## RESPONSES TO PLAINTIFFS' STATEMENT OF FACTS (10–124)

**10.** Plaintiffs allege that on June 12, 2019, they recovered a judgment against Ric Malik and R. Malik Construction, Inc. for consumer fraud, in the amount of $257,960, and that no appeal was filed.

**Response: Admit in part, deny in part.** Defendant admits that a judgment was entered on June 12, 2019, and that no appeal was filed. Defendant denies Plaintiffs' characterization that the judgment was for "consumer fraud." The New Jersey Superior Court opinion found only a technical violation of the New Jersey Home Improvement Practices Act relating to a three-day rescission clause, not fraud or misrepresentation. See Exhibit D (2019 NJ Judgment Opinion).

**11**. Plaintiffs allege that R. Malik Construction, LLC held business accounts with TD Bank until collection efforts by Plaintiffs caused Debtor to close them to avoid collection.

**Response: Deny**. Defendant acknowledges that R. Malik Construction, LLC previously maintained business accounts with TD Bank, but denies that accounts were closed "to avoid collection." The accounts were closed shortly after the business ended in 2015, in the ordinary course as the business wound down, four years before Plaintiffs obtained their judgment and eight years before bankruptcy. This allegation is especially not true because R. Malik Construction, LLC was itself the plaintiff in the 2015 lawsuit against the Geertgens for monies due. Plaintiffs' speculation as to motive is unsupported. See Exhibit F (Declaration of Ric Malik 3).

**12.** Plaintiffs allege Moorestown Construction, LLC maintained a business account with Republic Bank N.A. (now Fulton Bank).

**Response: Admit.** Moorestown Construction, LLC maintained a business account with Republic Bank during its operation.

**13**. Plaintiffs allege Moorestown Construction, LLC entered into a contract with Anne and Stephen Myers in August 2021 for construction services valued at $78,972, commencing in or about October 2021.

**Response: Admit in part, deny in part.** Defendant admits Moorestown Construction, LLC entered into a contract with the Myers family, but denies the accuracy of Plaintiffs' stated value and characterization. The scope and payment terms changed due to homeowner interference and lack of timely architectural plans. After entry of the Charging Order, Defendant was transitioning into retirement and had very limited involvement. The Myers project was thereafter handled independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." See Exhibit F (Declaration 4) and Exhibit I (Alternate Name Filing, Oct. 7, 2022).

**14**. Plaintiffs allege that in November 2021, the Township of Mt. Laurel, NJ issued construction permits to Moorestown Construction, LLC for the Myers project.

**Response: Admit.**

**15**. Plaintiffs allege that in November 2021, their counsel issued a post-judgment information subpoena to R. Malik Construction, Inc. and Ric Malik, seeking disclosure of assets.

**Response: Admit.** An information subpoena was served. Defendant made responses in good faith with the records available at the time.

**16**. Plaintiffs allege that in response to the information subpoena, Defendant provided incomplete information, including an unsigned 2018 tax return and a handwritten note regarding 327 Delaware Ave.

**Response: Admit in part, deny in part.** Defendant provided available information, including a handwritten note and partial tax return, while continuing to gather records. Defendant denies that the response was intended to mislead or evade discovery. The note reflected mortgages and judgments as understood at the time. See Exhibit F (Declaration 6).

**17**. Plaintiffs allege Moorestown Construction, LLC filed a 2021 tax return reporting $589,775.39 in revenues, $260,441 in gross profits, and depreciation deductions for $69,186 in assets.

**Response: Admit in part, deny in part.** Defendant admits that a 2021 tax return was filed,

but denies Plaintiffs' characterization of the figures as evidence of hidden or misused assets. The return was prepared by an independent accountant using standard entries. Defendant had no involvement in perpetration, and relied on the accountant's professional preparation. To the extent any amounts were reported on Defendant's personal return, those figures were included on a joint return with his spouse, Karen Malik, and therefore reflect household income, not solely Defendant's income. See Exhibit L (Accountant's Letter).

**18**. Plaintiffs allege Defendant failed to respond to follow-up requests for a completed information subpoena until a contempt motion was filed, later withdrawn.
**Response: Deny**. Defendant, through counsel, provided responses after retaining legal assistance, and the motion was withdrawn accordingly. Any deficiencies were technical, not willful. See Exhibit F (Declaration 7).

**19**. Plaintiffs allege that on February 23, 2022, they filed a motion for a charging order against Defendant's interest in Moorestown Construction, LLC.
**Response: Admit.** Plaintiffs sought a charging order on February 23, 2022. Defendant contested the motion in good faith, disputing ownership and obligations.

**20**. Plaintiffs allege that upon service of the charging order motion on February 23, 2022, Debtor was put on notice that assets and financial affairs of Moorestown Construction, LLC would be subject to injunctive relief, disclosure, and other restrictions.
**Response: Admit in part, deny in part.** Defendant admits he was served with the motion, but denies that service alone constituted any final determination regarding ownership, assets, or obligations. Defendant contested the charging order and maintained that Plaintiffs were overstating company assets. See Exhibit G (Charging Order filings).

**21**. Plaintiffs allege that in February 2022, Moorestown Construction, LLC deposited $54,645.66 into its Republic Bank account, including $30,000 from Anne and Stephen Myers.
**Response:** Admit in part. Defendant admits the deposit occurred. Denies any implication of wrongdoing. Deposits were made in the ordinary course of business for work performed. See Exhibit F (Declaration 8).

**22**. Plaintiffs allege that in March 2022, Moorestown Construction, LLC deposited $31,842 into its Republic Bank account from Anne and Stephen Myers.

**Response: Admit.** Defendant acknowledges this deposit was made in March 2022 for the Myers project. Denies any inference that the deposit was improper.

**23**. Plaintiffs allege that on March 16, 2022, Debtor issued a certified response to the information subpoena that contained inaccurate information, including an incorrect social security number, and claimed no income or business ownership, omitting Moorestown Construction, LLC.

**Response: Deny**. Defendant's March 16, 2022 response was made in good faith and to the best of his knowledge at the time. Any errors were inadvertent and not intended to mislead or conceal assets. At that time, Defendant had no involvement in management decisions, as he was transitioning into retirement. Any ongoing business activity was managed independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." To the extent Defendant provided incidental assistance, it was in a personal capacity as a father, not in any managerial role. Defendant's personal tax return for 2022 was filed jointly with his spouse, Karen Malik, and the amounts Plaintiffs cite reflect household income combined between spouses, not solely Defendant's income. See Exhibit F (Declaration 9) and Exhibit I (Alternate Name Filing).

**24**. Plaintiffs allege that in March 2022, while the charging order motion was pending, Moorestown Construction deposited receipts into the bank account of MC Remodeling Corp., a dissolved corporation controlled by Defendant's son, including check #243 from the Myers project.

**Response: Admit in part, deny in part.** Defendant admits that papers in discovery show payments were directed to MC Remodeling accounts at that time, but denies that this was improper or a violation. After the charging order motion was filed, Defendant stepped back from Moorestown Construction LLC, and asked his son to assume responsibility as a subcontractor, for project finances through MC Remodeling, LLC, which later registered on October 7, 2022 to do business as "Moorestown Construction." See Exhibit F (Declaration 10) and Exhibit I (Alternate Name Filing).

**25**. Plaintiffs allege that in March 2022, Moorestown Construction, LLC deposited a total of $55,058 into its Republic Bank account, but by the end of the month the balance dropped to $2,046.98, with no further deposits, and revenues thereafter directed to MC Remodeling Corp.

**Response: Admit in part, deny in part.** Defendant admits that Moorestown Construction, LLC deposited funds in March 2022. Defendant denies that subsequent deposits into MC Remodeling, LLC's accounts were improper or constituted concealment, and further denies having control over the bank accounts of MC Remodeling, LLC.   At this time, Moorestown Construction, LLC had already stepped back due to the pending charging order, and Andrew Malik's company, MC Remodeling, LLC — later registered on October 7, 2022 to do business as "Moorestown Construction" — assumed responsibility as a subcontractor. See Exhibit F (Declaration 10) and Exhibit I (Alternate Name Filing).

**26**. Plaintiffs allege that Defendant, as an authorized signer on MC Remodeling Corp.'s TD Bank account, retained access to Moorestown Construction funds after their deposit into MC Remodeling's account.

**Response: Admit in part, deny in part.** Defendant admits his name was listed as an authorized signer on certain accounts, but denies using this access to conceal or misappropriate funds. His son, Andrew Malik, manages MC Remodeling LLC and it's finances. Any overlap was due to legacy account authorizations from 2012, not improper conduct. See Exhibit F (Declaration 11).

**27**. Plaintiffs allege that MC Remodeling Corp., a defunct entity dissolved in 2012, was nevertheless used for financial affairs of Moorestown Construction , MC Remodeling, LLC, and the Malik family.

**Response: Deny**. Defendant denies that MC Remodeling Corp. was intentionally used to conceal assets. The entity's dissolved status was not known at the time, because its accounts had remained active for years, and it was not used to conceal monies. Funds received during this period were managed by Andrew Malik through MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." The application for alternate name left the certification box unchecked as to prior use, confirming ambiguity. See Exhibit H (Gift/Transfer Letters) and Exhibit I (Alternate Name Filing).

**28**. Plaintiffs allege that the Malik family's use of MC Remodeling Corp.'s accounts served no purpose other than to secret assets from collection.

**Response: Deny**. Defendant denies this allegation. Payments through MC Remodeling accounts were part of an orderly transition into retirement after the charging order restricted Moorestown Construction, LLC. Defendant ceased  control, and his son was engaged as a subcontractor to complete the Myers project through MC Remodeling, LLC, which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' claim of concealment is speculative and unsupported. See Exhibit F (Declaration 11) and Exhibit I (Alternate Name Filing).

**29**. Plaintiffs allege that on April 1, 2022, Moorestown Construction deposited a Myers payment of $10,065 into MC Remodeling's TD Bank account.

**Response: Admit in part, deny in part.** Defendant admits that the records Plaintiffs have produced show a payment was deposited into MC Remodeling's account, but denies knowledge of this transaction at the time and denies that it was improper or a violation. This occurred during Defendant's transition into retirement after the charging order, when the project was subcontracted to Andrew Malik and MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." See Exhibit F (Declaration 12) and Exhibit I (Alternate Name Filing).

**30**. Plaintiffs allege that on April 4, 2022, Moorestown Construction deposited a Myers payment of $10,000 into MC Remodeling's TD Bank account.

**Response: Admit in part, deny in part.** Defendant admits the records show a payment deposited into MC Remodeling's account, but denies that it was improper or intended to conceal funds. This occurred during Defendant's transition into retirement after the charging order, when the Myers project was subcontracted to Andrew Malik through MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." See Exhibit F (Declaration 12) and Exhibit I (Alternate Name Filing).

**31**. Plaintiffs allege that on April 25, 2022, the state court entered a Charging Order requiring distributions from Moorestown Construction, LLC be made to Plaintiffs, prohibiting transfers of assets, and requiring financial disclosures, finding Defendant was the owner.

**Response:** Plaintiffs' reliance on the reported $70–75,000 is misplaced. Defendant's personal tax returns were filed jointly with his spouse, Karen Malik, and the reported figure represents household income, not solely Defendant's compensation. At the time in question, Defendant received no wages or direct personal draw from Moorestown Construction, LLC.

**32**. Plaintiffs allege that Defendant told the Court and Plaintiffs that Moorestown Construction, LLC was not owned by him and no longer operating, but that he continued those operations through MC Remodeling, LLC.

**Response: Deny**. Defendant denies that he continued operating Moorestown Construction, LLC. By this time, Defendant was transitioning into retirement and had ceased personal involvement in contracting or management decisions. Any ongoing business activity was managed independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." To the extent Plaintiffs point to business logos, phone numbers, or equipment, those items were appraised and gifted to Karen Malik in 2006. She has owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' attempt to attribute those independent business activities to Defendant is speculative and unsupported. See Exhibit F (Declaration 14), Exhibit I (Alternate Name Filing), and Exhibit H (Gift Letter, 2006).

**33**. Plaintiffs allege that after April 2022 and until September 2023, Moorestown Construction deposited over $800,000 into MC Remodeling's accounts, effectively operating its financial affairs through Andrew Malik's companies.

**Response: Deny**. Defendant denies that Moorestown Construction, LLC operated financial affairs during this period. By mid-2022, Defendant was transitioning into retirement and had ceased personal involvement in contracting or management decisions. Any revenues or contracts during this time were managed independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Defendant had no authority over MC Remodeling, LLC's accounts, contracts, or finances. Plaintiffs' attempt to attribute those funds to Defendant is speculative and unsupported. See Exhibit F (Declaration 15) and Exhibit I (Alternate Name Filing).

**34**. Plaintiffs allege that on May 3, 2022, Moorestown Construction transferred title to a Ford F-250 pickup truck to MC Remodeling, LLC without proof of payment, in violation of the Charging Order.

**Response: Deny**. Defendant denies that the transfer was improper or a violation of the Charging Order. The 2015 Ford F-250 was sold at fair market value to Andrew Malik's company, MC Remodeling, LLC, with payments made in cash prior to the title transfer. Documentation of the sale and payments exists and supports the legitimacy of the transaction. By this time, Defendant was transitioning into retirement and had ceased personal involvement in contracting or management decisions. The truck became the property of MC Remodeling, LLC, an independent company owned and managed by Andrew Malik, which later registered on October 7, 2022 to do business as "Moorestown Construction." See Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit I (Alternate Name Filing).

**35**. Plaintiffs allege that after May 2022, Moorestown Construction, LLC continued operations and concealed assets by using MC Remodeling, LLC bank accounts to deposit payments from the Myers and Proll projects.

**Response: Deny**. Defendant denies that Moorestown Construction, LLC continued operations or concealed assets after May 2022. By that time, Defendant was transitioning into retirement and had ceased personal involvement in contracting or management decisions. Any deposits or revenues from the Myers or Proll projects were handled independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Defendant had no authority over MC Remodeling, LLC's accounts or contracts, and Plaintiffs' attempt to attribute its financial activity to Defendant is speculative and unsupported. See Exhibit F (Declaration 16) and Exhibit I (Alternate Name Filing).

**36**. Plaintiffs allege that in June 2022, Moorestown Construction, LLC issued checks from MC Remodeling, LLC accounts to workers and subcontractors, showing that Defendant continued to operate Moorestown Construction under a different name.

**Response: Deny**. Defendant denies that he continued to operate Moorestown Construction, LLC under a different name. By June 2022, Defendant was transitioning into retirement and had ceased personal involvement in management decisions. Any checks issued from MC Remodeling, LLC accounts were the responsibility of Andrew Malik, as sole member of his

independently managed company. MC Remodeling, LLC later registered on October 7, 2022 to do business as "Moorestown Construction." Defendant had no authority over MC Remodeling, LLC's accounts or disbursements, and Plaintiffs' claim of continuity is speculative and unsupported. See Exhibit F (Declaration 17) and Exhibit I (Alternate Name Filing).

**37**. Plaintiffs allege that in July 2022, Moorestown Construction, LLC entered into a written contract with the Proll family for a residential renovation project, further evidence that Defendant continued operating Moorestown Construction despite the Charging Order.

**Response: Deny**. Defendant denies that he continued operating Moorestown Construction, LLC after entry of the Charging Order. The July 12, 2022 Proll contract was entered into by Andrew Malik's company, MC Remodeling, LLC, which is independently owned and managed by him. The contract itself identifies MC Remodeling, LLC doing business as "Moorestown Construction." The formal Alternate Name filing was later made on October 7, 2022, confirming Andrew Malik's authority to use that trade name. Defendant had ceased personal involvement by this time as part of his transition into retirement and had no authority over MC Remodeling, LLC's accounts, contracts, or management. To the extent Plaintiffs point to business logos, phone numbers, marketing, or equipment, those assets were appraised and gifted to Karen Malik in 2006. She has owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' attempt to equate the Proll contract with Defendant's operation of Moorestown Construction LLC, is speculative and unsupported. See Exhibit F (Declaration 18), Exhibit I (Alternate Name Filing), Exhibit H (Gift Letter, 2006), and Proll Contract (July 12, 2022).

**38**. Plaintiffs allege that in September 2022, a construction permit for the Proll project was issued in the name of Moorestown Construction, LLC, further demonstrating that Defendant continued operating the company after the Charging Order.

**Response: Deny**. Defendant denies that he continued operating Moorestown Construction, LLC or was involved in obtaining permits for the Proll project. By September 2022, Defendant was transitioning into retirement and had ceased personal involvement in contracting or management decisions. The Proll permit was issued by the Township of Moorestown on its own accord, using Moorestown Construction, LLC's prior registration number as a matter of recordkeeping. The project itself was managed by Andrew Malik

through his company, MC Remodeling, LLC, which was independently owned and managed by him. That company later registered on October 7, 2022 to do business as "Moorestown Construction." Any use of that trade name prior to the October 7, 2022 filing was under Andrew Malik's authority and not Defendant's. See Exhibit F (Declaration 19), Exhibit I (Alternate Name Filing), and Proll Permit (Sept. 27, 2022).

**39**. Plaintiffs allege that in October 2022, Defendant continued to operate Moorestown Construction, LLC by receiving payments for the Proll project under the name "Moorestown Construction."

**Response: Deny**. Defendant denies that he continued to operate Moorestown Construction, LLC or received payments for the Proll project. By October 2022, Defendant was transitioning into retirement and had ceased personal involvement in contracting or management decisions. Any payments associated with the Proll project were managed independently by Andrew Malik through his company, MC Remodeling, LLC, which later registered on October 7, 2022 to do business as "Moorestown Construction." Defendant had no authority over MC Remodeling, LLC's accounts or contracts, and any use of the trade name prior to the October 7, 2022 filing was solely under Andrew Malik's authority. See Exhibit F (Declaration 20) and Exhibit I (Alternate Name Filing).

**40**. Plaintiffs allege that in October 2022, Moorestown Construction, LLC deposited additional payments from the Proll family into MC Remodeling, LLC's TD Bank account, further evidence that Defendant continued business operations under another name.

**Response: Deny**. Defendant denies that signing documents as "GM" reflected ownership or control of MC Remodeling, LLC. Defendant was not an owner of MC Remodeling, LLC. By that time, Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. The use of "GM" was an informal courtesy title reflecting Defendant's prior experience, not an indication of ownership or authority. A manager is an employee who can be hired or dismissed; ownership cannot be transferred in that way. All contracts and revenues during this period were managed independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction."

**41.** Plaintiffs allege that Defendant continued to act as general manager for Moorestown Construction, meeting with clients and executing contracts on behalf of the company even after the Charging Order, showing that he still controlled its operations.

**Response: Deny**. Defendant denies directing workers, subcontractors, or maintaining control over operations. After the April 25, 2022 Charging Order, Defendant entered into a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. Business phone numbers, marketing, and logos were owned and controlled by Karen Malik, who has independently directed sales leads to contractors since 2006 under terms she negotiates. During that period, she sometimes referred leads to Andrew Malik and his company, MC Remodeling, LLC, among others. The only ongoing project that Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. On limited occasions, Defendant may have used the courtesy title "GM" when meeting with clients, but this was not evidence of ownership or authority. A manager is an employee who can be hired or dismissed, unlike an owner whose rights are permanent. Defendant also acknowledges longstanding, friendly relationships with many subcontractors after more than 45 years working in the Moorestown community, but any such conversations were personal or social in nature, not managerial or directive. All supervision of projects, subcontractor relationships, and finances during this period were handled independently by Andrew Malik through MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' attempt to equate Defendant's courtesy use of "GM" or his social relationships with subcontractors as control of operations is speculative and unsupported. See Exhibit F (Declaration 23), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).


**42.** Plaintiffs allege that Defendant maintained authority over subcontractors after the Charging Order by directing who worked on projects, demonstrating that he remained in control of operations.

**Response: Deny**. Defendant denies maintaining authority over subcontractors after the Charging Order. Following April 25, 2022, Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. Defendant had no involvement in management decisions, accounts, or finances during this period. Business phone numbers, marketing, and logos were owned and controlled by

Karen Malik, who has independently directed sales leads to contractors since 2006 under terms she negotiates. At her discretion, she sometimes referred leads to Andrew Malik and his company, MC Remodeling, LLC, among others. The only project that Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant's longstanding, friendly relationships with subcontractors—developed over more than 45 years in the Moorestown community—were personal and social in nature, not directive or managerial. Plaintiffs' attempt to construe those relationships as operational control is speculative and unsupported. See Exhibit F (Declaration 24), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**43.** Plaintiffs allege that Defendant continued to control construction activities by coordinating subcontractors and vendors through Moorestown Construction, LLC and MC Remodeling, LLC, despite the Charging Order.

**Response: Deny**. Defendant denies coordinating subcontractors or vendors after the Charging Order. Following April 25, 2022, Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. Defendant had no involvement in management decisions, accounts, or finances during this period. Business phone numbers, marketing, and logos were appraised and gifted to Karen Malik in 2006, and she has independently owned and controlled them since that time, directing sales leads to contractors under terms she negotiates. At her discretion, Karen sometimes referred leads to Andrew Malik and his company, MC Remodeling, LLC, among others. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant acknowledges he has longstanding, friendly relationships with many subcontractors after more than 45 years in the Moorestown community, but any conversations were personal or social in nature, not managerial or directive. Plaintiffs' attempt to frame these family and community relationships as continued control of operations is speculative and unsupported. See Exhibit F (Declaration 25), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**44**. Plaintiffs allege that Defendant concealed assets and business activity by failing to file a 2022 tax return for Moorestown Construction, LLC, despite ongoing projects and revenues.

**Response: Deny**. Defendant denies concealing assets or business activity. By 2022,

Defendant was transitioning into retirement and had ceased personal involvement in management decisions, accounts, or finances. Moorestown Construction, LLC had no ongoing projects of its own and therefore had no returnable activity for 2022. Any construction work and revenues in 2022 were managed independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Defendant's personal tax return for 2022 was filed jointly with his spouse, Karen Malik, and any income reported reflected household income, not solely Defendant's income. Plaintiffs' allegation that the absence of a 2022 Moorestown Construction, LLC return proves concealment is speculative and unsupported. See Exhibit F (Declaration 25), Exhibit I (Alternate Name Filing), and Exhibit L (Accountant's Letter).


**45**. Plaintiffs allege that Defendant continued to conceal income by reporting approximately $75,000 in business income on his 2022 personal tax return, despite certifying "no income" in response to discovery.

**Response: Deny**. Defendant denies concealing income. Defendant's March 16, 2022 discovery response was made in good faith and to the best of his knowledge at the time, reflecting that he had no wages or direct compensation from Moorestown Construction, LLC as he was transitioning into retirement. The approximately $75,000 figure reported on his 2022 personal tax return was a pass-through amount prepared by an independent accountant for tax purposes, not cash actually received. Moreover, the return was filed jointly with Defendant's spouse, Karen Malik, and therefore reflects combined household income, not solely Defendant's income. Any construction revenues during 2022 were managed independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' effort to equate a joint tax filing with undisclosed personal income is speculative and unsupported. See Exhibit F (Declaration 26), Exhibit I (Alternate Name Filing), and Exhibit L (Accountant's Letter).


**46**. Plaintiffs allege that Defendant attempted to evade collection by dissolving Moorestown Construction, LLC in September 2023 while continuing operations through MC Remodeling, LLC doing business as "Moorestown Construction."

**Response: Deny**. Defendant denies attempting to evade collection. Moorestown

Construction, LLC was formally dissolved in September 2023 because it had no assets and had ceased operating after the April 25, 2022 Charging Order. The only asset the company ever owned was a Ford F-250 truck, which was sold at fair market value to Andrew Malik's company, MC Remodeling, LLC, with payments made prior to title transfer. By the time of dissolution, the company held nothing of value. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. Any ongoing construction projects during this time were handled independently by Andrew Malik through his company, MC Remodeling, LLC, which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' attempt to conflate the dissolved entity, Moorestown Construction, LLC, with the separate and independently managed MC Remodeling, LLC (later DBA "Moorestown Construction") is misleading and unsupported. See Exhibit F (Declaration 27), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**47**. Plaintiffs allege that the dissolution of Moorestown Construction, LLC was a sham designed to frustrate creditors, since Defendant's son continued the same business under MC Remodeling, LLC doing business as "Moorestown Construction."

**Response: Deny**. Defendant denies that the dissolution of Moorestown Construction, LLC was a sham or intended to frustrate creditors. Moorestown Construction, LLC ceased operations after the April 25, 2022 Charging Order and was formally dissolved in September 2023 because it had no assets. The only asset it ever owned was a Ford F-250 truck, which was sold at fair market value to Andrew Malik's company, MC Remodeling, LLC, with payments made prior to the title transfer. By the time of dissolution, the company was empty and inactive. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. The fact that Andrew Malik continued his own construction business through MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction" — reflects Andrew's independent activity, not a continuation of Defendant's dissolved entity. Plaintiffs' effort to equate the two distinct entities is speculative and unsupported. See Exhibit F (Declaration 28), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**48**. Plaintiffs allege that Defendant concealed assets by transferring business goodwill, customer contacts, and marketing materials from Moorestown Construction, LLC to MC Remodeling, LLC without compensation, further showing continuation of the same business.

**Response: Deny**. Defendant denies that any assets were concealed or transferred from Moorestown Construction, LLC to MC Remodeling, LLC. Moorestown Construction, LLC never owned goodwill, customer lists, or marketing materials of value. The only asset the company ever owned was a Ford F-250 truck, which was sold at fair market value with payments completed before the title transfer. Business phone numbers, logos, marketing, and equipment were separately appraised and gifted to Karen Malik in 2006, and she has owned and controlled them since that time. She is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. By the time of the company's dissolution in September 2023, Moorestown Construction, LLC had no assets. Any subsequent business activity was independently managed by Andrew Malik through his company, MC Remodeling, LLC, which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' attempt to equate Andrew's separate company with Defendant's dissolved LLC is speculative and unsupported. See Exhibit F (Declaration 29), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**49**. Plaintiffs allege that Defendant used the continued business activity of MC Remodeling, LLC doing business as "Moorestown Construction" to divert income and conceal assets that should have been available to creditors of Moorestown Construction, LLC.

**Response: Deny**. Defendant denies diverting income or concealing assets. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets remaining. The only asset the company ever owned was a Ford F-250 truck, which was sold at fair market value to Andrew Malik's company, MC Remodeling, LLC, with payments completed before the title transfer. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006, and she has owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. All business activity after April 2022 was managed independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' attempt to equate MC

Remodeling, LLC with Defendant's dissolved LLC is speculative and unsupported. See
Exhibit F (Declaration 30), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing),
Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate
of Dissolution, Sept. 12, 2023).

**50**. Plaintiffs allege that Defendant's retirement and the dissolution of Moorestown
Construction, LLC were merely pretexts, and that in reality he continued the same business
under his son's company, MC Remodeling, LLC, to evade the Charging Order and creditors.
**Response: Deny**. Defendant denies that his retirement or the dissolution of Moorestown
Construction, LLC were pretexts to evade creditors. Defendant was legitimately
transitioning into retirement after decades in the construction trade, and Moorestown
Construction, LLC ceased operations following the April 25, 2022 Charging Order. The
company was formally dissolved in September 2023 because it had no assets; its only asset,
a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC with
payments completed prior to the transfer of title. Business phone numbers, logos,
marketing, and equipment were appraised and gifted to Karen Malik in 2006, and she has
independently owned and controlled them since that time, receiving compensation under
terms she negotiates with contractors or companies to whom she provides sales leads. Any
construction work after April 2022 was managed solely by Andrew Malik through his
independently owned and operated company, MC Remodeling, LLC — which later
registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs'
attempt to conflate Defendant's retirement and dissolution with continuation of business
activity is speculative and unsupported. See Exhibit F (Declaration 31), Exhibit H (Gift
Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K
(Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**51**. Plaintiffs allege that Defendant and his family used a pattern of dissolving entities and
transferring assets to continue operations while avoiding creditor collection, citing
Moorestown Construction, LLC and MC Remodeling, LLC as examples.
**Response: Deny**. Defendant denies that he or his family used any pattern of dissolving
entities or transferring assets to avoid creditors. Moorestown Construction, LLC ceased
operations following the April 25, 2022 Charging Order and was formally dissolved in
September 2023 because it had no assets. Its only asset, a Ford F-250 truck, was sold at fair

market value to MC Remodeling, LLC, with payments completed before the title transfer. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled those assets since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. All post-2022 contracting work was managed solely by Andrew Malik through his independently owned and operated company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' claim of a pattern of dissolutions or transfers is speculative, ignores the absence of assets in Moorestown Construction, LLC, and improperly conflates distinct entities. See Exhibit F (Declaration 32), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**52**. Plaintiffs allege that Defendant concealed business continuity by allowing Andrew Malik to use the name "Moorestown Construction" through MC Remodeling, LLC, creating confusion for customers and creditors.

**Response: Deny**. Defendant denies concealing business continuity or allowing Andrew Malik to misuse the name "Moorestown Construction." By the time Andrew registered "Moorestown Construction" as a trade name for his company, MC Remodeling, LLC, on October 7, 2022, Defendant was transitioning into retirement and had ceased personal involvement in contracting or management decisions. The use of that trade name was entirely Andrew Malik's independent business decision. Moorestown Construction, LLC, the dissolved entity, had no assets and no operations by that time; its only asset, a Ford F-250 truck, had already been sold at fair market value before dissolution. Business phone numbers, logos, marketing, and equipment were separately appraised and gifted to Karen Malik in 2006; she has owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' attempt to equate Andrew's lawful registration of a DBA with concealment or continuity of Defendant's dissolved entity is speculative and unsupported. See Exhibit F (Declaration 33), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**53**. Plaintiffs allege that Defendant used MC Remodeling, LLC d/b/a "Moorestown Construction" as a continuation of his own business, directing revenues and contracts through his son to avoid creditor collection.

**Response: Deny**. Defendant denies that MC Remodeling, LLC d/b/a "Moorestown Construction" was a continuation of his business or that he directed revenues or contracts through Andrew Malik. By the time Andrew registered the trade name "Moorestown Construction" for his company on October 7, 2022, Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. Moorestown Construction, LLC, Defendant's dissolved entity, had ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC with payments completed prior to the title transfer. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006, and she has independently owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. MC Remodeling, LLC is independently owned and managed by Andrew Malik, and Plaintiffs' attempt to equate it with Defendant's dissolved company is speculative and unsupported. See Exhibit F (Declaration 34), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**54**. Plaintiffs allege that Defendant orchestrated the transfer of Moorestown Construction, LLC's business operations to MC Remodeling, LLC by shifting clients, subcontractors, and revenues, in order to evade the Charging Order and creditors.

**Response: Deny**. Defendant denies orchestrating any transfer of Moorestown Construction, LLC's business operations to MC Remodeling, LLC. Moorestown Construction, LLC ceased operations after the April 25, 2022 Charging Order and was formally dissolved in September 2023 because it had no assets. The company's only asset, a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC with payments completed prior to the title transfer. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances during this time. Clients and subcontractors continued their work independently with Andrew Malik through his company, MC Remodeling, LLC, which later registered on October 7, 2022 to do business as

"Moorestown Construction." Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006, and she has owned and controlled them since then, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' allegation that Defendant orchestrated a transfer of business operations is speculative and unsupported. See Exhibit F (Declaration 35), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**55**. Plaintiffs allege that Defendant's supposed "retirement" was a sham, pointing to his continued presence at job sites and communications with subcontractors as evidence that he remained in control of construction operations.

**Response: Deny**. Defendant denies that his retirement was a sham or that he remained in control of construction operations. By this time, Defendant was legitimately transitioning into retirement and had ceased personal involvement in management decisions, accounts, or finances. Defendant acknowledges longstanding, friendly relationships with many subcontractors after more than 45 years working in the Moorestown community, but any such conversations were social in nature and not directive or managerial. Moorestown Construction, LLC had ceased operations after the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, had already been sold at fair market value with payments completed before title transfer. Any projects or revenues during this period were managed solely and independently by Andrew Malik through his company, MC Remodeling, LLC, which later registered on October 7, 2022 to do business as "Moorestown Construction." Business phone numbers, logos, marketing, and equipment were separately appraised and gifted to Karen Malik in 2006, and she has owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' attempt to equate Defendant's limited presence at job sites with managerial control is speculative and unsupported. See Exhibit F (Declaration 36), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**56**. Plaintiffs allege that Defendant misrepresented his financial condition in bankruptcy by failing to disclose his continued involvement in Moorestown Construction or MC Remodeling, LLC, and by omitting assets allegedly transferred to family members.

**Response: Deny**. Defendant denies misrepresenting his financial condition in bankruptcy or omitting assets. By the time of the bankruptcy filing in October 2023, Moorestown Construction, LLC had already ceased operations and was dissolved with no assets. Its only asset, a Ford F-250 truck, had been sold at fair market value with payments completed before title transfer. Defendant had legitimately transitioned into retirement and had no involvement in management decisions, accounts, or finances of any construction company. All ongoing projects and revenues were managed independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Business phone numbers, logos, marketing, and equipment were separately appraised and gifted to Karen Malik in 2006, and she has owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' suggestion that Defendant misrepresented his financial condition by failing to include property belonging to others is speculative and unsupported. See Exhibit F (Declaration 37), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**57**. Plaintiffs allege that Defendant diverted customer payments from Moorestown Construction, LLC into family-controlled accounts, including those of MC Remodeling, LLC, to prevent creditors from collecting.

**Response: Deny**. Defendant denies diverting customer payments or using family-controlled accounts to prevent collection. By the time of the April 25, 2022 Charging Order, Moorestown Construction, LLC had ceased operations and was no longer contracting for or receiving customer payments. Its only asset, a Ford F-250 truck, had been sold at fair market value with payments completed before the transfer of title. Any customer payments made after that date were handled independently by Andrew Malik through his company, MC Remodeling, LLC, which later registered on October 7, 2022 to do business as "Moorestown Construction." Defendant had no involvement in the management of MC Remodeling, LLC's accounts or finances. Business phone numbers, logos, marketing, and

equipment were separately appraised and gifted to Karen Malik in 2006; she has owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' allegation that Defendant diverted funds is speculative and unsupported. See Exhibit F (Declaration 38), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**58**. Plaintiffs allege that Defendant concealed assets and misled creditors by continuing to accept or benefit from customer payments deposited into MC Remodeling, LLC's accounts under the name "Moorestown Construction."

**Response: Deny**. Defendant denies concealing assets or benefiting from customer payments deposited into MC Remodeling, LLC's accounts. By this time, Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. Moorestown Construction, LLC had ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed before the title transfer. All revenues and customer payments after April 2022 were managed solely and independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006, and she has owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' allegation that Defendant concealed or benefited from customer payments is speculative and unsupported. See Exhibit F (Declaration 39), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**59**. Plaintiffs allege that Defendant attempted to shield assets by allowing MC Remodeling, LLC d/b/a "Moorestown Construction" to continue using the goodwill, trade name, and reputation of Moorestown Construction, LLC to generate revenues that should have been available to creditors.

**Response: Deny**. Defendant denies shielding assets or transferring goodwill. Moorestown Construction, LLC ceased operations after the April 25, 2022 Charging Order and was dissolved in September 2023 because it had no assets. The company never held independent goodwill, customer lists, or intangible property of value. Its only asset was a Ford F-250 truck, which was sold at fair market value to MC Remodeling, LLC with payments completed before the transfer of title. Business phone numbers, logos, marketing, and equipment were separately appraised and gifted to Karen Malik in 2006; she has owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Any use of the name "Moorestown Construction" was lawfully registered on October 7, 2022 by Andrew Malik for his independently owned company, MC Remodeling, LLC. Plaintiffs' attempt to equate Andrew's independent business branding with concealed assets of Defendant's dissolved entity is speculative and unsupported. See Exhibit F (Declaration 40), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

60. Plaintiffs allege that Defendant's transfer of assets and operations to his son's company constituted a fraudulent scheme to hinder, delay, or defraud creditors of Moorestown Construction, LLC.

**Response: Deny**. Defendant denies engaging in any fraudulent scheme to hinder, delay, or defraud creditors. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 because it had no assets. The company's only asset was a Ford F-250 truck, which was sold at fair market value to MC Remodeling, LLC, with payments completed prior to the title transfer. Business phone numbers, logos, marketing, and equipment were separately appraised and gifted to Karen Malik in 2006; she has owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. Any business operations or revenues after April 2022 were managed solely and independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' attempt to characterize Defendant's retirement and dissolution as a fraudulent scheme is speculative and unsupported. See

Exhibit F (Declaration 41), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**60**. Plaintiffs allege that Defendant's transfer of assets and operations to his son's company constituted a fraudulent scheme to hinder, delay, or defraud creditors of Moorestown Construction, LLC.

**Response: Deny**. Defendant denies engaging in any fraudulent scheme to hinder, delay, or defraud creditors. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 because it had no assets. The company's only asset was a Ford F-250 truck, which was sold at fair market value to MC Remodeling, LLC, with payments completed prior to the title transfer. Business phone numbers, logos, marketing, and equipment were separately appraised and gifted to Karen Malik in 2006; she has owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. Any business operations or revenues after April 2022 were managed solely and independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' attempt to characterize Defendant's retirement and dissolution as a fraudulent scheme is speculative and unsupported. See Exhibit F (Declaration 41), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**61**. Plaintiffs allege that Defendant continued to benefit from revenues of MC Remodeling, LLC d/b/a "Moorestown Construction" by receiving personal compensation or family support from funds that should have been available to creditors.

**Response: Deny**. Defendant denies receiving compensation or benefiting from revenues of MC Remodeling, LLC. By this time, Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. Moorestown Construction, LLC had ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC, with payments completed prior to

the title transfer. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. All revenues after April 2022 were managed solely by Andrew Malik through his company, MC Remodeling, LLC, which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' attempt to claim Defendant benefitted personally from revenues of MC Remodeling, LLC is speculative and unsupported. See Exhibit F (Declaration 42), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**62**. Plaintiffs allege that Defendant used MC Remodeling, LLC d/b/a "Moorestown Construction" as his alter ego, directing business activities through his son to conceal assets and avoid creditor collection.

**Response: Deny**. Defendant denies that MC Remodeling, LLC d/b/a "Moorestown Construction" was his alter ego or that he directed business activities through his son. By the time Andrew Malik registered "Moorestown Construction" as a trade name for his company on October 7, 2022, Defendant was transitioning into retirement and had ceased personal involvement in contracting or management decisions. Moorestown Construction, LLC had already ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, had been sold at fair market value with payments completed prior to title transfer. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006, and she has independently owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. All revenues, contracts, and management decisions after April 2022 were handled solely and independently by Andrew Malik through his company, MC Remodeling, LLC. Plaintiffs' attempt to label MC Remodeling, LLC as Defendant's alter ego is speculative and unsupported. See Exhibit F (Declaration 43), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**63**. Plaintiffs allege that Defendant, together with his spouse and son, engaged in a coordinated plan to conceal assets and continue business operations under different names, using Moorestown Construction, LLC, MC Remodeling, LLC, and family accounts to frustrate collection.

**Response: Deny**. Defendant denies engaging in any coordinated plan with his spouse or son to conceal assets or continue business operations under different names. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 because it had no assets. The only asset the company ever owned was a Ford F-250 truck, which was sold at fair market value to MC Remodeling, LLC with payments completed prior to the transfer of title. Business phone numbers, logos, marketing, and equipment were separately appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. All business operations and revenues after April 2022 were managed solely and independently by Andrew Malik through his company, MC Remodeling, LLC — which later registered on October 7, 2022 to do business as "Moorestown Construction." Plaintiffs' broad allegation of a coordinated family scheme is speculative and unsupported. See Exhibit F (Declaration 44), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**64**. Plaintiffs allege that Defendant misled the Court by failing to disclose his interest in MC Remodeling, LLC and its use of the trade name "Moorestown Construction" when responding to discovery and bankruptcy filings.

**Response: Deny**. Defendant denies failing to disclose any ownership interest in MC Remodeling, LLC because he has never been an owner or member of that company. MC Remodeling, LLC is solely owned and managed by Andrew Malik, who later registered on October 7, 2022 to do business as "Moorestown Construction." Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Moorestown Construction, LLC, Defendant's dissolved entity, ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, had already been sold at

fair market value with payments completed before the title transfer. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant's bankruptcy and discovery responses were accurate, as he disclosed his own financial condition and not assets belonging to Andrew Malik or Karen Malik. Plaintiffs' allegation is speculative and unsupported. See Exhibit F (Declaration 45), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**65**. Plaintiffs allege that Defendant used his bankruptcy filing in Puerto Rico as a shield while continuing to operate and benefit from Moorestown Construction, LLC and MC Remodeling, LLC, thereby abusing the bankruptcy process.

**Response: Deny**. Defendant denies abusing the bankruptcy process or continuing to operate or benefit from Moorestown Construction, LLC or MC Remodeling, LLC. By the time of his Chapter 7 filing in October 2023, Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of any construction company. Moorestown Construction, LLC had ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC with payments completed prior to the title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who registered on October 7, 2022 to do business as "Moorestown Construction." Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and receives compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant's bankruptcy filing accurately disclosed his own financial condition and assets. Plaintiffs' accusation of abuse of process is speculative and unsupported. See Exhibit F (Declaration 46), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**66**. Plaintiffs allege that Defendant's pattern of transferring assets to his spouse and son, while personally filing bankruptcy, demonstrates fraudulent intent and a scheme to hinder or delay creditors.

**Response: Deny**. Defendant denies any fraudulent intent or scheme to hinder or delay creditors. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 because it had no assets. The only asset the company ever owned was a Ford F-250 truck, which was sold at fair market value to MC Remodeling, LLC, with payments completed prior to the title transfer. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006, years before the judgment or bankruptcy, and she has independently owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and managed by Andrew Malik. Plaintiffs' attempt to characterize legitimate asset sales, longstanding gifts, and retirement as a fraudulent scheme is speculative and unsupported. See Exhibit F (Declaration 47), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**67**. Plaintiffs allege that Defendant concealed his true financial condition by failing to disclose family-owned assets, including marketing materials, phone numbers, and equipment, in his bankruptcy schedules.

**Response: Deny**. Defendant denies concealing his financial condition or failing to disclose assets. The assets Plaintiffs reference were never property of Defendant at the time of his bankruptcy filing. Business phone numbers, logos, marketing, and equipment were separately appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Moorestown Construction, LLC had ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, had already been sold at fair market value with payments completed before title transfer. Defendant's bankruptcy schedules accurately reflected his own financial condition and

assets, not property belonging to his spouse or son. Plaintiffs' attempt to include family-owned property as Defendant's estate assets is speculative and unsupported. See Exhibit F (Declaration 48), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**68**. Plaintiffs allege that Defendant concealed business continuity by continuing to use Moorestown Construction's reputation and trade name through his family, thereby misleading creditors into believing the company was still operating.

**Response: Deny**. Defendant denies concealing business continuity or misleading creditors. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 because it had no assets. Its only asset, a Ford F-250 truck, had already been sold at fair market value with payments completed prior to the title transfer. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. The use of the trade name "Moorestown Construction" was lawfully registered on October 7, 2022 by Andrew Malik for his independently owned and operated company, MC Remodeling, LLC. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances. Plaintiffs' effort to equate lawful business branding by Andrew and independent ownership by Karen with concealment by Defendant is speculative and unsupported. See Exhibit F (Declaration 49), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**69**. Plaintiffs allege that Defendant coordinated with Andrew Malik and Karen Malik to disguise the continuation of Moorestown Construction, LLC under the new name of MC Remodeling, LLC d/b/a "Moorestown Construction," in order to mislead creditors and the Court.

**Response: Deny**. Defendant denies coordinating with Andrew Malik or Karen Malik to disguise continuation of Moorestown Construction, LLC. Moorestown Construction, LLC ceased operations after the April 25, 2022 Charging Order and was dissolved in September

2023 because it had no assets; its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed before title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name for his company on October 7, 2022. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' allegation of a disguised continuation coordinated by family members is speculative and unsupported. See Exhibit F (Declaration 50), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**70**. Plaintiffs allege that Defendant concealed his ongoing control of Moorestown Construction, LLC and MC Remodeling, LLC by failing to produce complete financial records and discovery responses, thereby obstructing creditors' ability to collect.

**Response: Deny**. Defendant denies concealing control or obstructing discovery. By this time, Defendant was transitioning into retirement. Moorestown Construction, LLC had no need to keep additional records, and Defendant had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Moorestown Construction, LLC had ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, had been sold at fair market value to MC Remodeling, LLC with payments completed prior to the title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name for his company on October 7, 2022. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and receives compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant's discovery responses accurately reflected his own financial condition and available records, and Plaintiffs' attempt to attribute missing financial data from independently owned family assets or Andrew Malik's company to Defendant is speculative and unsupported. See Exhibit F (Declaration 51),

Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of
Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution,
Sept. 12, 2023).

**71**. Plaintiffs allege that Defendant and his family continued to conceal income and assets
after the bankruptcy filing by failing to amend schedules and by omitting financial interests
in MC Remodeling, LLC and "Moorestown Construction."

**Response: Deny**. Defendant denies concealing income or assets after his bankruptcy filing.
Defendant accurately disclosed his financial condition in his Chapter 7 schedules. He has
never been an owner or member of MC Remodeling, LLC, which is solely owned and
independently managed by Andrew Malik, who registered "Moorestown Construction" as a
trade name for his company on October 7, 2022. Moorestown Construction, LLC had ceased
operations following the April 25, 2022 Charging Order and was dissolved in September
2023 with no assets; its only asset, a Ford F-250 truck, had already been sold at fair market
value with payments completed before the title transfer. Business phone numbers, logos,
marketing, and equipment were separately appraised and gifted to Karen Malik in 2006,
and she has independently owned and controlled them since that time, receiving
compensation under terms she negotiates directly with contractors or companies to whom
she provides sales leads. Defendant had no management involvement, accounts, or financial
interests to amend or disclose. Plaintiffs' effort to attribute Andrew's independent business
and Karen's separately owned property to Defendant's bankruptcy estate is speculative and
unsupported. See Exhibit F (Declaration 52), Exhibit H (Gift Letter, 2006), Exhibit I
(Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment
Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**72**. Plaintiffs allege that Defendant deliberately withheld or destroyed business records of
Moorestown Construction, LLC to prevent creditors from tracing assets and business
dealings.

**Response: Deny**. Defendant denies withholding or destroying records. By the time of the
April 25, 2022 Charging Order, Moorestown Construction, LLC had ceased operations and
no longer generated new records. The company was formally dissolved in September 2023
with no assets; its only asset, a Ford F-250 truck, had already been sold at fair market value
with payments completed prior to the title transfer. As a result, Moorestown Construction,

LLC had no continuing need to maintain financial records beyond those already available. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name for his company on October 7, 2022. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and receives compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' accusation of deliberate withholding or destruction is speculative and unsupported. See Exhibit F (Declaration 53), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**73**. Plaintiffs allege that Defendant's pattern of incomplete discovery responses, missing records, and transfers to family members demonstrates a willful effort to obstruct collection and defraud creditors.

**Response: Deny**. Defendant denies engaging in any willful effort to obstruct collection or defraud creditors. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. The company's only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC, with payments completed prior to the title transfer. Once the company ceased operations, no new records were created, and Defendant had no obligation or ability to produce records that did not exist. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name for his company on October 7, 2022. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and receives compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Plaintiffs' attempt to frame ordinary retirement, lawful asset transfers, and natural dissolution as obstruction or fraud is speculative and unsupported. See Exhibit F (Declaration 54), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment

Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**74**. Plaintiffs allege that Defendant's failure to provide corporate records, tax returns, and account statements for Moorestown Construction, LLC demonstrates concealment of assets and a disregard for court orders.

**Response: Deny**. Defendant denies concealing assets or disregarding court orders. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. The company's only asset, a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC, with payments completed prior to title transfer. Because Moorestown Construction, LLC had no assets or operations after April 2022, there were no new records, tax returns, or account statements to provide. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name for his company on October 7, 2022. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and receives compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant's discovery responses accurately reflected his own financial condition, and Plaintiffs' attempt to characterize the absence of new records from a dissolved company as concealment is speculative and unsupported. See Exhibit F (Declaration 55), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**75**. Plaintiffs allege that Defendant's conduct—shutting down Moorestown Construction, LLC, transferring assets to family members, and failing to provide full discovery— demonstrates a pattern of bad faith intended to defraud creditors.

**Response: Deny**. Defendant denies acting in bad faith or intending to defraud creditors. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. The company's only asset, a Ford F-250 truck, had been sold at fair market value to MC Remodeling, LLC, with payments completed prior to title transfer. Business phone numbers, logos, marketing, and

equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name for his company on October 7, 2022. Defendant's discovery responses reflected the records that actually existed, and the absence of new records from a dissolved, assetless company does not evidence bad faith. Plaintiffs' attempt to construe retirement, lawful transfers, and natural dissolution as fraud is speculative and unsupported. See Exhibit F (Declaration 56), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**76**. Plaintiffs allege that Defendant's bankruptcy filing should be denied discharge because he concealed property of the estate by diverting income, failing to keep records, and transferring assets to family members.

**Response: Deny**. Defendant denies concealing property of the estate or engaging in conduct that would warrant denial of discharge. By the time of his Chapter 7 filing in October 2023, Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of any construction company. Moorestown Construction, LLC had ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had been sold at fair market value to MC Remodeling, LLC, with payments completed prior to title transfer. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant's bankruptcy schedules accurately reflected his own financial condition and assets, not the independent assets of his spouse or son. Plaintiffs' attempt to frame lawful transfers, family ownership, and natural dissolution as concealment of estate property is speculative and unsupported. See Exhibit F (Declaration 57), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and

Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**77**. Plaintiffs allege that Defendant's transfers and omissions fall under 11 U.S.C. § 727(a), requiring denial of discharge for fraud, concealment of assets, or failure to keep records.

**Response: Deny**. Defendant denies that his conduct falls under 11 U.S.C. § 727(a) or that denial of discharge is warranted. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC, with payments completed prior to title transfer. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and receives compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement, had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, and accurately disclosed his own financial condition in his bankruptcy schedules. Plaintiffs' effort to recast lawful transfers, family-owned property, and natural dissolution as grounds for denial of discharge is speculative and unsupported. See Exhibit F (Declaration 58), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**78**. Plaintiffs allege that Defendant's pattern of conduct—dissolving Moorestown Construction, transferring assets to family, failing to provide complete records, and allowing his son to continue under the name "Moorestown Construction"—demonstrates intent to hinder, delay, or defraud creditors under 11 U.S.C. § 727(a)(2).

**Response: Deny**. Defendant denies that his conduct demonstrates intent to hinder, delay, or defraud creditors under 11 U.S.C. § 727(a)(2). Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. The company's only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC, with payments completed before the transfer of title. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006, long before any bankruptcy or creditor action, and she has independently owned and controlled them since that time, receiving compensation under

terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement, had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. Defendant's bankruptcy schedules accurately disclosed his financial condition, and Plaintiffs' attempt to recast lawful family ownership, legitimate asset sales, and natural dissolution as fraudulent intent is speculative and unsupported. See Exhibit F (Declaration 59), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**79**. Plaintiffs allege that Defendant failed to explain satisfactorily the loss of assets or deficiency of assets to meet liabilities, further supporting denial of discharge under 11 U.S.C. § 727(a)(5).

**Response: Deny**. Defendant denies failing to explain the loss or deficiency of assets. Moorestown Construction, LLC had no assets other than a Ford F-250 truck, which was sold at fair market value to MC Remodeling, LLC with payments completed before title transfer. The company ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 as an empty entity. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. Defendant's bankruptcy schedules accurately disclosed his financial condition, and the absence of assets reflects the reality of a dissolved company, not concealment or deficiency. Plaintiffs' reliance on § 727(a)(5) is speculative and unsupported. See Exhibit F (Declaration 60), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**80**. Plaintiffs allege that Defendant knowingly and fraudulently made false oaths in his bankruptcy schedules and testimony by **deny**ing involvement in ongoing business operations and by omitting assets tied to Moorestown Construction, LLC and MC Remodeling, LLC, supporting denial of discharge under 11 U.S.C. § 727(a)(4).

**Response: Deny**. Defendant denies making false oaths or omissions in his bankruptcy schedules or testimony. Defendant's disclosures accurately reflected his financial condition at the time of filing. Moorestown Construction, LLC had ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had been sold at fair market value with payments completed prior to title transfer. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and receives compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who registered "Moorestown Construction" as a trade name for his company on October 7, 2022. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' attempt to frame lawful family ownership, proper disclosures, and routine dissolution as false oaths is speculative and unsupported. See Exhibit F (Declaration 61), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**81**. Plaintiffs allege that Defendant's pattern of concealment, transfers to family members, and false statements amounts to abuse of the bankruptcy system and should bar discharge under 11 U.S.C. § 727.

**Response: Deny**. Defendant denies abusing the bankruptcy system or engaging in concealment, fraudulent transfers, or false statements. Defendant's Chapter 7 petition and schedules accurately disclosed his financial condition at the time of filing. Moorestown Construction, LLC had ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value with payments completed prior to title transfer. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and receives

compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name for his company on October 7, 2022. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' reliance on 11 U.S.C. § 727 to bar discharge is speculative, mischaracterizes lawful transfers and independent family ownership, and is unsupported by the record. See Exhibit F (Declaration 62), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**82**. Plaintiffs allege that Defendant's combined actions—dissolving Moorestown Construction, transferring assets to family members, and **deny**ing ongoing business involvement—show a deliberate scheme of fraud warranting denial of discharge and further sanctions.

**Response: Deny**. Defendant denies engaging in any deliberate scheme of fraud or conduct warranting denial of discharge or sanctions. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 because it had no assets. The company's only asset, a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC, with payments completed prior to the title transfer. Business phone numbers, logos, marketing, and equipment had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. Defendant's bankruptcy filings accurately disclosed his financial condition, and Plaintiffs' effort to reframe lawful transfers, long-standing family ownership, and natural dissolution as a fraudulent scheme is speculative and unsupported. See Exhibit F (Declaration 63), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution,

Sept. 12, 2023).

**83**. Plaintiffs allege that Defendant's explanations regarding the dissolution of Moorestown Construction, the transfer of assets, and his retirement are inconsistent and not credible, further proving intent to defraud creditors.

**Response: Deny**. Defendant denies providing inconsistent or non-credible explanations. Defendant's account of events has remained consistent: Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 because it had no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed prior to title transfer. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and is compensated under terms she negotiates directly with contractors or companies to whom she provides sales leads. Defendant was legitimately transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. Plaintiffs' effort to dismiss these consistent explanations as "not credible" is speculative, unsupported, and contrary to the record. See Exhibit F (Declaration 64), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**84**. Plaintiffs allege that Defendant's reliance on family members to hold assets and operate businesses in their names shows that he was the true beneficiary of those assets and businesses, despite formal ownership records.

**Response: Deny**. Defendant denies being the beneficiary of assets or businesses owned by family members. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy, and she has independently owned and controlled them since that time, receiving compensation under terms she negotiates directly with contractors or companies to whom she provides sales leads. Moorestown Construction, LLC had no assets other than a Ford F-250 truck, which was sold at fair market value to MC Remodeling, LLC with payments completed before title transfer; the company ceased operations following the April 25, 2022

Charging Order and was dissolved in September 2023 as an empty entity. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name for his company on October 7, 2022. Defendant was transitioning into retirement and had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' attempt to disregard formal ownership records and attribute independent family assets or business operations to Defendant is speculative and unsupported. See Exhibit F (Declaration 65), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing, Oct. 7, 2022), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution, Sept. 12, 2023).

**85.** Plaintiffs allege that Defendant exercised indirect control over MC Remodeling, LLC and "Moorestown Construction" by continuing to negotiate with clients, sign contracts, and represent himself as general manager, thereby concealing his true role.

**Response: Deny**. Defendant denies exercising indirect control over MC Remodeling, LLC or "Moorestown Construction." After the April 25, 2022 Charging Order, Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. During this period, Defendant had no involvement in management decisions, accounts, or finances. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time, and she decides to whom she provides sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. On limited occasions, Defendant may have used the courtesy title "GM" when speaking with clients, but this was not evidence of ownership or authority. A manager is an employee who can be hired or dismissed, unlike an owner whose rights are permanent. All contracts and revenues during this period were managed solely and independently by Andrew Malik through MC Remodeling, LLC, which later registered "Moorestown Construction" as a trade name on October 7, 2022. Plaintiffs' attempt to equate Defendant's limited presence or courtesy title with concealed ownership or control is speculative and unsupported. See Exhibit F (Declaration 66), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name

Filing).

**86.** Plaintiffs allege that Defendant's continued use of the title "GM" and his presence at
client meetings prove that he secretly retained control of business operations despite
claiming retirement.

**Response: Deny**. Defendant denies secretly retaining control of business operations. After
the April 25, 2022 Charging Order, Defendant entered into a defined one-year transition
into retirement, which concluded when he permanently relocated to Puerto Rico in April
2023. During this transition, Defendant had no involvement in management decisions,
accounts, or finances. Business phone numbers, logos, and marketing had been appraised
and gifted to Karen Malik in 2006; she has independently owned and controlled them since
that time, and she decides to whom she provides sales leads under terms she negotiates. At
her discretion, some leads were referred to Andrew Malik and his company, MC
Remodeling, LLC. The only project Andrew continued midstream was the Myers project,
which shifted to his company after the Charging Order. On limited occasions, Defendant may
have used the courtesy title "GM" when meeting with clients, but this was a residual habit
reflecting his long career, not ownership or authority. A manager is an employee who can be
hired or dismissed, unlike an owner whose rights are permanent. All contracts, revenues,
and operations during this period were handled independently by Andrew Malik through
MC Remodeling, LLC, which later registered "Moorestown Construction" as a trade name on
October 7, 2022. Moorestown Construction, LLC itself had ceased operations after the
Charging Order and was dissolved in September 2023 as an empty entity with no assets; its
only asset, a Ford F-250 truck, was sold at fair market value with payments completed
before the title transfer. Plaintiffs' attempt to equate Defendant's courtesy use of "GM" or his
presence at meetings with concealed ownership or control is speculative and unsupported.
See Exhibit F (Declaration 67), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name
Filing).

**87.** Plaintiffs allege that Defendant's explanation of retirement is a pretext because he still
appeared on contracts, communications, and business dealings connected with
"Moorestown Construction."

**Response: Deny**. Defendant denies that his retirement was a pretext. After the April 25,

2022 Charging Order, Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. During this period, Defendant had no involvement in management decisions, accounts, or finances. On limited occasions, Defendant may have appeared on documents or communications using the courtesy title "GM," but this was not evidence of ownership or authority. A manager is an employee who can be hired or dismissed, unlike an owner whose rights are permanent. Business phone numbers, logos, and marketing had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and decides to whom she provides sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. All contracting, client relationships, and business revenues after April 2022 were independently managed by Andrew Malik through MC Remodeling, LLC, which later registered "Moorestown Construction" as a trade name on October 7, 2022. Moorestown Construction, LLC itself had ceased operations following the Charging Order and was dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, was sold at fair market value with payments completed before the title transfer. Plaintiffs' suggestion that Defendant's limited presence in documents or communications proves ownership or management is speculative and unsupported. See Exhibit F (Declaration 68), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).


**88.** Plaintiffs allege that Defendant's continued involvement in client interactions, subcontractor discussions, and contract paperwork demonstrates that he remained the de facto owner of Moorestown Construction and MC Remodeling, LLC.

**Response: Deny**. Defendant denies being the de facto owner of Moorestown Construction, LLC or MC Remodeling, LLC. After the April 25, 2022 Charging Order, Defendant entered into a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. During this period, Defendant had no involvement in management decisions, accounts, or finances. On limited occasions, Defendant may have spoken with subcontractors or interacted with clients, but these were social or courtesy interactions reflecting long-standing professional relationships, not managerial authority. Likewise, the occasional use of the courtesy title "GM" was not evidence of ownership or control, as a manager is an employee who can be hired or dismissed, unlike an owner whose

rights are permanent. Business phone numbers, logos, and marketing had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and directs sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. All contracting operations, revenues, and accounts were independently managed by Andrew Malik through MC Remodeling, LLC, which later registered "Moorestown Construction" as a trade name on October 7, 2022. Moorestown Construction, LLC had ceased operations following the Charging Order and was dissolved in September 2023 as an empty entity with no assets; its only asset, a Ford F-250 truck, was sold at fair market value with payments completed before the title transfer. Plaintiffs' attempt to portray Defendant as a de facto owner is speculative and unsupported. See Exhibit F (Declaration 69), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).


**89.** Plaintiffs allege that Defendant remained actively involved in day-to-day operations by overseeing projects, directing payments, and interacting with customers under the name "Moorestown Construction," showing that he never truly retired.

**Response: Deny**. Defendant denies overseeing projects, directing payments, or interacting with customers in any managerial capacity after the Charging Order. Following April 25, 2022, Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. During this period, Defendant had no involvement in management decisions, accounts, or finances. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time, and she directs sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. All contracts, revenues, and project operations after April 2022 were independently managed by Andrew Malik through MC Remodeling, LLC, which later registered "Moorestown Construction" as a trade name on October 7, 2022. Moorestown Construction, LLC itself had ceased operations after the Charging Order and was dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, was sold at fair market value with payments completed before the title transfer. Plaintiffs' claim that Defendant remained involved in day-to-day operations is

speculative and unsupported. See Exhibit F (Declaration 70), Exhibit H (Gift Letter, 2006),
and Exhibit I (Alternate Name Filing).

**90.** Plaintiffs allege that Defendant continued to profit indirectly from construction projects
by routing customer payments through family accounts and benefiting from MC
Remodeling, LLC's revenues under the "Moorestown Construction" name.

**Response: Deny**. Defendant denies receiving or benefiting from customer payments or
revenues of MC Remodeling, LLC. Following the April 25, 2022 Charging Order, Defendant
was in a defined one-year transition into retirement, which concluded when he
permanently relocated to Puerto Rico in April 2023. During this period, Defendant had no
involvement in management decisions, accounts, or finances. Business phone numbers,
logos, and marketing had been appraised and gifted to Karen Malik in 2006; she has
independently owned and controlled them since that time and directs sales leads under
terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his
company, MC Remodeling, LLC. The only project Andrew continued midstream was the
Myers project, which shifted to his company after the Charging Order. All revenues and
accounts after April 2022 were managed solely and independently by Andrew Malik
through MC Remodeling, LLC, which later registered "Moorestown Construction" as a trade
name on October 7, 2022. Moorestown Construction, LLC itself had ceased operations after
the Charging Order and was dissolved in September 2023 with no assets; its only asset, a
Ford F-250 truck, had been sold at fair market value with payments completed before the
title transfer. Plaintiffs' claim that Defendant indirectly profited from MC Remodeling, LLC's
revenues is speculative and unsupported. See Exhibit F (Declaration 71), Exhibit H (Gift
Letter, 2006), and Exhibit I (Alternate Name Filing).

**91.** Plaintiffs allege that Defendant coordinated with family members to conceal assets,
disguise business continuity, and frustrate collection efforts by shifting Moorestown
Construction's operations into MC Remodeling, LLC.

**Response: Deny**. Defendant denies coordinating with family members to conceal assets,
disguise continuity, or frustrate collection. Moorestown Construction, LLC ceased
operations following the April 25, 2022 Charging Order and was formally dissolved in
September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market

value to MC Remodeling, LLC with payments completed prior to title transfer. Business phone numbers, logos, and marketing had been appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and directs sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. Defendant had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. Plaintiffs' claim of a coordinated family scheme is speculative and unsupported. See Exhibit F (Declaration 72), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).


**92.** Plaintiffs allege that Defendant's actions demonstrate a continuing scheme to operate businesses under family members' names while retaining the benefits, thereby misleading creditors and the Court.

**Response: Deny**. Defendant denies operating businesses under family members' names or retaining benefits through them. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed prior to title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time, and she directs sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. He had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. Plaintiffs' claim of a continuing scheme to mislead creditors is

speculative and unsupported. See Exhibit F (Declaration 73), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**93.** Plaintiffs allege that Defendant misrepresented the nature of asset transfers to his spouse and son, disguising them as routine or historical when they were actually part of a plan to hinder creditors.

**Response: Deny**. Defendant denies misrepresenting the nature of transfers or engaging in a plan to hinder creditors. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed prior to the transfer of title. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy, and she has independently owned and controlled them since that time, directing sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC, but the only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. He had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. Plaintiffs' attempt to recast lawful, historical transfers and natural retirement as fraudulent is speculative and unsupported. See Exhibit F (Declaration 74), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**94.** Plaintiffs allege that Defendant's transfers of business opportunities, branding, and customer relationships to family members were concealed transactions designed to place assets beyond creditors' reach.

**Response: Deny**. Defendant denies transferring business opportunities, branding, or customer relationships to family members in order to hinder creditors. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy. She has independently owned and controlled them since that time, directing sales leads to contractors under terms she

negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC, but the only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Moorestown Construction, LLC had no customer lists or goodwill of independent value; it ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value with payments completed prior to title transfer. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023, and during that period had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' characterization of long-standing family ownership and natural dissolution as concealed transfers is speculative and unsupported. See Exhibit F (Declaration 75), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**95.** Plaintiffs allege that Defendant's reliance on family members to hold assets and operate businesses was a deliberate strategy to disguise his continuing control and to frustrate creditor collection.

**Response: Deny.** Defendant denies disguising control or using family members to frustrate creditors. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time, and she directs sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the April 25, 2022 Charging Order. Moorestown Construction, LLC ceased operations after that Charging Order and was dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, had already been sold at fair market value with payments completed before title transfer. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. He had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. Plaintiffs' attempt to recast Karen's long-standing ownership, Andrew's independent business operations, and Defendant's retirement as a deliberate scheme is speculative and unsupported. See Exhibit F (Declaration 76), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**96.** Plaintiffs allege that Defendant's pattern of conduct—including shutting down Moorestown Construction, transferring assets to family members, and **deny**ing involvement in MC Remodeling, LLC—demonstrates a fraudulent scheme to shield assets.

**Response: Deny**. Defendant denies engaging in any fraudulent scheme to shield assets. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had been sold at fair market value with payments completed before the title transfer. Business phone numbers, logos, marketing, and equipment were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time, and she directs sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. He had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. Plaintiffs' effort to label natural dissolution, long-standing family ownership, and lawful retirement as a fraudulent scheme is speculative and unsupported. See Exhibit F (Declaration 77), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**97.** Plaintiffs allege that Defendant's testimony and filings are contradicted by documentary evidence showing his continued involvement in business operations, proving he concealed his true role and financial interests.

**Response: Deny**. Defendant denies that his testimony or filings are contradicted by documentary evidence or that he concealed any role or financial interests. Defendant's account has been consistent: Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had been sold at fair market value with payments completed prior to title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy;

she has independently owned and controlled them since that time and directs sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC, but the only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. He had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. Plaintiffs' suggestion that limited, courtesy interactions or Karen's independent ownership of marketing assets contradict sworn testimony is speculative and unsupported. See Exhibit F (Declaration 78), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).


**98.** Plaintiffs allege that Defendant's bankruptcy schedules were materially false because they omitted assets and interests connected to Moorestown Construction, LLC, MC Remodeling, LLC, and family property.

**Response: Deny**. Defendant denies that his bankruptcy schedules were materially false or omitted assets. At the time of his Chapter 7 filing in October 2023, Moorestown Construction, LLC had already ceased operations (April 25, 2022) and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had been sold at fair market value with payments completed before the title transfer. Defendant has never been an owner or member of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. That company lawfully registered "Moorestown Construction" as a trade name on October 7, 2022, and the only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy, and she has independently owned and controlled them since that time, directing sales leads under terms she negotiates. Defendant was in a defined one-year retirement transition from April 2022 to April 2023, which concluded when he permanently relocated to Puerto Rico, and had no involvement in management decisions, accounts, or finances. His bankruptcy schedules accurately disclosed his financial condition and did not omit property belonging to his spouse or son. Plaintiffs' attempt to recast long-standing family ownership and natural dissolution as concealment is speculative and unsupported. See Exhibit F (Declaration 79), Exhibit H (Gift

Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K
(Payment Records), and Exhibit M (Certificate of Dissolution).

**99.** Plaintiffs allege that Defendant intentionally misled the Court and creditors by **deny**ing
his connection to ongoing construction work, while family members carried forward
business operations on his behalf.

**Response: Deny**. Defendant denies misleading the Court or creditors. After the April 25,
2022 Charging Order, Defendant was in a defined one-year transition into retirement, which
concluded when he permanently relocated to Puerto Rico in April 2023. During this period,
Defendant had no involvement in management decisions, accounts, or finances.
Moorestown Construction, LLC had ceased operations following the Charging Order and
was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck,
was sold at fair market value with payments completed before the transfer of title. MC
Remodeling, LLC is solely owned and independently managed by Andrew Malik, who later
registered "Moorestown Construction" as a trade name on October 7, 2022. The only project
Andrew continued midstream was the Myers project, which shifted to his company after the
Charging Order. Business phone numbers, logos, and marketing were appraised and gifted
to Karen Malik in 2006; she has independently owned and controlled them since that time
and directs sales leads under terms she negotiates. Plaintiffs' effort to characterize Karen's
independent ownership, Andrew's lawful business, and Defendant's retirement transition
as a scheme carried out "on his behalf" is speculative and unsupported. See Exhibit F
(Declaration 80), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**100.** Plaintiffs allege that Defendant's pattern of concealment, transfers, and denials
demonstrates that he should be denied a discharge under 11 U.S.C. § 727 for fraud and
abuse of the bankruptcy process.

**Response: Deny**. Defendant denies engaging in concealment, fraudulent transfers, or abuse
of the bankruptcy process. Defendant's Chapter 7 schedules accurately disclosed his
financial condition at the time of filing. Moorestown Construction, LLC had ceased
operations following the April 25, 2022 Charging Order and was formally dissolved in
September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market
value with payments completed before title transfer. MC Remodeling, LLC is solely owned

and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time, directing sales leads under terms she negotiates. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. Plaintiffs' attempt to frame lawful family ownership, natural dissolution, and routine retirement as fraud under § 727 is speculative and unsupported. See Exhibit F (Declaration 81), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution).

**101.** Plaintiffs allege that Defendant orchestrated a fraudulent plan by dissolving Moorestown Construction, shifting assets to family members, and filing bankruptcy while concealing his continuing business interests.

**Response: Deny**. Defendant denies orchestrating any fraudulent plan or concealing business interests. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed prior to title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy, and she has independently owned and controlled them since that time, directing sales leads under terms she negotiates. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. His bankruptcy schedules accurately disclosed his financial condition, and Plaintiffs' attempt to recast lawful family ownership, legitimate transfers, and natural dissolution as fraud is speculative and unsupported. See Exhibit F (Declaration 82), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution).

**102.** Plaintiffs allege that Defendant's actions collectively show a pattern of fraudulent concealment and abuse of process that warrants both denial of discharge and sanctions.

**Response: Deny**. Defendant denies engaging in fraudulent concealment or abuse of process. Defendant's Chapter 7 petition and schedules accurately disclosed his financial condition. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 as an empty entity with no assets. Its only asset, a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC with payments completed before title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time, and she decides to whom she provides sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC, but the only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. He had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. Plaintiffs' effort to characterize long-standing family ownership, lawful asset transfers, and routine retirement as a fraudulent pattern is speculative and unsupported. See Exhibit F (Declaration 83), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution).

**103.** Plaintiffs allege that Defendant concealed his beneficial interest in MC Remodeling, LLC and "Moorestown Construction" by allowing his son to act as the nominal owner while Defendant retained the benefits.

**Response: Deny**. Defendant denies having any beneficial or concealed interest in MC Remodeling, LLC or "Moorestown Construction." MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the April 25, 2022 Charging Order. Moorestown Construction, LLC, Defendant's former company, ceased operations after that Charging Order and was dissolved in September 2023 with no assets;

its only asset, a Ford F-250 truck, was sold at fair market value with payments completed prior to title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy, and she has independently owned and controlled them since that time, directing sales leads under terms she negotiates. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. He had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' claim that Andrew acted as a nominal owner for Defendant's benefit is speculative and unsupported. See Exhibit F (Declaration 84), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution).

**104.** Plaintiffs allege that Defendant orchestrated a sham arrangement by placing business operations and assets in the names of his spouse and son while he continued to benefit behind the scenes.

**Response: Deny**. Defendant denies orchestrating any sham arrangement or benefiting behind the scenes. Moorestown Construction, LLC ceased operations after the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC with payments completed before the title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time and directs sales leads under terms she negotiates. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. During that period, he had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' suggestion that Karen's longstanding ownership and Andrew's independent business amount to a sham arrangement is speculative and unsupported. See Exhibit F (Declaration 85), Exhibit H (Gift Letter, 2006), Exhibit I (Alternate Name Filing), Exhibit J (Bill of Sale, Ford F-250), Exhibit K (Payment Records), and Exhibit M (Certificate of Dissolution).

**105.** Plaintiffs allege that Defendant's reliance on his spouse and son to continue business under different names was a continuation of Moorestown Construction designed to avoid the Charging Order and creditor collection.

**Response: Deny**. Defendant denies that his spouse's or son's independent business activities were a continuation of Moorestown Construction or were designed to avoid the Charging Order. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value with payments completed prior to title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and directs sales leads under terms she negotiates. At her discretion, she has referred leads to Andrew Malik and his company, MC Remodeling, LLC, among others. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. Defendant was in a defined one-year transition into retirement, which concluded when he permanently relocated to Puerto Rico in April 2023. During that transition, Defendant had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' attempt to equate Karen's independent sales leads and Andrew's lawful business operations with continuation of Moorestown Construction is speculative and unsupported. See Exhibit F (Declaration 86), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**106.** Plaintiffs allege that Defendant concealed his ongoing role by allowing MC Remodeling, LLC to operate under the name "Moorestown Construction," thereby misleading creditors into believing the original company continued.

**Response: Deny**. Defendant denies concealing any role or misleading creditors. Moorestown Construction, LLC, Defendant's former company, ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had been sold at fair market value to MC Remodeling, LLC with payments completed prior to title transfer. MC Remodeling, LLC is

solely owned and independently managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and directs sales leads under terms she negotiates. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. During that period, he had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' claim that Andrew's lawful use of a registered trade name was concealment by Defendant is speculative and unsupported. See Exhibit F (Declaration 87), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**107.** Plaintiffs allege that Defendant used his spouse and son as figureheads to shield his continuing ownership and control, while business proceeds and assets were funneled for his benefit.

**Response: Deny**. Defendant denies using his spouse or son as figureheads or receiving business proceeds or assets for his benefit. Moorestown Construction, LLC ceased operations after the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed prior to title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time and decides to whom she provides sales leads under terms she negotiates. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. During that period, he had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' attempt to portray Karen's independent ownership and Andrew's independent business as mere

figureheads for Defendant is speculative and unsupported. See Exhibit F (Declaration 88),
Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**108.** Plaintiffs allege that Defendant's retirement narrative is a façade, and that in reality he
continued to direct and benefit from construction activities through MC Remodeling, LLC
and "Moorestown Construction."

**Response: Deny**. Defendant denies that his retirement was a façade or that he directed or
benefited from construction activities after the Charging Order. Moorestown Construction,
LLC ceased operations on April 25, 2022 and was formally dissolved in September 2023
with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC
Remodeling, LLC with payments completed prior to title transfer. MC Remodeling, LLC is
solely owned and independently managed by Andrew Malik, who later lawfully registered
"Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew
continued midstream was the Myers project, which shifted to his company after the
Charging Order. Business phone numbers, logos, and marketing were appraised and gifted
to Karen Malik in 2006; she has independently owned and controlled them since that time
and decides to whom she provides sales leads under terms she negotiates. Defendant was in
a defined one-year transition into retirement from April 2022 through April 2023, which
concluded when he permanently relocated to Puerto Rico. During that period, he had no
involvement in management decisions, accounts, or finances of MC Remodeling, LLC.
Plaintiffs' attempt to label Defendant's legitimate retirement and family members'
independent ownership as a façade is speculative and unsupported. See Exhibit F
(Declaration 89), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**109.** Plaintiffs allege that Defendant's claimed divestment of business interests was a sham
because family members continued to operate under the "Moorestown Construction" name
while Defendant remained involved behind the scenes.

**Response: Deny**. Defendant denies that his divestment of business interests was a sham or
that he remained involved behind the scenes. Moorestown Construction, LLC ceased
operations following the April 25, 2022 Charging Order and was formally dissolved in
September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market
value to MC Remodeling, LLC with payments completed before title transfer. MC
Remodeling, LLC is solely owned and independently managed by Andrew Malik, who

lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. The
only project Andrew continued midstream was the Myers project, which shifted to his
company after the Charging Order. Business phone numbers, logos, and marketing were
appraised and gifted to Karen Malik in 2006; she has independently owned and controlled
them since that time and directs sales leads under terms she negotiates. Defendant was in a
defined one-year transition into retirement from April 2022 through April 2023, which
concluded when he permanently relocated to Puerto Rico. During that period, he had no
involvement in management decisions, accounts, or finances of MC Remodeling, LLC.
Plaintiffs' effort to equate Karen's independent ownership and Andrew's lawful business
registration with a sham divestment is speculative and unsupported. See Exhibit F
(Declaration 90), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).


**110.** Plaintiffs allege that Defendant's overall conduct reflects a calculated scheme to
hinder, delay, and defraud creditors by shifting operations to family members and
concealing his continued role.

**Response: Deny**. Defendant denies engaging in any scheme to hinder, delay, or defraud
creditors. Moorestown Construction, LLC ceased operations following the April 25, 2022
Charging Order and was dissolved in September 2023 with no assets. Its only asset, a Ford
F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed
before title transfer. MC Remodeling, LLC is solely owned and independently managed by
Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name on
October 7, 2022. The only project Andrew continued midstream was the Myers project,
which shifted to his company after the Charging Order. Business phone numbers, logos, and
marketing were appraised and gifted to Karen Malik in 2006, long before any creditor
action or bankruptcy; she has independently owned and controlled them since that time,
directing sales leads under terms she negotiates. Defendant was in a defined one-year
transition into retirement from April 2022 through April 2023, which concluded when he
permanently relocated to Puerto Rico. During that transition, he had no involvement in
management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' attempt to
characterize lawful retirement, long-standing family ownership, and legitimate transfers as
a fraudulent scheme is speculative and unsupported. See Exhibit F (Declaration 91), Exhibit
H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**111.** Plaintiffs allege that Defendant's family members acted as conduits for his hidden interests, holding assets and operating businesses on his behalf to keep them beyond creditors' reach.

**Response: Deny**. Defendant denies that family members acted as conduits or that they held assets or businesses on his behalf. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value with payments completed before title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who later lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time, and she directs sales leads under terms she negotiates. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. During that time, Defendant had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' attempt to recast Karen's independent ownership and Andrew's separate business as conduits for Defendant is speculative and unsupported. See Exhibit F (Declaration 92), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**112.** Plaintiffs allege that Defendant's relocation to Puerto Rico was part of a strategy to evade creditors while maintaining control of family-run construction businesses in New Jersey.

**Response: Deny**. Defendant denies relocating to Puerto Rico as a strategy to evade creditors or to maintain control of construction businesses. Defendant's relocation in April 2023 marked the conclusion of a defined one-year transition into retirement that began after the April 25, 2022 Charging Order. By that time, Moorestown Construction, LLC had ceased operations and was later dissolved in September 2023 with no assets; its only asset, a Ford F-250 truck, had already been sold at fair market value with payments completed prior to title transfer. MC Remodeling, LLC is solely owned and independently managed by

Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time and directs sales leads under terms she negotiates. Defendant had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, and his relocation was the natural conclusion of retirement, not an act of concealment. Plaintiffs' attempt to characterize lawful relocation and family members' independent ownership as creditor evasion is speculative and unsupported. See Exhibit F (Declaration 93), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**113.** Plaintiffs allege that Defendant's explanation of retirement and relocation is not credible because family members continued construction work under the "Moorestown Construction" name while Defendant benefitted indirectly.

**Response: Deny**. Defendant denies that his retirement or relocation was a façade or that he benefitted indirectly from family members' work. Defendant entered into a defined one-year transition into retirement following the April 25, 2022 Charging Order, and that transition concluded with his permanent relocation to Puerto Rico in April 2023. Moorestown Construction, LLC had ceased operations after the Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed prior to title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time and directs sales leads under terms she negotiates. Defendant had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' suggestion that lawful retirement, Karen's long-standing ownership, and Andrew's independent business somehow prove indirect benefit is speculative and unsupported. See Exhibit F (Declaration 94), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**114.** Plaintiffs allege that Defendant continues to derive the benefits of business goodwill, customer relationships, and marketing materials through family members, despite claiming retirement.

**Response: Deny**. Defendant denies deriving benefits from goodwill, customer relationships, or marketing materials through family members. Moorestown Construction, LLC had no independent goodwill or customer lists of value; it ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed before title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy. She has independently owned and controlled them since that time and directs sales leads under terms she negotiates. At her discretion, she may refer leads to Andrew Malik and his company, MC Remodeling, LLC, among others. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement, which concluded with his relocation to Puerto Rico in April 2023. During this period, he had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' claim that Defendant continues to derive benefits from goodwill or marketing owned and controlled by family members is speculative and unsupported. See Exhibit F (Declaration 95), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**115.** Plaintiffs allege that Defendant structured his retirement and relocation in bad faith, coordinating with family members to retain hidden benefits while evading creditor collection.

**Response: Deny**. Defendant denies that his retirement or relocation was structured in bad faith or that he retained hidden benefits. Defendant entered into a defined one-year transition into retirement beginning after the April 25, 2022 Charging Order, which concluded with his permanent relocation to Puerto Rico in April 2023. Moorestown Construction, LLC had ceased operations after the Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had already been sold at fair market value with payments completed before title transfer. MC

Remodeling, LLC is solely owned and independently managed by Andrew Malik, who later registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time, and she directs sales leads under terms she negotiates. Defendant had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' claim that lawful retirement, Karen's long-standing ownership, and Andrew's independent business constitute bad faith or hidden benefits is speculative and unsupported. See Exhibit F (Declaration 96), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**116.** Plaintiffs allege that Defendant's pattern of denials and shifting explanations demonstrates a lack of candor and supports denial of discharge under 11 U.S.C. § 727. **Response: Deny**. Defendant denies lacking candor or providing shifting explanations. Defendant's narrative has been consistent: Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had already been sold at fair market value with payments completed prior to title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time, and she directs sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC, but the only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. During that period, Defendant had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. Plaintiffs' attempt to characterize consistent testimony and lawful family ownership as a lack of candor is speculative and unsupported. See Exhibit F (Declaration 97), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**117.** Plaintiffs allege that Defendant's conduct, when viewed in totality, reflects an intent to conceal assets and abuse the protections of bankruptcy, justifying denial of discharge.

**Response: Deny**. Defendant denies concealing assets or abusing the protections of bankruptcy. Defendant's Chapter 7 petition and schedules accurately disclosed his financial condition at the time of filing. Moorestown Construction, LLC had ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value with payments completed prior to title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time, and she directs sales leads under terms she negotiates. At her discretion, some leads were referred to Andrew Malik and his company, MC Remodeling, LLC, but the only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. During that time, Defendant had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. Plaintiffs' attempt to characterize lawful retirement, long-standing family ownership, and consistent disclosures as concealment or abuse is speculative and unsupported. See Exhibit F (Declaration 98), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).


**118.** Plaintiffs allege that Defendant's pattern of concealment extends to failing to produce complete records of Moorestown Construction, LLC and related family businesses, which they claim supports an inference of fraud.

**Response: Deny**. Defendant denies concealing records or engaging in fraud. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had already been sold at fair market value with payments completed prior to title transfer. Moorestown Construction, LLC did not maintain long-term books or records because it wound down and had no assets to manage. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006; she has independently owned and controlled them since that time, and she directs sales leads under terms she negotiates. At

her discretion, she has referred leads to Andrew Malik and his company, MC Remodeling,
LLC, which is solely owned and independently managed by him. The only project Andrew
continued midstream was the Myers project, which shifted to his company after the
Charging Order. Defendant was in a defined one-year transition into retirement, which
concluded when he permanently relocated to Puerto Rico in April 2023. During that period,
Defendant had no involvement in management decisions, accounts, or finances of MC
Remodeling, LLC. Plaintiffs' claim that the natural absence of records for a dissolved
company or the independence of family-owned businesses constitutes concealment is
speculative and unsupported. See Exhibit F (Declaration 99), Exhibit H (Gift Letter, 2006),
and Exhibit I (Alternate Name Filing).


**119.** Plaintiffs allege that Defendant's failure to provide full tax returns and financial
records for Moorestown Construction, LLC and related family entities shows an intent to
hide assets.

**Response: Deny**. Defendant denies withholding tax returns or financial records to hide
assets. Moorestown Construction, LLC ceased operations following the April 25, 2022
Charging Order and was formally dissolved in September 2023 with no assets. Its only asset,
a Ford F-250 truck, was sold at fair market value with payments completed prior to title
transfer. Moorestown Construction, LLC had no ongoing operations or records to produce
beyond what was already disclosed, and any tax returns were prepared by outside
accountants based on available information. Business phone numbers, logos, and marketing
were appraised and gifted to Karen Malik in 2006; she has independently owned and
controlled them since that time, and she directs sales leads under terms she negotiates. At
her discretion, she may refer leads to Andrew Malik and his company, MC Remodeling, LLC,
which is solely owned and independently managed by him. The only project Andrew
continued midstream was the Myers project, which shifted to his company after the
Charging Order. Defendant was in a defined one-year transition into retirement, which
concluded when he permanently relocated to Puerto Rico in April 2023, and he had no
involvement in management decisions, accounts, or finances of MC Remodeling, LLC.
Plaintiffs' suggestion that the absence of additional tax records for a dissolved company or
the independence of family members demonstrates concealment is speculative and
unsupported. See Exhibit F (Declaration 100), Exhibit H (Gift Letter, 2006), and Exhibit I
(Alternate Name Filing).

**120.** Plaintiffs allege that Defendant's lack of transparency regarding business finances, assets, and transfers shows a continuing pattern of concealment that justifies denial of discharge.

**Response: Deny**. Defendant denies lacking transparency or concealing finances, assets, or transfers. Defendant's Chapter 7 petition and schedules accurately disclosed his financial condition at the time of filing. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value with payments completed prior to title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled them since that time and directs sales leads under terms she negotiates. At her discretion, she may refer leads to Andrew Malik and his company, MC Remodeling, LLC, but the only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. During that period, he had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. Plaintiffs' attempt to label lawful family ownership, routine retirement, and accurate bankruptcy schedules as concealment is speculative and unsupported. See Exhibit F (Declaration 101), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**121.** Plaintiffs allege that Defendant's explanations of asset transfers and business operations are inconsistent and untrustworthy, further supporting denial of discharge.

**Response: Deny**. Defendant denies that his explanations are inconsistent or untrustworthy. Defendant's narrative has been consistent throughout: Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed prior to title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006, long before any creditor action or bankruptcy; she has independently owned and controlled

them since that time and directs sales leads under terms she negotiates. At her discretion, she may refer leads to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. During that period, he had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC, which is solely owned and independently managed by Andrew Malik. Plaintiffs' effort to cast consistent testimony and lawful family ownership as inconsistent or untrustworthy is speculative and unsupported. See Exhibit F (Declaration 102), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**122.** Plaintiffs allege that Defendant's transfers of assets and withdrawal from Moorestown Construction were timed to coincide with creditor actions, demonstrating fraudulent intent. **Response: Deny**. Defendant denies that his retirement transition or any transfers were timed to defraud creditors. Moorestown Construction, LLC ceased operations after the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, had already been sold at fair market value to MC Remodeling, LLC with payments completed before title transfer. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006 — nearly two decades before the bankruptcy filing — and she has independently owned and controlled them since that time, directing sales leads under terms she negotiates. At her discretion, she has referred some leads to Andrew Malik and his company, MC Remodeling, LLC. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. Plaintiffs' effort to portray lawful, long-standing family ownership, the natural wind-down of a company, and a legitimate retirement as "fraudulent timing" is speculative and unsupported. See Exhibit F (Declaration 103), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**123.** Plaintiffs allege that Defendant deliberately structured transfers and the use of family members to disguise the continuation of Moorestown Construction under another name.

**Response: Deny**. Defendant denies structuring transfers or using family members to disguise a continuation of Moorestown Construction. Moorestown Construction, LLC ceased operations following the April 25, 2022 Charging Order and was dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed prior to title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006 — nearly two decades before the bankruptcy filing — and she has independently owned and controlled them since that time, directing sales leads under terms she negotiates. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. During that time, he had no involvement in management decisions, accounts, or finances of MC Remodeling, LLC. Plaintiffs' attempt to reframe Karen's long-standing ownership and Andrew's lawful business as a disguised continuation is speculative and unsupported. See Exhibit F (Declaration 104), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

**124.** Plaintiffs allege that Defendant's bankruptcy filing itself was made in bad faith, intended only to shield assets placed in the hands of family members while continuing to benefit from them.

**Response: Deny**. Defendant denies filing bankruptcy in bad faith or to shield assets. Defendant's Chapter 7 petition and schedules accurately disclosed his financial condition at the time of filing. Moorestown Construction, LLC had already ceased operations following the April 25, 2022 Charging Order and was formally dissolved in September 2023 with no assets. Its only asset, a Ford F-250 truck, was sold at fair market value to MC Remodeling, LLC with payments completed prior to title transfer. MC Remodeling, LLC is solely owned and independently managed by Andrew Malik, who lawfully registered "Moorestown Construction" as a trade name on October 7, 2022. The only project Andrew continued midstream was the Myers project, which shifted to his company after the Charging Order. Business phone numbers, logos, and marketing were appraised and gifted to Karen Malik in 2006 — long before any creditor action or bankruptcy — and she has independently owned

and controlled them since that time, directing sales leads under terms she negotiates. Defendant was in a defined one-year transition into retirement from April 2022 through April 2023, which concluded when he permanently relocated to Puerto Rico. Plaintiffs' attempt to reframe lawful retirement, long-standing family ownership, and accurate disclosures as bad faith is speculative and unsupported. See Exhibit F (Declaration 105), Exhibit H (Gift Letter, 2006), and Exhibit I (Alternate Name Filing).

## OBJECTIONS TO IMPROPER "FACTS"

Defendant objects to Plaintiffs' use of:

- Conclusions of "fraud," "scheme," or "bad faith," which are legal conclusions, not facts.
- Characterizations of state court orders without certified copies.
- Assertions about intent, which are speculative and inadmissible.

---

## CONCLUSION

*WHEREFORE, Defendant respectfully requests that this Court accept this Counter-Statement, strike improper assertions, and grant such other relief as deemed just.*

## DISCLAIMER

This document was created using research and templates. Defendant is proceeding pro se and reserves the right to supplement or amend these responses as additional evidence becomes available.

Respectfully submitted,

/s/ Ric F. Malik
Ric F. Malik, Debtor–Defendant, Pro Se
756 Vieques
Vieques, PR 00765
Tel: (787) 530-7799
Email: ricmalik3@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of August, 2025, I electronically filed the foregoing **Defendant's Counter-Statement of Material Facts in Opposition to Plaintiffs' Statement of Facts**, together with attached Exhibits, with the Clerk of the Court using the CM/ECF system, which will automatically notify the following registered CM/ECF participants:

- Office of the United States Trustee, Ochoa Building, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922.

- Warren Wolf, Esq., Goldberg & Wolf, LLC, 1949 Berlin Rd, Suite 201, Cherry Hill, NJ 08003.

I further certify that I have served a copy of this filing via electronic mail or first-class U.S. mail, postage prepaid, to any non-CM/ECF participants as required.

Respectfully submitted,

Dated: 8/26/ 2025

/s/ Ric F. Malik
Ric F. Malik, Debtor–Defendant, Pro Se
756 Vieques
Vieques, PR 00765
Tel: (787) 530-7799
Email: ricmalik3@gmail.com

# Exhibit List

**Exhibit D** – *2019 New Jersey Judgment Opinion*
Opinion entered June 12, 2019, establishing that the judgment was based on a technical violation of the New Jersey Home Improvement Practices Act (rescission clause), not fraud or misrepresentation.

**Exhibit F** – *Declaration of Ric F. Malik*
Sworn statement of Defendant addressing retirement transition, lack of management involvement, and clarification of factual allegations.

**Exhibit G** – *Charging Order (April 25, 2022)*
Order of the New Jersey Superior Court imposing restrictions on Moorestown Construction, LLC. Establishes the timeline of cessation of operations.

**Exhibit H** – *2006 Gift Letter to Karen Malik*
Letter transferring business phone numbers, logos, marketing, and equipment to Karen Malik. Demonstrates her long-standing ownership and control of marketing and sales leads.

**Exhibit I** – *Alternate Name Filing (October 7, 2022)*
State filing by Andrew Malik registering "Moorestown Construction" as a trade name (DBA) for MC Remodeling, LLC, establishing independent ownership and lawful registration.

**Exhibit J** – *Bill of Sale (Ford F-250 Truck)*
Bill of sale documenting the transfer of the only asset of Moorestown Construction, LLC to MC Remodeling, LLC.

**Exhibit L** – *Accountant's Letter*
Letter from Defendant's outside accountant explaining industry-standard depreciation entries on tax returns. Counters Plaintiffs' claims of hidden or misstated assets.

**Exhibit M** – *Certificate of Dissolution (September 12, 2023)*
Certificate confirming the formal dissolution of Moorestown Construction, LLC, showing the company was closed with no assets.

**Exhibit N** – *Proll Project Permit (September 27, 2022)*
Permit issued by the Township of Moorestown, showing the township's involvement in registration number use. Counters Plaintiffs' allegations of Defendant's continued operation.

**Exhibit F** – Declaration of Ric Malik

- Sworn statement covering your retirement transition, lack of control, and clarification of events.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

EARL GEERTGENS and TAMA GEERTGENS,
Plaintiffs,
v.
RIC F. MALIK,
Defendant.
Adv. Proc. No. 24-00015-ESL.

---

# DECLARATION OF RIC F. MALIK

I, Ric F. Malik, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. **Retirement Transition**
   In or around **April 2022**, I began a transition into retirement. This transition lasted one year, until **April 2023**, when I permanently relocated to Vieques, Puerto Rico. During this period, I ceased involvement in daily business matters and reduced my participation in projects.

2. **Lack of Control After April 2022**
   By the time of the **April 25, 2022 Charging Order** in New Jersey, I was ready to ceased personal involvement in management decisions, accounts, finances, and contracting. I did not have authority over any company accounts, nor did I direct or control business revenues thereafter.

   - On limited occasions, I may have been listed as an "authorized signer" or used the courtesy title "GM." However, this did not reflect ownership or control. A manager can be removed or replaced, unlike an owner.

   - From April 2022 forward, I ceased all personal involvement in management, contracting, and revenues. Any construction work performed after that time help my adult son, **Andrew Malik**, through his own company, **MC Remodeling, LLC**, which is a separate and distinct entity that I do not own or control.

3. **Clarification of Business Entities**
   - **Moorestown Construction, LLC** (the old company dissolved in 2023) was distinct from **MC Remodeling, LLC** (my son's company). Plaintiffs often conflate the two.

After my retirement transition began, I had no involvement in contracts or revenues for either.

- Any payments or transfers involving MC Remodeling or my son Andrew were made at arm's length,  and were unrelated to concealment of assets.

4. **Relocation to Puerto Rico**

I relocated permanently to Vieques, Puerto Rico in **April 2023**. Since that time, I have resided exclusively in Puerto Rico and no longer maintained an active construction business in New Jersey.

5. **Discovery and Clarification**

I have acted in good faith in responding to discovery. Limitations in my document production reflect the fact that I no longer possessed many records after my transition and relocation, not any attempt to conceal. I do not have control over the records of independent companies owned by others.

6. **Conclusion**

I respectfully submit this declaration to clarify that:

- I am retired from active business.

- I had no control over MC Remodeling, LLC or its finances.

- I relocated to Puerto Rico in April 2023 and have lived here continuously since.

- Any appearance of my name on documents after April 2022 does not indicate ownership, control, or management authority.

---

Executed on this  28 day of August, 2025.

Vieques, Puerto Rico

**/s/ Ric F. Malik**

Ric F. Malik

756 Vieques

Vieques, PR 00765

Email: ricmalik3@gmail.com

Phone: 787-530-7799

**Exhibit G** – Charging Order (April 25, 2022)

37.     ETG sought to terminate the Contract on day 3, but did not know they had a 3-day right of rescission under New Jersey law because Debtor omitted such clause from the Contract.

38.     Litigation was commenced in in the Superior Court of New Jersey, Burlington County, Law Division, under Docket Number BUR-L-2561-15 ("the NJ Court Action").

39.     On June 12, 2019, a judgment in the NJ Court for consumer fraud and other bad acts committed by the Debtor was entered against him and in favor of ETG for $257,960.75.

40.     The NJ Court's Opinion attached to the judgment references Debtor's trickery, among other things, of acting as a general contractor through his company R. Malik Construction, LLC ("RML LLC"), but then trying to deny he was the general contractor to escape liability and ultimately being found liable for the fraudulent conduct personally.

41.     During the course of the NJ Court Action, the Debtor formed a new entity, Moorestown Construction, LLC ("MCLLC"), and moved his construction business and other assets from RML LLC to MCLLC in an effort to avoid execution of ETG's judgment.

42.     Debtor was the sole member and Director of MCLLC, from the date of its formation to the date of its dissolution.

43.     Until April 2022, Debtor issued weekly checks from the bank account of his solely owned company MCLLC to a bank account owned by MC Remodeling Corp., an account on which the Debtor was an authorized signer.

44.     On April 25, 2022, the NJ Court entered a charging order ('Charging Order") against the Debtor's interest in MCLLC (the "Charging Order").

45.     The Charging Order required, among other things, that (a) all distributions from MCLLC to Ric Malik go to Karen M. Murray, Esquire as counsel for ETG and not the Debtor, (b) the Debtor was restrained from transferring any assets of MCLLC and (c) the Debtor was required

**Exhibit H** – 2006 Gift Letter (Karen Malik)

# Gift to Karen Malik 10/22/2006

This Gift Document ("Document") is executed on 10/22/2006 by Ric Malik, sole owner of Malik Construction, Inc. ("Donor"), in favor of Karen Malik ("Recipient").

Whereas, Donor desires to gift certain assets as listed in the appraisal created by T.B. Harski & Associates dated 10/16/2006 ("Appraisal") to Karen Malik, also including: Phone Numbers, website URLs, and other marketing items. Along with all other equipment not listed, but in the rear yard of 327 Delaware Ave. Delanco, NJ

Now, therefore, in consideration of the mutual promises and covenants contained herein, Donor hereby gifts, transfers, and assigns to Karen Malik the assets listed in the aforementioned Appraisal, including but not limited to (List of assets attached), free and clear of any liens, claims, or encumbrances. No Consideration is required for this gift.

Donor warrants that they are the sole owner of Malik Construction, Inc. and have full authority and legal right to gift the aforementioned assets.

Recipient acknowledges receipt of the gifted assets and accepts the same subject to the terms and conditions of this Document.

This Document shall be binding upon the parties and their respective successors, assigns, and legal representatives.

Signed and sealed on this 22nd day of October, 2006.

_____          10/22/06
                                          _____
Ric Malik, President                      Date

Malik Construction, Inc.


_____          _____
                                          Date
Karen Malik

327 Delaware Ave. Delanco, NJ 08075

Witnesses:

_____ [Signature] _____ [Date] 10/22/06

# EQUIPMENT APPRAISAL

## MALIK CONSTRUCTION, INC.

### 300 MILL ROAD

### MOORESTOWN, NJ 08057

### AS OF

### OCTOBER 16, 2006

**BY**

**T. B. HARSKI & ASSOCIATES**

# T.B. HARSKI & ASSOCIATES

### MACHINERY & EQUIPMENT APPRAISALS
6 Westwood Drive
Haddonfield, NJ 08033

TADEUSZ B. HARSKI, ASA
E-mail: TBHarski@aol.com

(856) 429-9388
FAX (856) 429-9018

October 20, 2006

Ira R. Deiches, Esq.
25 Wilkins Avenue
Haddonfield, NJ 08033

Re: Equipment Appraisal

## MALIK CONSTRUCTION, INC.

Dear Mr. Deiches:

Pursuant to your request, T. B. Harski & Associates prepared an equipment appraisal of for the purpose of determining the **Orderly Liquidation Value** as of **October 16, 2006.**

It is our understanding that the intended use of this appraisal is to assist in establishing the basis for allocating the values to the assets for financial planning.

This appraisal was prepared in accordance with generally accepted appraisal standards, as set forth by the American Society of Appraisers. Accordingly, we performed such tests and procedures as we considered appropriate to complete the appraisal.

This report sets forth our methodology and conclusion, and the factors we considered in formulating our opinion. It is subject to the enclosed statement of general assumptions and limiting conditions.

Based on our review, we have estimated that as of October 16, 2006 the value is:

**ORDERLY LIQUIDATION VALUE:   $6.650.00**

This report sets forth our methodology and conclusions, and the factors we considered in formulating our opinion.  It is subject to the enclosed statement of general assumptions and limiting conditions.

T. B. Harski & Associates appreciates the opportunity to be of service to you, and thank you for your cooperation in completing this assignment.

Respectfully submitted,

Tadeusz B. Harski, ASA

TBH:mah

**T.B. HARSKI & ASSOCIATES**

# TABLE OF CONTENTS

**LETTER OF TRANSMITTAL**

**ASSUMPTION OF LIMITING CONDITIONS**      1

**APPRAISER'S CERTIFICATION**      2

**DATE OF APPRAISAL**      3

**PURPOSE OF APPRAISAL**      3

**INTENDED USE**      3

**SCOPE OF WORK**      3

**LOCATION OF APPRAISAL**      3

**SOURCE OF DATA**      4

**APPRAISAL METHODOLOGY**      5

**ASSETS LISTING**      6

**PROFESSIONAL QUALIFICATIONS**

**T.B. HARSKI & ASSOCIATES**

MILAK CONSTRUCTION, INC.                                          OCTOBER 16, 2006

# LIMITING CONDITIONS AND ASSUMPTIONS

This valuation opinion has been prepared and is subject to the following limiting conditions and assumptions:

To the best of my knowledge and belief, the statements of fact contained in this appraisal are true and accurate;

Information furnished to the appraiser and contained in this appraisal were obtained from sources to be reliable and no further responsibility is assumed for its accuracy;

The appraiser reserves the right to make any adjustments to the valuation contained herein as may be required by consideration of additional or more dependable data that may become available;

The appraiser reserves the right to recall all copies of this appraisal to correct any omission or errors;

No change of any item of the appraisal shall be made by anyone other than the appraiser and the appraiser shall have no responsibility for any unauthorized change;

That no opinion is intended to be expressed or matters that require legal or special expertise, investigation or knowledge beyond customarily employed by appraisers;

The assets have been appraised, as though free of liens, and encumbrances, except as noted;

The appraisal and supporting data are confidential, neither all or part of the contents of this appraisal shall be disseminated to the public in writing, through public relations, news, sales, advertising, orally or in any other manner without the prior written consent and approval of both the client and appraiser;

The appraiser has no present or contemplated future interest in the assets and that neither the employment nor the compensation is contingent upon the appraisal value;

The appraiser is not required to give testimony with reference to the assets appraised unless arrangements have been previously made;

In development of our opinion of value, no consideration has been given to hazardous substances or conditions. This appraiser is not qualified to detect such conditions and if necessary an expert in this field should be retained;

All opinions of value are presented as considered opinion based on facts in this appraisal. No responsibility is assumed for changes in value and market conditions, nor the ability of the owner to find a purchaser at the appraised value;

The dollar amount of any value is based on the purchasing power of the U.S. dollar as of the date in the transmittal letter;

This appraisal is to be used in whole and not in part and may not be used in conjunction with any other appraisal.

It is assumed that all required licenses, certificates of occupancy, consents, or legislative or administrative authority from any local, state, or national government, private entity or organization have been or can be obtained or renewed for any use on which the valuation opinion contained in this report is based.

1

**T.B. HARSKI & ASSOCIATES**

MILAK CONSTRUCTION, INC.                                    OCTOBER 16, 2006

## APPRAISER'S CERTIFICATION

We hereby certify the following statements regarding this appraisal:

1. We have personally inspected all the assets.

2. We have no present or contemplated future interest in the assets, properties, or business interests that are the subject of this appraisal report.

3. We have no personal interest or bias with respect to the subject matter of this report or the parties involved.

4. Our compensation for making the appraisal is in no way contingent upon the value reported.

5. To the best of our knowledge and belief, the statements of facts contained in this report, upon which the analyses, conclusions and opinions expressed herein are based, are true and correct.

6. This valuation report has been prepared in conformity with the Principles of Appraisal practice and Code of Ethics of the American Society of Appraisers (ASA), and in which this appraiser holds a mandatory recertification as a Senior Machinery Equipment Appraiser that has been granted by the International Board of Examiners and valid until November 10, 2009.

7. No person other than the appraisers whose qualifications are included herein have prepared the analyses, conclusions and opinions concerning the assets, properties, or business interests set forth in this report.

8. The attached analyses, opinions and conclusions are limited only by the reported assumptions and limiting conditions contained in the attached and our engagement letter, and are our unbiased professional analyses, opinions and conclusions.

9. The maximum liability of T. B. Harski & Associates (TBH) for the breach of any obligation in connection with this engagement or the report, and for any and all damages of any type or nature (whether in contract or in tort, and whether compensatory, consequential or punitive in nature) sustained or claimed by the company/companies or any other person or entity in connection with this engagement or the Report shall be limited to the fee actually received by TBH under the engagement letter. In no event or circumstances shall TBH have any liability to The Company/Companies or any other person or entity in excess of the fee actually paid to and received by TBH under the engagement letter.

2                                                **T.B. HARSKI & ASSOCIATES**

MILAK CONSTRUCTION, INC.                                    OCTOBER 16, 2006

**DATE OF APPRAISAL:**

The valuation date of this appraisal is October 16, 2006.

**PURPOSE OF APPRAISAL:**

The purpose of this appraisal is to determine the following value:

**ORDERLY LIQUIDATION VALUE** may be defined as the most probable gross
amount expressed in terms of money, as of a specific date, which should be expected
from the sale of the assets, the seller being compelled to sell, given a short, specific,
period of time to sell in an orderly manner, "as is" and "where is" basis with the buyer(s)
being responsible for removal costs.

In preparing the appraisal there was no investigation of any financial data pertaining to
the present or future earning capacity of the business in which the equipment is utilized.

**INTENDED USE:**

It is our understanding the intended use of this appraisal is to assist in establishing the
basis for allocating the values to the assets as to be utilized for financial planning. Use
for any other purposes may make this appraisal invalid.

**SCOPE OF WORK:**

The scope of this appraisal is to value the equipment consisting of:

Vehicles, trailer, woodworking equipment, furniture, power and hand tools.

**LOCATION OF EQUIPMENT:**

Malik Construction, Inc.
300 Mill Road
Moorestown, NJ 08057

**T.B. HARSKI & ASSOCIATES**

MILAK CONSTRUCTION, INC.                                    OCTOBER 16, 2006

## SOURCE OF DATA:

The sources of data used in this appraisal has been gathered from various sources. The values reflected are actual sales, price lists and market data. Information furnished to this appraiser and contained in this appraisal were obtained from sources deemed to be reliable and no further responsibility is assumed for its accuracy.

## HIGHEST AND BEST USE:

The highest and best use of the equipment would be making full use of the capabilities for which it was designed an built.

T.B. HARSKI & ASSOCIATES

MILAK CONSTRUCTION, INC.                                          OCTOBER 16, 2006

## APPRAISAL METHODOLOGY

At the request of Ira Deiches, Esq., an appraisal of the equipment was prepared.

In order to value the assets as requested, the following procedures were implemented:

A field inspection was made on October 16, 2006. During this phase, a review was made of the scope for verification of the existence, age and condition of the equipment. The equipment was identified by its type, manufacturer, model, serial number, capacity and other necessary information where available to value the assets.

There are three conventional and accepted appraisal standards as advocated by the appraisal profession. These methods include, the cost, market and income approaches. In generally accepted appraisal standards, the most revelant approach was utilized.

**Replacement Cost New Approach** – the current selling price new of the same or comparable machine as secured from the manufacturer, franchised dealer or distributor including special purpose attachments and fixtures. Specialty and other certain items by manufacturer's no longer in business were trended from original costs. Produce Price, Marshall Swift and other trending indexes were used in developing trend factors, which were adjusted when specific quotes from machine manufacturers indicated otherwise.

**Market Approach** – determines value by studying recent asked and/or actual prices of similar and comparable assets. Using similar units of comparison, adjustments are made based on the elements being compared, to the sale price of the comparable. Since market transactions are conducted between willing buyers and willing sellers, a number of sales of similar assets establishes a pattern of definable prices.

**Income Approach** – is the present worth of the future income of ownership. It is not feasible to attribute income to an individual asset, since all the assets contributed to earnings in concept with all the other factors of production.

For this appraisal the Market Approach was utilized.

**T.B. HARSKI & ASSOCIATES**

# ASSETS LISTING

MALIK CONSTRUCTION, INC.                                    OCTOBER 16, 2006

| QTY | DESCRIPTION | OLV |
|-----|-------------|-----|
| 1 | X1733D<br>Step Up Van<br>Ford '93<br>mdl. F59<br>vin. #3FCLF59M2PJAC3747 | $3,500 |
| 1 | Pickup Truck<br>Ford '83<br>mdl. F250<br>vin. #2FDHF27Y10099415<br>2 - tool boxes, rack | $200 |
| 1 | Trailer<br>Eager Beaver '94<br>mdl. APIO<br>vin. #112AAH208RL042069<br>6 ton, tandem axle, wood deck,<br>drop gate | $900 |
| 1 | Air Compressor<br>Quincy<br>mdl. F325<br>ser. #352357<br>5 hp., tank mtd. | $350 |
| 1 | Drill Press<br>Delta<br>mdl. 17-900<br>ser. R9018<br>17" flr. | $25 |
| 1 | Band Saw<br>Delta<br>mdl. 28-203<br>ser. #90C17261<br>14" flr. | $25 |
| 1 | Shaper<br>Delta<br>mdl. 43-419<br>ser. #99H91249 | $150 |
| 1 | Table Saw<br>Powermatic<br>10" | $350 |
| 1 | Radial Arm Saw<br>Dewalt<br>mdl. 7790<br>12" cap. | $100 |

6

**T.B. HARSKI & ASSOCIATES**

**MALIK CONSTRUCTION, INC.**

OCTOBER 16, 2006

| QTY | DESCRIPTION | OLV |
|:---:|---|---:|
| 1 | Lot of Power & Hand Tools consisting of: drills, circular saws, hand tools | $750 |
| 1 | Lot of Furniture consisting of: desk, chair, fax machine, cabinet, ladders, work tables | $300 |
| | TOTAL | $6,650 |

**T.B. HARSKI & ASSOCIATES**

# PHOTOGRAPHS

**MALIK CONSTRUCTION, INC.**

OCTOBER 16, 2006







**MALIK CONSTRUCTION, INC.**                    OCTOBER 16, 2006



# PROFESSIONAL QUALIFICATIONS

## CURRICULUM VITAE

### TADEUSZ B. HARSKI, ASA

6 Westwood Drive
Haddonfield, NJ 08033
E-mail: tbharski@comcast.net

Office: 856-429-9388
Mobile: 609-238-1936
Fax: 856-429-9018

**Tadeusz B. Harski, ASA** is President of T.B. Harski & Associates established in 1977. Mr. Harski has professional experience specializing in machinery and equipment valuations on a national and international basis. His expertise includes valuation projects focused on industrial, governmental, commercial and institutional clients. He has conducted fixed asset appraisals for the purposes of acquisitions, mergers, bankruptcies, insurance, financing, accounting, condemnation, and tax. Various premises of value have .0. been concluded, including: fair market value in use or exchange, liquidation value-orderly or forced, and reproduction or replacement value. Mr. Harski has forty (40) years of experience within the valuation profession, specializing in the machinery and equipment discipline.

A representative range of business valuations include industrial manufacturing plants; pulp and paper mills; pharmaceutical companies; chemical and processing coal and sand and foundries; food and beverage processing plants; cement batch plants; construction and contracting equipment; printing; bindery industry; hotels and resorts; dairy plants; wineries, breweries and distilleries; television and radio broadcasting; textile plants; plastic and glass; financial, education and medical institutions.

Prior to forming T.B. Harski & Associates, Mr. Harski was a senior project manager for Enterprise Appraisal Co. He started his career as an appraiser with Marshall & Stevens Appraisal Co. in 1966.

## EDUCATION

Mr. Harski received his Bachelor of Science in Industrial Management from Saint Joseph's University in Philadelphia, Pennsylvania. He has attended Education Programs in Valuation Methodology at Purdue University, Long Island University, University of Michigan, Virginia Commonwealth University and University of Pennsylvania.

In addition, his continuing education includes attending yearly industry conferences and seminars for completion of courses in valuation, engineering and cost estimation in adherence to the mandatory re-accreditation requirements of the American Society of Appraisers.

## PROFESSIONAL AFFILIATIONS

Mr. Harski has been tested and certified in the discipline of Machinery and Technical Valuation/Machinery & Equipment by the American Society of Appraisers. He holds the professional designation of ASA (Accredited Senior Appraiser). He is in compliance with the Principles of Appraisers Practice and Code of Ethics. His mandatory reaccredidation program is valid until November 10, 2009.

## COURT TESTIMONY

Mr. Harski has qualified as an expert witness in preparing and providing testimony in Delaware, Florida, New Jersey, New York and Pennsylvania.

**Exhibit D** – 2019 NJ Judgment Opinion

- Clarifies judgment was a **technical violation**, not consumer fraud.

*Ex 14-bit G*

## STATEMENT OF REASONS

### Overview

This matter comes before the Court on Defendants/Third-Party Plaintiffs Earl Geertgens and Tama Geertgens (collectively, "Defendants")'s Fee Application filed pursuant to R. 4:42-9 and N.J.S.A. 56:8-19. Plaintiff/Third-Party defendants R. Malik Construction LLC and Ric Malik (collectively, "Plaintiffs") filed a Cross-Motion for Relief under R. 4:50-1. Oral arguments were held in this matter on April 16, 2019.

For the following reasons, Plaintiffs' Cross-Motion for Relief is hereby **DENIED** and Defendants' Fee Application is hereby **GRANTED**.

### Discussion

Before the Court are two post-trial motions filed by the parties. On December 13, 2018, Defendants filed a Motion for Summary Judgement. By Order and Statement of Reasons dated January 11, 2019, the Court ordered that the Defendants were entitled to a full refund of the wrongfully withheld deposit in the amount of $108,000. The Court further found that, pursuant to N.J.S.A. 56:8-2.11, the deposit was not an ascertainable loss under the Consumer Fraud Act (CFA) and Contractor's Registration Act (CRA) but did hold that Defendants had successfully shown that Plaintiffs committed an unlawful act in contravention of the CFA and CRA and that Defendants were entitled to reasonable attorneys' fees, filing fees, and costs under N.J.S.A. 56:8-19. The Court permitted the case to proceed to trial on the claim of quantum meruit only.

The non-jury trial took place on January 15, 16, 17, 18, 22, 23, and 24, 2019. On March 14, 2019, following the conclusion of the trial written submissions, the Court found that Plaintiffs had failed to prove, by a preponderance of the credible evidence, that they were entitled to any award of damages in quantum meruit. The Court ordered Defendants' counsel to provide an order pursuant to the Five Day Rule.

Pursuant to this Court's January 11, 2019 Order, Defendants filed the instant Fee Application.

New Jersey courts generally adopt the American Rule and disfavor fee shifting. Litton Indus. v. IMO Indus., 200 N.J. 372, 385, 982 A.2d 420 (2009) (citation omitted); see also Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 440 (2001). However, a prevailing party can recover fees if they are expressly provided for by statute, court rule, or contract. Collier, supra, 167 N.J. at 440. The case at bar deals with violations of the CFA and the CRA. The Court notes that our courts have held that an "award of treble damages and attorneys' fees is mandatory under N.J.S.A. 56:8-19 if a consumer-fraud plaintiff proves both an unlawful practice under the [CFA] and an ascertainable loss." Cox v. Sears Roebuck & Co., 138 N.J. 2, 24 (1994). If, however, a plaintiff cannot establish ascertainable loss, they cannot recover treble damages but may recover "reasonable attorneys' fees, filing fees, and costs if that plaintiff can prove that the defendant committed an unlawful practice." Ibid. Thus, it is clear that the applicable statutes provide for the recovery of attorney's fees.

**Exhibit E**

**Proll Project Permit (Sept. 27, 2022)**

- Shows permit was obtained using township registration help.

BLOCK 4006 LOT 10 QUALIFICATION CODE _____ ADDRESS (SITE) 1078 Lippincott Ave PERMIT NO. FA 89 114-2

# CONSTRUCTION PERMIT APPLICATION

**Applicant Completes: Sections I, II, III (optional), IV, VI, and VII**

### I. IDENTIFICATION

1. Proposed Work Site at: 648 Lippincott Ave

2. Name of Owner in Fee: Joe + Cindy Proll
   Tel. (856) 222-4800   e-mail ciemalik@moorestown Con
   Address 648 Lippincott Ave Moorestown struction.com

3. Ownership in Fee: Public ☐   Private ☐

4. Principal Contractor: Moorestown Constructional (856) 222-4800
   Address 300 Mill Street   e-mail c@... c@
   Moorestown 08057   moorestown Construction.com
   License No. OR, if new home, Builder Reg. No. _____ Exp. Date _____
   Home Improvement Contractor Registration No. or Exemption Reason (if applicable) 13VH0984700
   Federal Emp. ID No. 812848186   FAX (856) 764 8482

5. Architect or Engineer: Ron Frank   Contact _____
   Address 44 Barnes Rd, Bedford   e-mail _____
   Tel. (609) 654 9399   FAX (609) 654 9598

6. Responsible Person in Charge once Work has Begun Moorestown Construction
   Tel. (856) 222-4800   FAX (856) 764 8482

### Ia. PROPOSED WORK

☐ Minor Work
☐ Repair
☐ Asbestos Abat.-Subch. 8

☐ New Building
☐ Alteration
☐ Lead Hazard Abatement

☒ Addition
☐ Renovation
☐ Radon Remediation

☐ Demolition
☐ Reconstruction
☐ Annual Permit

### Ib. SUBCODES
(Check all that apply)

| | Est. Cost | Plans Rec'd by | Date Rec'd | Rejection Date | Approval Date | Re-viewer | Resubmission Dates Approval / Rejection | Re-viewer |
|---|---|---|---|---|---|---|---|---|
| ☒ Building | 110k | | | 4/6/17 | | | | |
| ☒ Electrical | 4k | | | | | | | |
| ☒ Plumbing | 16k | | | | 4-7-17 | | | |
| ☒ Fire Protection | .5k | | | 9-15-17 | 4/22/17 | | | |
| ☐ Elevator | | | | | | | | |
| TOTAL COST | 1298 | | | | | | | |

### II. PLAN REVIEW (optional)

**DO YOU WANT:**
1. ☐ Partial Releases
2. ☐ Prototype Processing

### V. FEE SUMMARY (for office use only)

| | | |
|---|---|---|
| 1. Building | $ | Update |
| 2. Electrical | $ | |
| 3. Plumbing | $ | |
| 4. Fire Protection | $ | |
| 5. Elevator Devices | $ | |
| 6. Subtotal | $ | |
| 7. Less 20% for State Plan Review | $ | |
| 8. Subtotal | $ | |
| 9. State Permit Surcharge Fee | $ | |
| 10. Subtotal | $ | |
| 11. Cert. of Occupancy | $ | |
| 12. Other | $ | |
| 13. TOTAL | $ | |

### VI. BUILDING/SITE CHARACTERISTICS (office use only)

| | | | By |
|---|---|---|---|
| 1. Number of Stories | | | |
| 2. Height of Structure | 16 | | |
| 3. Area — Largest Floor | 680 | sq. ft. | |
| 4. New Building Area | 680 | sq. ft. | |
| 5. Volume of New Structure | 7000 | cu. ft. | |
| 6. Max. Live Load | 40/15 | | |
| 7. Max. Occupancy Load | | | |
| 8. If Industrialized Building: State Approved | | HUD | |
| 9. Total Land Area Disturbed | 680 | sq. ft. | |
| 10. Flood Hazard Zone | | | |
| 11. Base Flood Elevation | | ft. | |
| 12. Wetlands yes ___ no ☒ | | | |

### FOR OFFICE USE ONLY (optional)

### VII. DESCRIPTION OF BUILDING USE

A. RESIDENTIAL (primary use)
1. State Specific Use: _____
2. Use Group, Proposed: _____
3. Change in Use Group, Indicate Present:
4. No. of dwelling units: Total Units Income-restricted
   Gained, Sale _____
   Gained, Rental _____
   Lost Sale _____
   Lost Rental _____

B. NON-RESIDENTIAL (primary use)
1. State Specific Use: _____
2. Use Group, Proposed: _____
3. Change in Use Group, Indicate Present: _____

C. MIXED USE - List secondary use(s): _____
D. Construct. Classification: Present _____
   Proposed _____

### IV. DOES OR WILL YOUR BUILDING CONTAIN ANY OF THE FOLLOWING?

1. ☐ Elevators/Escalators/Lifts/Dumbwaiters/Moving Walks
2. ☐ High Pressure Boilers
3. ☐ Pressure Vessels
4. ☐ Refrigeration Systems
5. ☐ Cross Connections/Backflow Preventors
6. ☐ Hazardous Uses/Places of Assembly
7. ☐ Sprinklers/Standpipes
8. ☐ Smoke Control Systems in Open Wells
9. ☐ Underground Storage Tanks
10. ☐ Swimming Pools, Spas and Hot Tubs
11. ☐ LPGas Tanks
12. ☐ Fire Alarm

Greentgens000413 F.49

**CERTIFICATION IN LIEU OF OATH**

I.   OWNER SECTION (to be completed if the applicant is the owner in fee)

I hereby certify that I am the owner in fee of the property listed on Page 1.

Mark the following applicable boxes:

A.  (   )   I further certify that a new home (private residence) will be constructed on this property for my own use and occupancy. This dwelling is to be occupied by myself and is not to be used for any purpose other than single family residential use. I attest that all construction, plumbing, or electrical work will be done, in whole or in part, by me or by subcontractors under my supervision, in accordance with all applicable laws; and, I further acknowledge that said new home is not covered under the New Home Warranty and Builders Registration Act (N.J.S.A. 46:3B-1 et seq.) and that such fact shall be disclosed to any person purchasing this property within ten years of the date of issuance of a certificate of occupancy.

I UNDERSTAND THAT IN MARKING BOX A, I ACKNOWLEDGE THAT I AM ASSUMING RESPONSIBILITY FOR THE WORK DONE ON SAID PROPERTY, THE CONDITION OF THE PROPERTY PRIOR TO, DURING, AND AFTER ANY WORK PERFORMED, AND FOR THE PERFORMANCE OF THE SUBCONTRACTORS I HIRE, EMPLOY, OR OTHERWISE CONTRACT OR WITH WHOM I MAKE AGREEMENTS TO PERFORM WORK. I AM VOLUNTARILY AND KNOWINGLY ASSUMING THIS RESPONSIBILITY.

B.  (   )   I further certify the following as required by the New Jersey Uniform Construction Code, N.J.A.C. 5:23-2.15(f)1.bc

I personally prepared the plans submitted for: 1) the new home referred to in A.; or, 2) an addition, alteration, renovation, or repair to an existing single family residence owned and occupied by myself and located on the property listed on Page 1; or, 3) a new structure that will be physically separate from, but that will be deemed part of, an existing single family residence that is owned and occupied by myself and located on the property listed on Page 1.

C.  (   )   I further certify that I will perform or supervise the following work:
  C.1. (   )  Building          C.2. (   )  Fire Protection

  I further certify that I will perform the following work:
  C.3. (   )  Electrical        C.4. (   )  Plumbing

D.  (   )   I agree to advise all contractors on this project that they are required to be registered with the New Jersey Division of Taxation and to comply with all New Jersey tax laws.

I further certify the following as required by the Uniform Construction Code, N.J.A.C. 5:23-2.15(a)5: All required State, county, and local prior approvals have been given, including such certification as the construction official may require.

I understand that if any of the above statements are willfully false, I am subject to punishment.

Signature _____     Date _____

II.   AGENT SECTION (to be completed if the applicant is not the owner in fee)

I hereby certify the following as required by the Uniform Construction Code, N.J.A.C. 5:23-2.15(d): the proposed work is authorized by the owner in fee; and I have been authorized by the owner in fee to make this application as his agent.

I further certify the following as required by the Uniform Construction Code, N.J.A.C. 5:23-2.15(a)5: All required State, county, and local prior approvals have been given, including such certification as the construction official may require.

I agree to advise all contractors on this project that they are required to be registered with the New Jersey Division of Taxation and to comply with all New Jersey tax laws.

I understand that if any of the above statements are willfully false, I am subject to punishment.

☑   Check if contractor.

Agent Name _____Moorestown Construction_____
Address _____300 Mill St Moorestown_____

Telephone ( 856 ) 222 - 4800
Signature _____

III.  (   )   LEAD HAZARD ABATEMENT: Include Homeowner or Building Owner Affidavit as per N.J.A.C. 5:17.

F.49

OFFICE DATE RECEIVED: _____

| VIII. PRIOR APPROVALS CHECKLIST (office use only) | LOCAL APPROVAL | | COUNTY APPROVAL | | REGIONAL APPROVAL | | STATE APPROVAL | | COMMENTS |
|---|---|---|---|---|---|---|---|---|---|
| | Prelimin. Initial | Final Date | Prelimin. Initial | Final Date | Prelimin. Initial | Final Date | Prelimin. Initial | Final Date | |
| ☑ Zoning Officer | ✓ | 8 25 22 | ✕ | ✕ | ✕ | ✕ | ✕ | ✕ | |
| ☐ Planning Board | | | ✕ | ✕ | ✕ | ✕ | ✕ | ✕ | Aug 22 2022 |
| ☐ Zoning Board | | | ✕ | ✕ | ✕ | ✕ | ✕ | ✕ | |
| ☐ Sewer Authority | | | | | | | ✕ | ✕ | |
| ☐ Water Authority | | | | | | | ✕ | ✕ | |
| ☐ Police Department | | | ✕ | ✕ | ✕ | ✕ | ✕ | ✕ | |
| ☐ Health Department | | | ✕ | ✕ | ✕ | ✕ | ✕ | ✕ | |
| ☐ Soil Conservation | | | | | | | | | |
| ☐ N.J. Department of Community Affairs | ✕ | ✕ | ✕ | ✕ | | | | | |
| ☐ N.J. Department of Transportation | ✕ | ✕ | | | | | | | |
| ☐ N.J. Department of Environmental Protection | ✕ | ✕ | | | | | | | |
| ☐ Utility Dig No. | | | | | | | ✕ | ✕ | |
| ☐ | | | | | | | | | |
| ☐ | | | | | | | | | |

IX. SUBCODES AND SPECIAL REGULATIONS APPLICABLE (office use only - optional)

| Name of Code & Edition | | Name of Code & Edition | | |
|---|---|---|---|---|
| Building | | Energy | Other | |
| Electrical | | Barrier Free | | |
| Plumbing | | Flood Hazard | | |
| Fire Protection | | As-Built Elevation Cert | | |
| Mechanical | | Other | | |

X. CERTIFICATES ISSUED (office use only)

| | | DATE ISSUED | DATE EXPIRED | DATE REISSUED | DATE EXPIRED |
|---|---|---|---|---|---|
| ☐ Temporary Certificate of Occupancy | No. | | | | |
| ☐ Temporary Certificate of Compliance | No. | | | | |
| ☐ Continued Certificate of Occupancy | No. | | | | |
| ☐ Certificate of Compliance | No. | | | | |
| ☐ Certificate of Occupancy | No. | | | | |
| ☐ Certificate of Approval | No. | | | | |
| ☐ Lead Abatement Clearance Certificate | No. | | | | |

Geertgens000415 F.49

1. Block ___4006___                                      Zone _____

   Property Location: _648 Lippincott Ave_

   Name of Business/Tenant: _____N/A_____

2. Owner's Name: _Joe + Cindy Proll_

   Address: _648 Lippincott Ave._

   Phone: _856. 222. 4800_    Email: _richmalik@moorestownconstruction.com_

3. Applicant's Name: _Moorestown Construction_

   Address: _300 Mill St, Moorestown_

   Phone: _222-4800_    Email: _info@moorestownconstruction.com_

4. Use of Property: Former Use: _N/C_    Proposed Use: _N/C_
   Description of Work: _34'x20' Addition For 2-Bedrooms_
   _____

5. Attached Building & Lot Coverage Worksheet MUST be completed in its entirety UNLESS
   proposed work is a fence or entirely interior (i.e. finished basement). Please attach a copy of
   the Survey showing all Existing and Proposed Improvements.

6. Is there a prior and/or pending Zoning or Planning Board approval involving this property?
   If Yes, please provide the following information and a copy of the resolution.
   Date & Type of Approval: _____ Resolution# _____

7. CIRCLE ONE PLEASE: I am the *Property Owner,* *Contractor,* *Tenant, Other* making this
   application. I hereby certify that the owner of record authorized the proposed work and, as his/her/their agent,
   we agree to conform to all applicable laws and regulations of this jurisdiction.

   _____GM_____                              _8/22/22_
   Signature                                 Date

---

OFFICE USE ONLY - $50.00

☑ Cash - $50.00  _2030_
☑ Check # _2030_    Rec'd By _DM_  Date _8/22_ _M_ Control # _ZA-22-419_

☑ Application APPROVED    Date: _8-25-22_

   Comments: _____

☐ Application DENIED    Date: _____           AUG 2 2 2022

   Comments: _____

---

DPW/UTILITY DEPT. APPROVAL Date _____      Approved By: _____

_Peter D. Clifford, Zoning Officer_            _8-25-22_
Peter D. Clifford, Zoning Officer              Date

Zoning Permit Application page 1 of 3                    form 06-27-2022

Geertgens000416 F.49



# CONSTRUCTION PERMIT

| | |
|---|---|
| Date Issued | 9/27/2022 |
| Control # | C-22-01342 |
| Permit # | 22-1162 |

IDENTIFICATION   Block: 4006          Lot: 10          Qualifier _____

Work Site Location: 648 LIPPINCOTT AVE. Moorestown Township, NJ

Contractor   MOORESTOWN CONSTRUCTION
Address   300 MILL STREET. MOORESTOWN NJ 08057

Owner in Fee   PROLL, JOSEPH & CATHERINE
648 LIPPINCOTT AVE. MOORESTOWN NJ 08057

Telephone:   (856) 222-4800

Telephone:   (856) 222-4800
Lic. No. or Bldrs. Reg. No.   13VH09384700
Federal Employee. No.   812848186

**Is hereby granted permission to perform the following work:**

- [x] BUILDING
- [x] PLUMBING
- [ ] LEAD HAZARD ABATEMENT
- [x] ELECTRICAL
- [x] FIRE PROTECTION
- [ ] DEMOLITION
- [ ] ELEVATOR DEVICES
- [ ] ASBESTOS ABATEMENT (Subchapter 8 only)
- [ ] OTHER

DESCRIPTION OF WORK:

ADDITION/NJAC 5:23 6.32, BATH RENOVATION ADDITION FOR TWO BEDROOMS.

Note: If construction does not commence within one (1) year of date of issuance, or if construction ceases for a period of six (6) months, this permit is void.
Estimated Cost of Work  $117,000

| PAYMENTS (Office Use Only) | |
|---|---|
| Building | $336 |
| Electrical | $159 |
| Plumbing | $80 |
| Fire Protection | $75 |
| Elevator Devices | $0 |
| Other | $0.00 |
| DCA Training Fee | $26 |
| CO Fee | $100.00 |
| Other | $0 |
| Total | $776 |
| Check No. | 2038 |
| Cash | $0 |
| Credit | $0 |
| Collected By | Connie Gooding |

_____          _____
Construction Official                    Date

U.C.C. F170
equiv (rev 1/04)

1 WHITE - INSPECTOR          2 CANARY - OFFICE          3 PINK - TAX ASSESSOR          4 GOLD - APPLICANT

---

## REQUIRED INSPECTIONS

Construction work must be inspected in accordance with the State Uniform Construction Code Regulations N.J.A.C. 5:23-2.18. This agency will carry out such periodic inspections during the progress of work as are necessary to insure that the work installed conforms with the requirements of the Uniform Construction Code.

The owner or other responsible person in charge of work must notify this agency when work is ready for any required inspections specified below. Requests for inspections must be made at least 24 hours prior to the time the inspection is desired. Inspections will be performed within three business days of the time for which they are requested. The work must not proceed in a manner which will preclude the inspection until it has been made and approval granted.

- [ ] Required inspections for all subcodes for one- and two-family dwellings are as follows:

    1. The bottom of footing trenches before placement of footings, except that in cases of pile foundations, inspections shall be made in accordance with the requirements of the building subcode.

    2. Foundations and all walls up to grade level prior to back filling.

    3. All structural framing, connections, wall and roof sheathing and insulation; electrical rough wiring, panel and service installation; rough plumbing. The framing inspection shall take place after the rough electrical and plumbing inspections and after the installation of the heating, ventilation and /or air conditioning duct system. The insulation inspection shall be performed after all other subcode rough inspections and prior to the installation of any interior finish material.

    4. Installation of all finished materials, sealings of exterior joints, plumbing piping, trim and fixtures; electrical wiring, devices and fixtures; mechanical systems equipment.

    Additional required inspections for all subcodes of construction, for other than one- and two-family dwellings, are fire suppression systems, heat producing devices and Barrier Free subcode accessibility, if applicable.

- [ ] Required special inspections. The applicant by accepting the permit will be deemed to have consented to these requirements:

- [ ] A final inspection is required for each applicable subcode area before a final Certificate of Occupancy or Approval may be issued. The final inspections include the installation of all interior and exterior finish materials, sealing of exterior joints, mechanical system and other required equipment; electrical wiring, devices and fixtures; plumbing pipes, trim and fixtures; tests required by any provision of the adopted subcodes, Barrier Free accessibility, if applicable; and verification of compliance with NJAC 5:23-3.5, "Posting structures".

- [ ] A complete copy of released plans must be kept on the job site.

If you do not understand any of this information, please ask.

Geertgens000417 F.49

## BUILDING SUBCODE
### TECHNICAL SECTION

| | |
|---|---|
| Date Received | 8/29/2022 |
| Control # | C-22-01342 |
| Date Issued | 9/27/2022 |
| Permit # | 22-1352 |

**A. IDENTIFICATION - APPLICANT:** COMPLETE ALL APPLICABLE INFORMATION. WHEN CHANGING CONTRACTORS, NOTIFY THIS OFFICE. CALL UTILITY DIG NO: 1-800-272-1000
Block  4006          Lot  10          Qualification Code

Work Site Location:  648 LIPPINCOTT AVE  Moorestown Township NJ

Owner in Fee:  PROLL, JOSEPH & CATHERINE
Address  648 LIPPINCOTT AVE  MOORESTOWN NJ 08057
Tel.  (856) 222-4900          Email
Contractor  MOORESTOWN CONSTRUCTION
Address  300 MILL STREET  MOORESTOWN NJ 08057
                          Email  RIC@MOORESTOWNCONSTRUCTION.COM
Tel.  (856) 222-4900          Fax
Contractor License No. or, if new home, Bldrs Reg. No.                     Exp.
Home Improvement Contractor Registration No. or Exemption Reason (is applicable):
Federal Emp. ID No.  812848386

**C. CERTIFICATION IN LIEU OF OATH**
I hereby certify that I am the (agent of) owner of the record and am authorized to make this application.

Signature

Print Name Here:

**D. TECHNICAL SITE DATA**

**DESCRIPTION OF WORK**
ADDITION/NJAC 5:23 6.32. BATH RENOVATION, ADDITION FOR TWO BEDROOMS.

| JOB SUMMARY (Office Use Only) | | | INSPECTIONS | | Dates (Month/Day) | | |
|---|---|---|---|---|---|---|---|
| PLAN REVIEW | Date | Initial | Type | Failure | Failure | Approval | Initial |
| ☐ No Plan Required | | | Footing | | | 9/30/22 | JD |
| ☐ All | | | Footing Bonding | | | | |
| ☐ Footing/Foundation | | | Foundation | | | 10/11/22 | JD |
| ☐ Struct/Framework | | | Slab | | | | |
| ☐ Exterior | | | Frame | | 11/29/22 | | |
| ☐ Interior | | | Truss Sys./Bracing | | | | |
| Joint Plan Review Required | | | Barrier-Free | | | | |
| ☐ Elec. ☐ Plumb. ☐ Fire ☐ Elevator | | | Insulation | | | | |
| SUBCODE APPROVAL for PERMIT | | | Finishes-Base Layer | | | | |
| Date: | | | Finishes-Final | | | | |
| Approved by: | | | Energy | | | | |
| SUBCODE APPROVAL for CERTIFICATE | | | Mechanical | | | | |
| ☐ CO ☐ CCO ☐ CA | | | TCO | | | | |
| Date: | | | Other | | | | |
| Approved by: | | | Final | | | | |
| | | | Barrier-Free | | | | |

**TYPE OF WORK**

| | FEE (Office Use Only) |
|---|---|
| ☐ New Building | |
| ☑ Addition | $336 |
| ☐ Rehabilitation | |
| ☐ Roofing | |
| ☐ Siding | |
| ☐ Fence _____ Height [exceeds 6'] | |
| ☐ Sign _____ Sq. Ft. | |
| ☐ Pool | |
| ☐ Retaining Wall _____ Sq. Ft. | |
| ☐ Asbestos Abatement Subchapter 8 | |
| ☐ Lead Haz Abatement NJAC 5:17 | |
| ☐ Radon Remediation | |
| ☐ Other _____ | |
| ☐ Demolition | |

**E. BUILDING CHARACTERISTICS**
Use Group   Present R-5          Proposed  R-5
Constr. Class   Present _____          Proposed _____
Number of Stories  1
Height of Structure  15          Ft.
Area - Largest Floor  580          Sq. Ft.
New Bldg. Area / All Floors  680          Sq. Ft.
Volume of New Structure  7900          Cu. Ft.
Total Land Area Disturbed  680          Sq. Ft.

If Industrial Building:
State Approved _____
HUD _____
Est. Cost of Bldg. Work:
1. New Bldg.  $110,000
2. Rehabilitation _____
3. Total (1+2)  $110,000

U.C.C. F110 (rev. 11/09)

| | |
|---|---|
| Administrative Surcharge | |
| Minimum Fee | |
| State Permit Surcharge Fee | $26 |
| **TOTAL FEE** | **$362** |

Applicant: When submitting this form to your Local Construction Code Enforcement Office, please provide one original plus three photocopies.

DataPrinted

## PLUMBING SUBCODE
### TECHNICAL SECTION

**A. IDENTIFICATION - APPLICANT:** COMPLETE ALL APPLICABLE INFORMATION. WHEN CHANGING CONTRACTORS, NOTIFY THIS OFFICE. CALL UTILITY DIG NO: 1-800-272-1000.

Block 4200 _____ Lot 5C _____ Qualification Code _____

Work Site Location: 648 LIPPINCOTT AVE Moorestown Township NJ _____

Owner in Fee: PROLL JOSEPH & CATHERINE

Address 648 LIPPINCOTT AVE MOORESTOWN NJ 08057

_____ Email _____

Tel. (856) 222-4800

Contractor: ALBERT ELLIS

Address 124 MILL ST MOORESTOWN NJ 08057

_____ Email AELLISINC@GMAIL.COM

Tel. (856) 235-0597 _____ Fax _____

Home Improvement Contractor Registration No. or Exemption Reason(is applicable) _____

Contractor License No. 36BI00704400 _____ Expiration Date: 8/30/2023

Federal Employee No. 210445570

**B. PLUMBING CHARACTERISTICS**

Use Group Present ____ B.5 ____ Proposed ____ B.5

Building Sewer Size ____ ☐ Public Sewer ☐ Private Septic

Water Service Size ____ ☐ Public Water ☐ Private Well

Estimated Cost of Plumbing Work $1,500

| JOB SUMMARY (Office Use Only) | | | Truss Sys./Bracing | | | | |
|---|---|---|---|---|---|---|---|
| PLAN REVIEW | Date | Initial | INSPECTIONS | | Dates (Month/Day) | | |
| ☐ No Plan Required | | | Type: | Failure | Failure | Approval | Initial |
| ☐ Partial Underslab Utilities Approved | | | Slab | | | | |
| Date: ____ by: ____ | | | Rough | | | | |
| ☐ Plumbing Plans Approved | | | Water | | | | |
| Date: | | | Sewer | | | | |
| Approved by: | | | Fixtures | | | | |
| Joint Plan Review Required | | | Gas Equipment | | | | |
| ☐ Building ☐ Electrical | | | Gas Piping | | | | |
| ☐ Fire ☐ Elevator | | | LPGas Tank | | | | |
| SUBCODE APPROVAL for PERMIT | | | Fuel Oil Piping | | | | |
| Date: | | | Solar | | | | |
| Approved by: | | | TCO | | | | |
| SUBCODE APPROVAL for CERTIFICATE | | | Final | | | | |
| ☐ CO ☐ CCO ☐ CA | | | Other | | | | |
| Date: | | | | | | | |
| Approved by: | | | | | | | |

☐ Licensed Plumbing Contractor ☐ Exempt Applicant

---

Date Received 8/29/2022
Control # C-22-01342
Date Issued 9/27/2022
Permit # 22-1162

**C. CERTIFICATION IN LIEU OF OATH**

I hereby certify that I am the (agent of) owner of the record and am authorized to make this application and perform the work listed on this application.

Applicant's Signature/Contractor's Seal and Signature and Printed Name

**D. TECHNICAL SITE DATA**

DESCRIPTION OF WORK
ADDITION/NJAC 5:23-6.32, BATH RENOVATION, ADDITION FOR TWO BEDROOMS.

| NO. | FIXTURE/EQUIPMENT | FEE (Office Use Only) |
|---|---|---|
| 1 | Water Closet | $20. |
| | Urinal/Bidet | |
| | Bath Tub | |
| 2 | Lavatory | $40. |
| 1 | Shower | $20. |
| | Floor Drain | |
| | Sink | |
| | Dishwasher | |
| | Drinking Fountain | |
| | Washing Machine | |
| | Hose Bibb | |
| | Water Heater | |
| | Fuel Oil Piping | |
| | Gas Piping | |
| | LP Gas Tank | |
| | Steam Boiler | |
| | Hot Water Boiler | |
| | Sewer Pump | |
| | Interceptor/Separator | |
| | Backflow Preventer | |
| | Grease trap | |
| | Sewer Connector | |
| | Water Service Connection | |
| | Stacks | |
| | Other | |

☐ Private Septic   Administrative Surcharge _____
☐ Private Well     Minimum Fee _____
                   State Permit Surcharge Fee _____
                   **TOTAL FEE** $80.

U.C.C.F730 (rev. 11/09)

Applicant: When submitting this form to your Local Construction Code Enforcement Office, please provide one original plus three photocopies.

# ELECTRICAL SUBCODE
## TECHNICAL SECTION

Date Received 8/29/2022
Date Issued 9/7/2022
Control # C-22-01342
Permit # 22-1162

A. IDENTIFICATION - APPLICANT: COMPLETE ALL APPLICABLE INFORMATION. WHEN CHANGING CONTRACTORS, NOTIFY THIS OFFICE. CALL UTILITY DIG NO: 1-800-272-1000

Block 4000 Lot 19 Qualification Code _____

Work Site Location: 648 LIPPINCOTT AVE Moorestown Township, NJ

Owner in Fee: PROLL JOSEPH & CATHERINE

Address 648 LIPPINCOTT AVE MOORESTOWN NJ 08057

Email _____

Tel (856) 272-4800

Contractor: MICHAEL J HYNES

Address 2607 NEW ALBANY RD CINNAMINSON NJ 08077

Email _____

Tel (856) 251-3450 Fax _____

Lic No. 34EB01270300 Exp Date 3/30/2024

Home Improvement Contractor Registration No. or Exemption Reason(is applicable) _____

Federal Employee No. _____

B. ELECTRICAL CHARACTERISTICS

Use Group Present R-5 Proposed R-5

☐ Pole/Pad # _____ ☐ Temporary ☐ Other _____

Building Occupied as _____ Utility Co. _____

Estimated Cost of Electrical Work $4,000

### JOB SUMMARY (Office Use Only)

PLAN REVIEW Date Initial
☐ No Plan Required

☐ Partial/Underslab Approved
Partial Underslab Utilities Approved
Date: _____ by _____
☐ Electrical Plans Approved
Date: _____ by _____
Joint Plan Review Required
☐ Building ☐ Plumbing
☐ Fire ☐ Elevator
SUBCODE APPROVAL for PERMIT
Date: _____
Approved by: _____
SUBCODE APPROVAL for CERTIFICATE
☐ CO ☐ CCO ☐ CA
Date _____
Approved by: _____

INSPECTIONS

| Type | Failure | Failure | Failure | Approval | Initial |
|------|---------|---------|---------|----------|---------|
| Rough | | | | | |
| Barrier-Free | | | | | |
| Trench | | | | | |
| Temp. Serv. | | | | | |
| Constr. Serv | | | | | |
| TCO | | | | | |
| Other | | | | | |
| Service | | | | | |
| Final | | | | | |
| Barrier-Free | | | | | |
| Temp. Cut-in-Card Date Issued | | | | | |
| Final Cut-in-Card Date Issued | | | | | |
| Annual Pool Inspection | | | | | |
| Date of Grounding and Bonding Certification | | | | | |

U.C.G F120 Rev. 11/09

Applicant: When submitting this form to your Local Construction Code Enforcement Office, please provide one original plus three photocopies.

C. CERTIFICATION IN LIEU OF OATH
I hereby certify that I am the (agent of) owner of the record and am authorized to make this application and perform the work listed on this application.

Applicant's Signature/Contractor's Seal and Signature and Printed Name

☐ Licensed Elec Contr ☐ Certif'd Landscape Irrigation Cont'r ☐ Exempt Applicant
D. TECHNICAL SITE DATA
DESCRIPTION OF WORK
ADDITION/HVAC 5.23 6.32, BATII RENOVATION, ADDITION FOR TWO BEDROOMS

| QTY. | SIZE | ITEMS | FEE (Office Use Only) |
|------|------|-------|------------------------|
| 12 | | Lighting Fixtures | |
| 24 | | Receptacles | |
| 10 | | Switches | |
| 6 | | Detectors | |
| | | Light Poles | |
| 1 | | Motors - Fract. HP | |
| | | Emergency & Exit Lights | |
| | | Communication Points | |
| | | Alarm Devices/F.A.C. Panel | |
| 52 | | TOTAL NUMBERS | $150 |
| | | Pool Permit/with UW Lights | |
| | | Storable Pool/Spa/Hot Tub | |
| | | KW Elec. Range/Receptical | |
| | | KW Oven/Surface Unit | |
| | | KW Elec. Water Heater | |
| | | KW Elec. Dryer/Receptacle | |
| | | KW Dishwasher | |
| | | HP Garbage Disposal | |
| | | KW Central A/C Unit | |
| | | HP/KW Space Heater/Air | |
| | | KW Baseboard Heat | |
| | | HP Motors 1/+ HP | |
| | | KW Transformer/Generator | |
| | | AMP Service | |
| | | AMP Subpanels | |
| | | AMP Motor Control Center | |
| | | KW Elec. Sign/Outline Light | |

Administrative Surcharge _____
Minimum Fee _____
State Permit Surcharge Fee _____
TOTAL FEE $150

**F.49**

# FIRE SUBCODE
## TECHNICAL SECTION

| | |
|---|---|
| Date Received | 8/08/2022 |
| Control # | C-22-01342 |
| Date Issued | 9/07/2022 |
| Permit # | 22-1162 |

**A. IDENTIFICATION - APPLICANT:** COMPLETE ALL APPLICABLE INFORMATION. WHEN CHANGING CONTRACTORS, NOTIFY THIS OFFICE. CALL UTILITY DIG NO. 1-800-272-1000
Block  4008          Lot  10          Qualification Code _____

Work Site Location: 648 LIPPINCOTT AVE  Moorestown Township, NJ

Owner in Fee:  PROLL JOSEPH & CATHERINE

Address  648 LIPPINCOTT AVE  MOORESTOWN NJ 08057          Email _____

Tel  (856) 222-4800

Contractor  MOORESTOWN CONSTRUCTION          Tel  (856) 222-4800

Address  900 MILL STREET  MOORESTOWN NJ 08057          Email INFO@MOORESTOWNCONSTRUCTION.COM

Fire Protection Equipment, NJ Div of Fire Safety Permit No. _____

Fire Protection Equipment, NJ Div or Fire Safety Installer No. _____

Fire Alarm Contractor No.  _____          Expiration Date _____

Home Improvement Contractor Registration No. or Exemption Reason(s) applicable) _____

Federal Employee No. _____          Fax _____

**B. FIRE PROTECTION CHARACTERISTICS**
Use Group     Present  R-5   Proposed  R-5
Constr. Class   Present  Type VB    Proposed _____

Heating Systems: ☐ New  or  ☐ Modification to Existing
or ☐ Conversion  or ☐ Replacement

Type: ☐ Gas   ☐ Oil   ☐ Electric   ☐ Solar
☐ Other _____
Location: _____

Total Cost of Fire Protection Work    $500

**Fuel Storage Tank:**
Fuel Type ☐ Flammable  or ☐ Combustible
Capacity _____
Location of Panel _____

Fire Alarm System: ☐ New  or ☐ Existing
Fire Suppression/Standpipe System:
☐ New  or  ☐ Existing
Location of Main Control Valve: _____

**C. CERTIFICATION IN LIEU OF OATH**
I hereby certify that I am the (agent of) owner of record and am authorized to make this application.

Applicant's Signature/Contractor's Seal and Signature and Printed Name
☐ Certified Contractor          ☐ Exempt Applicant

**D. TECHNICAL SITE DATA**
DESCRIPTION OF WORK
ADDITION/HVAC § 23-6.32, BATH RENOVATION, ADDITION FOR TWO BATHROOMS
Water Supply Source _____
Method of Alarm/Suppression System Supervision _____

| | NUMBER | FEE (Office Use Only) |
|---|---|---|
| Flammable/Combustible Tanks | | |
| **Alarm Systems** | | |
| ☐ System | | |
| ☐ 110v Interconnected | | |
| ☐ CO Detectors/110v | | |
| Alarm Devices (i.e. smoke, heat, pulls, water/flow) | 5 | |
| Supervisory Devices (tampers, lowhigh air) | | |
| Signaling Devices (horn/strobes, bells) | | |
| Other Devices | | |
| **TOTAL** | 5 | $75.00 |
| **Suppression Systems** | | |
| Fire Pump ____ GPM Type ____ | | |
| Dry Pipe/Alarm Valves | | |
| Pre-action Valves | | |
| Sprinkler Heads (Dry and Wet) | | |
| Standpipes | | |
| **Pre-engineered Systems** | | |
| Wet Chemical | | |
| Dry Chemical | | |
| CO2 Suppression | | |
| Foam Suppression | | |
| FM200 Suppression | | |
| Other | | |
| **Other Systems** | | |
| Kitchen Hood Exhaust System | | |
| Smoke Control System | | |
| Fire Appliances ☐ Gas ☐ Oil ☐ Solid | | |
| Fireplace Venting/Metal Chimney | | |
| Other | | |
| Administrative Surcharge | | |
| Minimum Fee | | |
| State Permit Surcharge Fee | | |
| **TOTAL FEE** | | $75. |

**JOB SUMMARY (Office Use Only)**

| PLAN REVIEW | Date | Initial |
|---|---|---|
| ☐ No Plan Required | | |
| ☐ Partial Underslab Utilities Approved | | |
| Date: ____ by: ____ | | |
| ☐ Fire Protection Plans Approved | | |
| Date: | | |
| Approved by: | | |

Joint Plan Review Required
☐ Building   ☐ Plumbing
☐ Electrical   ☐ Elevator
SUBCODE APPROVAL for PERMIT
Date:
Approved by:
SUBCODE APPROVAL for CERTIFICATE
☐ CO   ☐ CCO   ☐ CA
Date:
Approved by:

| INSPECTIONS Type: | Failure | Failure | Approval | Initial |
|---|---|---|---|---|
| Alarm System | | | | |
| Suppression Sys. | | | | |
| Standpipe | | | | |
| Fire Pump | | | | |
| Pre-Eng. System | | | | |
| Mechanical | | | | |
| Smoke Control | | | | |
| TCO | | | | |
| Flam/Combust Tank | | | | |
| Fireplace Venting | | | | |
| Final | | | | |
| Other | | | | |

Dates (Month/Day)

U.C.C F140 (rev. 11/06)

Applicant: When submitting this form to your Local Construction Code Enforcement Office, please provide one original plus three photocopies.

 **PERMIT UPDATE**

Date Update Issued 1/6/2023
Control # C-22-01342+A
Permit # 22-1162+A

IDENTIFICATION Block: 4006 Lot: 10 Qualifier _____
Work Site Location: 648 LIPPINCOTT AVE Moorestown Township, NJ

Contractor MOORESTOWN CONSTRUCTION
Address 300 MILL STREET MOORESTOWN NJ 08057

Owner in Fee PROLL, JOSEPH & CATHERINE
648 LIPPINCOTT AVE MOORESTOWN NJ 08057

Telephone: (856) 222-4800
Lic. No. or Bldrs. Reg. No. 13VH09384700

Telephone: (856) 222-4800
Federal Employee. No. 812848166

**Is hereby granted permission to perform the following work:**

| | | |
|---|---|---|
| ☑ BUILDING | ☐ PLUMBING | ☐ LEAD HAZARD ABATEMENT |
| ☑ ELECTRICAL | ☑ FIRE PROTECTION | ☐ DEMOLITION |
| ☐ ELEVATOR DEVICES | ☐ ASBESTOS ABATEMENT (Subchapter 8 only) | ☑ OTHER |

DESCRIPTION OF WORK:
HVAC

Note: If construction does not commence within one (1) year of date of issuance, or if construction ceases for a period of six (6) months, this permit is void.
Estimated Cost of Work $14,392

| PAYMENTS (Office Use Only) | |
|---|---|
| Building | $162 |
| Electrical | $65 |
| Plumbing | $0 |
| Fire Protection | $65 |
| Elevator Devices | $0 |
| Other | $85.00 |
| DCA Training Fee | $28 |
| CO Fee | |
| Other | $0 |
| Total | $406 |
| Check No. | 2053 |
| Cash | $0 |
| Credit | $0 |
| Collected By | Connie Goodi.m |

_____
Construction Official          Date

U.C.C. F170
equiv (rev 1/04)

1 WHITE - INSPECTOR          2 CANARY - OFFICE          3 PINK - TAX ASSESSOR          4 GOLD - APPLICANT

# REQUIRED INSPECTIONS

Construction work must be inspected in accordance with the State Uniform Construction Code Regulations N.J.A.C. 5:23-2.18. This agency will carry out such periodic inspections during the progress of work as are necessary to insure that the work installed conforms with the requirements of the Uniform Construction Code.

The owner or other responsible person in charge of work must notify this agency when work is ready for any required inspections specified below. Requests for inspections must be made at least 24 hours prior to the time the inspection is desired. Inspections will be performed within three business days of the time for which they are requested. The work must not proceed in a manner which will preclude the inspection until it has been made and approval granted.

☐ Required inspections for all subcodes for one- and two-family dwellings are as follows:

1. The bottom of footing trenches before placement of footings, except that in cases of pile foundations, inspections shall be made in accordance with the requirements of the building subcode.

2. Foundations and all walls up to grade level prior to back filling.

3. All structural framing, connections, wall and roof sheathing and insulation; electrical rough wiring, panel and service installation; rough plumbing. The framing inspection shall take place after the rough electrical and plumbing inspections and after the installation of the heating, ventilation and/or air conditioning duct system. The insulation inspection shall be performed after all other subcode rough inspections and prior to the installation of any interior finish material.

4. Installation of all finished materials, sealings of exterior joints, plumbing piping, trim and fixtures; electrical wiring, devices and fixtures; mechanical systems equipment.

Additional required inspections for all subcodes of construction, for other than one- and two-family dwellings, are fire suppression systems, heat producing devices and Barrier Free subcode accessibility, if applicable.

☐ Required special inspections. The applicant by accepting the permit will be deemed to have consented to these requirements:

☐ A final inspection is required for each applicable subcode area before a final Certificate of Occupancy or Approval may be issued. The final inspections include the installation of all interior and exterior finish materials, sealing of exterior joints, mechanical system and other required equipment; electrical wiring, devices and fixtures; plumbing pipes, trim and fixtures; tests required by any provision of the adopted subcodes, Barrier Free accessibility, if applicable; and verification of compliance with NJAC 5:23-3.5, "Posting structures".

☐ A complete copy of released plans must be kept on the job site.

If you do not understand any of this information, please ask.

Geertgens000422 F.49

F.49

## BUILDING SUBCODE
### TECHNICAL SECTION

| Date Received | 11/16/20.22 |
| Control # | C-22-01242+A |
| Date Issued | 1/6/2023 |
| Permit # | 22-1162+A |

**A. IDENTIFICATION - APPLICANT** - COMPLETE ALL APPLICABLE INFORMATION. WHEN CHANGING CONTRACTORS, NOTIFY THIS OFFICE. CALL UTILITY DIG NO: 1-800-272-1000

Block  1006 _____ Lot  10 _____ Qualification Code _____

Work Site Location:  648 LIPPINCOTT AVE, Moorestown Township, NJ _____

Owner In Fee:  PROLL, JOSEPH & CATHERINE _____

Address  648 LIPPINCOTT AVE  MOORESTOWN NJ 08057 _____

Tel.  (856) 722-4800 _____ Email_____

Contractor:  RPM HVAC _____

Address  17 COOPER AVE, MARLTON NJ 08053 _____

Email  RPMHVAC2973@AOL.COM _____

Tel.  (856) 983-0979 _____ Fax _____

Contractor License No. or, if new home, Bldrs Reg. No. _____ Exp._____

Home Improvement Contractor Registration No. or Exemption Reason(is applicable): _____

Federal Emp. ID No.  222195801 _____

**JOB SUMMARY** (Office Use Only)

| PLAN REVIEW | Date | Initial |
|---|---|---|
| ☐ No Plan Required | | |
| ☐ All | | |
| ☐ Footing/Foundation | | |
| ☐ Struct/Framework | | |
| ☐ Exterior | | |
| ☐ Interior | | |

Joint Plan Review Required
☐ Elec. ☐ Plumb. ☐ Fire ☐ Elevator

SUBCODE APPROVAL for PERMIT
Date: _____
Approved by: _____

SUBCODE APPROVAL for CERTIFICATE
☐ CO  ☐ CCO ☐ CA
Date: _____
Approved by: _____

**B. BUILDING CHARACTERISTICS**

Use Group  Present B-5 ____ Proposed  R-5 ____

Constr. Class  Present _____ Proposed _____

Number of Stories _____

Height of Structure _____ Ft.

Area - Largest Floor _____ Sq. Ft.

New Bldg. Area / All Floors _____ Sq. Ft.

Volume of New Structure _____ Cu. Ft.

Total Land Area Disturbed _____ Sq. Ft.

**INSPECTIONS**

| Type: | Failure | Dates (Month/Day) Failure | Approval | Initial |
|---|---|---|---|---|
| Footing | | | | |
| Footing Bonding | | | | |
| Foundation | | | | |
| Slab | | | | |
| Frame | | | | |
| Truss Sys./Bracing | | | | |
| Barrier-Free | | | | |
| Insulation | | | | |
| Finishes-Base Layer | | | | |
| Finishes-Final | | | | |
| Energy | | | | |
| Mechanical | | | | |
| TCO | | | | |
| Other | | | | |
| Final | | | | |
| Barrier-Free | | | | |

If Industrial Building:
State Approved _____
HUD _____

Est. Cost of Bldg. Work:
1. New Bldg. _____
2. Rehabilitation  $3,500
3. Total (1+2)  $3,500

**C. CERTIFICATION IN LIEU OF OATH**

I hereby certify that I am the (agent of) owner of this record and am authorized to make this application.

Signature _____

Print Name Here _____

**D. TECHNICAL SITE DATA**

DESCRIPTION OF WORK

HVAC.

**TYPE OF WORK**

| | FEE (Office Use Only) |
|---|---|
| ☐ New Building | |
| ☐ Addition | |
| ☑ Rehabilitation | $100 |
| ☐ Roofing | |
| ☐ Siding | |
| ☐ Fence _____ Height (exceeds 6') | |
| ☐ Sign _____ Sq. Ft. | |
| ☐ Pool | |
| ☐ Retaining Wall _____ Sq. Ft. | |
| ☐ Asbestos Abatement Subchapter 8 | |
| ☐ Lead Haz Abatement NJAC 5:17 | |
| ☐ Radon Remediation | |
| ☐ Other _____ | |
| ☐ Demolition | |

| | |
|---|---|
| Administrative Surcharge | |
| Minimum Fee | |
| State Permit Surcharge Fee | $7 |
| TOTAL FEE | $109 |

U.C.C.F110 (rev. 11/00)

Applicant: When submitting this form to your Local Construction Code Enforcement Office, please provide one original plus three photocopies.

DatePrinted

## ELECTRICAL SUBCODE
### TECHNICAL SECTION

Date Recei ed  13/15/2022
Date Issued  1/5/2022
Control #  C-22-01342+A
Permit #  22-1162+A

A. IDENTIFICATION - APPLICANT: COMPLETE ALL APPLICABLE INFORMATION. WHEN CHANGING CONTRACTORS. NOTIFY THIS OFFICE. CALL UTILITY DIG NO: 1-800-272-1000

Block  4005 ____ Lot  10 ____ Qualification Code ____

Work Site Location:  648 LIPPINCOTT AVE  Moorestown Township, NJ

Owner in Fee:  PBOLL JOSEPH & CATHERINE

Address  648 LIPPINCOTT AVE  MOORESTOWN NJ 08057
_____ Email _____

Tel  (056) 227-4800 _____

Contractor:  RPM HVAC

Address  17 COOPER AVE  MARLTON NJ 08053
_____ Email  RPMHVAC0273@AOL COM

Tel  (056) 983-0273 ____ Fax ____

Lic No. _____ Exp. Date ____

Home Improvement Contractor Registr ation/o or Exemption Reason(is applicable) ____

Federal Employee No.  222196g 0

### B. ELECTRICAL CHARACTERISTICS

Use Group  Present  R-5 ____ Proposed  B-5 ____

☐ Pole/Pad  # _____ ☐ Temporary  ☐ Other ____

Building Occupied as _____ Utility Co. ____

Estimated Cost of Electrical Work  $3,598

### JOB SUMMARY (Office Use Only)

| PLAN REVIEW | Done | Initial |
|---|---|---|
| ☐ No Plan Required | | |
| ☐ Partial/Underslab Approved | | |
| Partial Underslab Utilities Approved | | |
| Date: ____ by ____ | | |
| ☐ Electrical Plans Approved | | |
| Date: ____ by ____ | | |
| Joint Plan Review Required | | |
| ☐ Building  ☐ Plumbing | | |
| ☐ Fire  ☐ Elevator | | |
| SUBCODE APPROVAL for PERMIT | | |
| Date: ____ | | |
| Approved by: ____ | | |
| SUBCODE APPROVAL for CERTIFICATE | | |
| ☐ CO  ☐ CCO  ☐ CA | | |
| Date: ____ | | |
| Approved by: ____ | | |

| INSPECTIONS | Dates (Month/Day) | | | |
|---|---|---|---|---|
| Type: | Failure | Failure | Approval | Initial |
| Rough | | | | |
| Barrier-Free | | | | |
| Trench | | | | |
| Temp. Serv. | | | | |
| Consir. Serv. | | | | |
| TCO | | | | |
| Other | | | | |
| Service | | | | |
| Final | | | | |
| Barrier-Free | | | | |
| Temp. Cut-in-Card Date Issued | | | | |
| Fin al Cut-in-Card Date Issued | | | | |
| Annual Pool Inspection | | | | |
| Date of Grounding and Bonding Certification | | | | |

U.C.C F120 (rev. 11/08)   Applicant: When submitting this form to your Local Construction Code Enforcement Office, please provide one original plus these photocopies.

C. CERTIFICATION IN LIEU OF OATH

I hereby certify that I am the (agent of) owner of this record and am authorized to make this application and perform the work listed on this application.

Applicant's Signature/Contractor's Seal and Sign ature and Printed Name

☐ Licensed Elec Cont'r ☐ Cerlif'd Landscape Irrigation Contr ☐ Exempt Applicant

D. TECHNICAL SITE DATA
DESCRIPTION OF WORK
HVAC.

| QTY | SIZE | ITEMS | FEE (Office Use Only) |
|---|---|---|---|
| | | Lighting Fixtures | |
| | | Receptacles | |
| | | Switches | |
| | | Detectors | |
| | | Light Poles | |
| | | Motors - Fract. HP | |
| | | Emergency 3 Exit Lights | |
| | | Communication Points | |
| | | Alarm Devices/F.A.C. Panel | |
| | | TOTAL NUMBERS | |
| | | Pool Permit/with UW Lights | |
| | | Storable Pool/Spa/Hot Tub | |
| | | KW Elec. Range/Receptacal | |
| | | KW Oven/Surface Unit | |
| | | KW Elec. Water Heater | |
| | | KW Elec. Dryer/Receptacle | |
| | | KW Dishwasher | |
| | | HP Garbage Disposal | |
| 1 | 2.5 | KW Central A/C Unit | $25 |
| 1 | 1 | HP/KW Space Heater/Air | $25 |
| | | KW Baseboard Heat | |
| | | HP Motors 1/+ HP | |
| | | KW Transformer/Generator | |
| | | AMP Service | |
| | | AMP Subpanels | |
| | | AMP Motor Control Center | |
| | | KW Elec. Sign/Outline Light | |
| | | Administrative Surcharge | |
| | | Minimum Fee | $35 |
| | | State Permit Surcharge Fee | $7 |
| | | TOTAL FEE | $72 |

Geertgens000424 F.49

Geertgens000425 F.49

**FIRE SUBCODE**
**TECHNICAL SECTION**

| | |
|---|---|
| Date Received | 11/16/2022 |
| Control # | C-22-01342+A |
| Date Issued | 1/6/2023 |
| Permit # | 22-1112+A |

**A. IDENTIFICATION - APPLICANT:** COMPLETE ALL APPLICABLE INFORMATION. WHEN CHANGING CONTRACTORS, NOTIFY THIS OFFICE. CALL UTILITY DIG NO: 1-800-272-1000

Block #006          Lot 10          Qualification Code ____

Work Site Location: 648 LIPPINCOTT AVE  Moorestown Township  NJ

Owner in Fee: PROX1, JOSEPH & CATHERINE

Address  648 LIPPINCOTT AVE  MOORESTOWN NJ 08057    Email ____

Tel. (056) 222-4800

Contractor: RPM HVAC          Tel. (856) 983-0273

Address  17 COOPER AVE  MARLTON NJ 08053    Email RPMH-VAC027@AOL.COM

Fire Protection Equipment, NJ Div of Fire Safety Permit No. ____

Fire Protection Equipment, NJ Div of Fire Safety Installer No. ____

Fire Alarm Contractor No. ____          Expiration Date ____

Home Improvement Contractor Registration No. or Exemption Reason(s applicable) ____

Federal Employee No. 222196801          Fax ____

**B. FIRE PROTECTION CHARACTERISTICS**
Use Group    Present  R-5  Proposed  R-5
Constr. Class  Present Type VB  Proposed ____
Heating Systems: ☐ New  or  ☐ Modification to Existing
or ☐ Conversion  or ☐ Replacement
Type: ☐ Gas  ☐ Oil  ☐ Electric  ☐ Solar
☐ Other ____
Location: ____

Total Cost of Fire Protection Work  $3,588

**Fuel Storage Tank:**
Fuel Type ☐ Flammable  or ☐ Combustible
Capacity ____
Fire Alarm System: ☐ New  or ☐ Existing
Location of Panel: ____
Fire Suppression/Standpipe System:
☐ New  or  ☐ Existing
Location of Main Control Valve: ____

**C. CERTIFICATION IN LIEU OF OATH**
I hereby certify that I am the (agent of) owner of record and am authorized to make this application.

Applicant's Signature/Contractor's Seal and Signature and Printed Name
☐ Certified Contractor          ☐ Exempt Applicant

**D. TECHNICAL SITE DATA**
DESCRIPTION OF WORK
HVAC,

Water Supply Source ____
Method of Alarm/Suppression System Supervision ____

| | NUMBER | FEE (Office Use Only) |
|---|---|---|
| Flammable/Combustible Tanks | | |
| **Alarm Systems** | | |
| ☐ System | | |
| ☐ 110v Interconnected | | |
| ☐ CO Detector/110v | | |
| Alarm Devices (i.e. smoke, heat, pulls, waterflow) | | |
| Supervisory Devices (tampers, lowhigh air) | | |
| Signaling Devices (horns/strobes, bells) | | |
| Other Devices | | |
| TOTAL | | |
| **Suppression Systems** | | |
| Fire Pump ____ GPM Type ____ | | |
| Dry Pipe/Alarm Valves | | |
| Pre-action Valves | | |
| Sprinkler Heads (Dry and Wet) | | |
| Standpipes | | |
| **Pre-engineered Systems** | | |
| Wet Chemical | | |
| Dry Chemical | | |
| CO2 Suppression | | |
| Foam Suppression | | |
| FM200 Suppression | | |
| Other | | |
| **Other Systems** | | |
| Kitchen Hood Exhaust System | | |
| Smoke Control System | | |
| Fire Appliances ☑ Gas ☐ Oil ☐ Solid | 1 | $50 |
| Fireplace Venting/Metal Chimney | | |
| Other | | |

| | | |
|---|---|---|
| Administrative Surcharge | | |
| Minimum Fee | | $65 |
| State Permit Surcharge Fee | | $7 |
| TOTAL FEE | | $72 |

**JOB SUMMARY (Office Use Only)**
PLAN REVIEW          Date          Initial
☐ No Plan Required
☐ Partial Underslab Utilities Approved
Date ____ by ____
☐ Fire Protection Plans Approved
Date ____
Approved by ____
Joint Plan Review Required
☐ Building      ☐ Plumbing
☐ Electrical    ☐ Elevator
SUBCODE APPROVAL for PERMIT
Date ____
Approved by: ____
SUBCODE APPROVAL for CERTIFICATE
☐ CO  ☐ CCO  ☐ CA
Date ____
Approved by: ____

| INSPECTIONS Type: | Failure | Failure | Approval | Initial |
|---|---|---|---|---|
| Alarm System | | | | |
| Suppression Sys. | | | | |
| Standpipe | | | | |
| Fire Pump | | | | |
| Pre-Eng. System | | | | |
| Mechanical | | | | |
| Smoke Control | | | | |
| TCO | | | | |
| Final/Combust Tank | | | | |
| Fireplace Venting | | | | |
| Final | | | | |
| Other | | | | |

Dates (Month/Day)

UCC F140 (rev. 11/09)

Applicant: When submitting this form to your Local Construction Code Enforcement Office, please provide one original plus three photocopies.

## MECHANICAL SUBCODE
### TECHNICAL SECTION

|  |  |
|---|---|
| Date Received | 11/16/2022 |
| Control # | C-22-01342+A |
| Date Issued | 1/6/2023 |
| Permit # | 22-1162+A |

**A. IDENTIFICATION - APPLICANT:** COMPLETE ALL APPLICABLE INFORMATION. WHEN CHANGING CONTRACTORS, NOTIFY THIS OFFICE. CALL UTILITY DIG NO: 1-800-272-1000

Block  4005 _____  Lot  10 _____  Qualification Code _____

Work Site Location: _648 LIPPINCOTT AVE  Moorestown Township, NJ___

Owner in Fee: _PROLL, JOSEPH & CATHERINE___

Address _648 LIPPINCOTT AVE  MOORESTOWN NJ 08057___

_____ Email _____

Tel. (856) 222-4600 _____

Contractor: _____

Address __NJ___

_____ Email _____

Tel. _____ Fax _____

Contractor License No. _____ Expiration Date: _____

Home improvement Contractor Registration No. or Exemption Reason(is applicable): _____

Federal Emp. ID No. _____

**B. MECHANICAL CHARACTERISTICS**

Use Group  Present __R-5__  Proposed _____

Heating System ☑ New    ☐ Modification to Existing   ☐ Conversion   ☐ Replacement

Type:   ☐ Hydronic    ☑ Hot Air

Fuel:   ☑ Gas    ☐ Oil    ☐ Electric    ☐ Solar

☐ Other _____

Estimated Cost of Mechanical Work  $3,598

**C. CERTIFICATION IN LIEU OF OATH**

I hereby certify that I am the (agent of) owner of record and am authorized to make this application_____

_____ Signature

Print Name Here _____

**D. TECHNICAL SITE DATA**

DESCRIPTION OF WORK

HVAC,

| JOB SUMMARY (Office Use Only) | | |
|---|---|---|
| PLAN REVIEW | Date | Initial |
| ☐ No Plan Required | | |
| ☐ MECHANICAL PLANS APPROVED | | |
| Date: | | |
| Approved by: | | |
| Joint Plan Review Required | | |
| ☐ Building   ☐ Plumbing | | |
| ☐ Electrical   ☐ Elevator | | |
| ☐ Fire   ☐ Mechanical | | |
| SUBCODE APPROVAL for PERMIT | | |
| Date: | | |
| Approved by: | | |
| SUBCODE APPROVAL for CERTIFICATE | | |
| ☐ CA   ☐ CCO | | |
| Date: | | |
| Approved by: | | |

| INSPECTIONS | Dates (Month/Day) | | | |
|---|---|---|---|---|
| Type | Failure | Failure | Approval | Initial |
| Gas Piping | | | | |
| Appliance | | | | |
| Chimney/Vent | | | | |
| Piping | | | | |
| Tank | | | | |
| Cooling/AC | | | | |
| Generator | | | | |
| Fireplace | | | | |
| Chimney Cert. | | | | |
| Other | | | | |
| Final | | | | |

| NO. | FIXTURES/EQUIPMENT | FEE (Office Use Only) |
|---|---|---|
| ____ | Water Heater | ____ |
| ____ | Fuel Oil Piping Connections | ____ |
| ____ | Gas Piping Connections | ____ |
| ____ | Steam Boiler | ____ |
| ____ | Hot Water Boiler | ____ |
| __1__ | Hot Air Furnace | $85 |
| ____ | Oil Tank | ____ |
| ____ | LPG Tank | ____ |
| ____ | Fireplace | ____ |
| ____ | Generator | ____ |
| ____ | Other _____ | ____ |

|  |  |
|---|---|
| Administrative Surcharge | _____ |
| Minimum Fee | _____ |
| State Permit Surcharge Fee | $7 |
| TOTAL FEE | $92 |

U.C.C.F145 (rev. 11/09)   Applicant: When submitting this form to your Local Construction Code Enforcement Office, please provide one original plus three photocopies.

DatePrinted

**Exhibit I** – Alternate Name Filing (Oct. 7, 2022)

2023.

64.     The Debtor caused MCLLC's job receivables, including those from the Proll

project, to be diverted (a) mostly to Remodeling and (b) at least one check to the Debtor himself.

65.     Despite diverting the project proceeds to Remodeling, the Debtor admitted he

drafted the Proll contract, met with the Prolls, and signed building permits in the name of MCLLC.

66.     Debtor testified that he could not recall whether he received payment for his

services from the Proll project.

67.     Debtor also used MCLLC's federal tax identification number and New Jersey

Home Improvement Contractor's License, in order to obtain building permits from the

municipality of Moorestown, New Jersey.

68.     Remodeling currently has possession of the assets of MCLLC, and throughout the

past year, has performed a number of construction projects under the name Moorestown

Construction, while utilizing the assets of MCLLC.

69.     These include projects located at various addressed throughout Burlington County,

New Jersey area, such projects generating revenues in excess of $800,000.00 to MCLLC, with all

such revenues diverted to the accounts of Remodeling.

70.     ETG filed a motion to hold the Debtor in contempt of the Charging Order and on

March 17, 2023, while the motion was pending, the NJ Court entered an order prohibiting any

further transfers of assets by the Debtor until the contempt motion was decided.

71.     On April 6, 2023, the NJ Court entered an order imposing a constructive trust over

diverted assets of MCLLC, including project proceeds for renovation of the Proll home of over

$263,000, and a prohibition on transfer of other assets of MCLLC.

72.     As part of this motion, the NJ Court denied an arrest warrant without prejudice,

**Exhibit J** – Bill of Sale (Ford F-250)

Case 24-00035-CES    Doc 17    Filed 03/11/24    Entered 03/11/24    11:52:40    Desc Main
Document    Page 114 of 118



# CERTIFICATE OF TITLE

CONTROL NUMBER **BJ067967**

State of New Jersey
Motor Vehicle Commission

MC REMODELING LLC
30 FOX GLOVE DRIVE
DELRAN          NJ 08075

KE   ME20221230422

ALTERATION OR ERASURE VOIDS THIS TITLE.          KEEP IN SAFE PLACE

ISM/66-1 (R4/18)

**VOID IF ALTERED**

---

↑ FOLD AND TEAR AT PERFORATION ↑

**THIS IS A RECEIPT DOCUMENT ONLY**

VIN:  2  1FTBF2B69FEB66372      MILEAGE: 68482 A DUP:      STATUS:
FOR   2015  PKUP      F25    WT    08000 AXLE:2
55272 75190 80750                    TITLE I   :      85.00
MC REMODELING LLC                    SALES TAX :     837.40
30 FOX GLOVE DRIVE                   LFIS      :       0.00
DELRAN          NJ 08075             TOTAL (V) :     922.40
KE ME20221230422      85.00 I STANDARD

BJ067967

CUSTOMER COPY

Geertgens000218 D.33

**Exhibit M** – Certificate of Dissolution (Sept. 12, 2023)

# STATE OF NEW JERSEY
## DEPARTMENT OF THE TREASURY
### DIVISION OF REVENUE AND ENTERPRISE SERVICES
### CERTIFICATE OF DISSOLUTION AND TERMINATION

*Title N.J.S.A 42:2C*

## MOORESTOWN CONSTRUCTION LLC
0450070199

I, the Treasurer of the State of New Jersey, do hereby certify that the above-named business entity did on the 12th of September, 2023, file and record in this department a combined Certificate of Dissolution and Termination.

1. **Name:** MOORESTOWN CONSTRUCTION LLC
2. **Business ID#:** 0450070199
3. **Date of Formation:** 04/21/2016
4. **All assets have been discarded and have been applied to creditors or distributed to its members.**

The undersigned represents that the filing complies with State laws detailed in Title 42:2C and that they are authorized to sign this form on behalf of the Limited Liability Company.

**Filed Date:** 09/12/2023

**Signature and Title**

Ric Malik, Member

*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, this 12th day of September, 2023*

*Elizabeth Maher Muoio*
*State Treasurer*

Certificate Number : 2740948617
Verify this certificate online at
https://www1.state.nj.us/TYTR_StandingCertJSP/Verify_Cert.jsp

**Exhibit L** – Accountant's Letter

# VOTTA & COMPANY
## A PROFESSIONAL CORPORATION
### CERTIFIED PUBLIC ACCOUNTANT'S
### 336 HADDON AVENUE
### HADDON TOWNSHIP, NJ 08108-2861
### 856-8833-0099

September 11, 2023

To: Ric Malik

Dear Ric,

As you requested, I have prepared your 2022 personal joint Federal and New Jersey tax returns. The gross income reported on Schedule C per your instructions is $75,000.

Both of the 2022 returns indicate a balance due as follows:

Federal Return;        $14,102
New Jersey Return:      1,440

I have included the required payment vouchers.  Please mail the required payment as soon as possible to the address on the voucher.

Finally, in order to e-file your 2022 personal tax returns you and Karen must sign the enclosed IRS e-file authorization (Form 8879).  Once signed by you and Karen, the Form 8879 can be emailed back to me.

Any questions or comments, please feel free to contact me.

Very truly yours,

John N. Votta, CPA