**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

**IN RE:**
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

*RECEIVED AND FILED*
*PRO SE UPLOAD TOOL*
*08/29/2025 - 09:00 A.M.*
*USBC*
*(WRT)*

**DEBTOR'S SUPPLEMENT RE ADV. PROC. DKT. #132 (SCHEDULING ORDER) AND DKT. #87;**
**MOTION TO DISREGARD/STRIKE PORTIONS OF PLAINTIFFS' "SUMMARY OF PLENARY PROCEEDINGS" (MAIN CASE DOC. #171)**

TO THE HONORABLE COURT:

**Introduction.** COMES NOW the Debtor–Defendant, Ric F. Malik, pro se, and submits this Supplement to (i) anchor Plaintiffs' "Summary of Plenary Proceedings" (main case **Doc. #171**) to the Court's August 19, 2025 Scheduling Order entered in the related adversary proceeding (**Adv. Proc. No. 24-00015-ESL, Dkt. #132**) and (ii) request targeted evidentiary relief consistent with **Fed. R. Evid. 802, 901**, **Fed. R. Civ. P. 37(b)**, and **Fed. R. Bankr. P. 7037/9017/4005**.

## I. BACKGROUND AND ORDERS

1. On April 24, 2025, in the adversary proceeding, the Court entered an Order compelling Plaintiffs to produce specific discovery (**Adv. Proc. Dkt. #87**).

2. On August 19, 2025, in the adversary proceeding, the Court ordered the parties to file **proposed findings of fact and conclusions of law seven (7) days prior** to the August 25 hearing and advised it would **not** hold an evidentiary hearing without timely filings (**Adv. Proc. Dkt. #132**).

3. Plaintiffs filed no findings/conclusions. At the August 25 hearing—noticed for their motion to dismiss and matters set for evidentiary treatment—Plaintiffs attempted to substitute a **600-page binder** that had not been served beforehand and did not contain the compelled discovery.

4. Debtor objected to the binder, filed a Counter-Statement, and moved to enforce the discovery order (**Adv. Proc. Dkts. #148, #147, #146**, respectively).

## II. ARGUMENT

**A. Noncompliance with Adv. Proc. Dkt. #132.** Plaintiffs cannot satisfy the August 19 pre-hearing filing requirement retroactively by offering **Doc. #171** or an attorney "summary." Dkt. #132 required **timely** proposed findings tied to **exhibits or witnesses**; Plaintiffs offered neither.

**B. Noncompliance with Adv. Proc. Dkt. #87. Doc. #171** relies on materials **not produced in discovery** and/or first presented via the 600-page binder. Under **Rule 37(b)** (via **Bankr. P. 7037**), such materials should carry **no evidentiary weight** and be **stricken** to the extent offered for their truth.

**C. Automatic Stay.** To the extent **Doc. #171** relies on **post-petition** New Jersey enforcement filings, those actions are **void ab initio** under **11 U.S.C. § 362** and cannot support § 727.

**D. Coordination with Motion in Limine.** Debtor incorporates by reference his **Motion in Limine to Preclude or Limit Use of Plaintiffs' 600-Page Binder** and **Adv. Proc. Dkts. #146–#148**, including all evidentiary and Rule 37 arguments therein.

## III. REQUESTED RELIEF

Debtor respectfully requests an order in the **main case** (23-03241-ESL7):

1. Treating **Doc. #171** as **attorney argument only**, with **no evidentiary weight**;

2. **Striking** any citation within **Doc. #171** to exhibits not produced in discovery or not served prior to the August 25, 2025 hearing;

3. **Confirming** that Plaintiffs' 600-page binder does **not** satisfy **Adv. Proc. Dkt. #87**;

4. **Setting** a deadline of **14 days** for Plaintiffs to produce the **specific discovery** compelled by **Adv. Proc. Dkt. #87**, with **Rule 37(b)** consequences for failure (including evidentiary preclusion, adverse inferences, or costs);

5. Clarifying that the Court's factual findings will be based only on **admissible, authenticated evidence** presented in compliance with the Orders and Rules cited above; and

6. **Extending** this evidentiary ruling for consistency to the related adversary proceeding (**Adv. Proc. No. 24-00015-ESL**) as to any attempt to rely on **Doc. #171** or the 600-page binder therein.

Respectfully submitted,

/s/ Ric F. Malik
Ric F. Malik, Debtor–Defendant, Pro Se
756 Vieques, Vieques, PR 00765
Tel: (787) 530-7799 | Email: ricmalik3@gmail.com

**CERTIFICATE OF SERVICE**
I certify that on this 29 day of August, 2025, I filed the foregoing via CM/ECF in the **main case**, which will notify all registered participants, including counsel for Plaintiffs, the U.S. Trustee, and the Chapter 7 Trustee.
/s/ Ric F. Malik

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

**IN RE:**
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

**DECLARATION OF RIC F. MALIK PURSUANT TO 28 U.S.C. § 1746**
**RE: EXHIBIT A TO DEBTOR'S OPPOSITION/SUPPLEMENT CONCERNING DOC. #171**

I, Ric F. Malik, declare:

1. I am the Debtor–Defendant in the above-captioned main case.

2. I have reviewed **Exhibit A (Debtor's Corrected Summary)** attached to my Opposition/Supplement concerning **Doc. #171**.

3. The statements of fact contained in Exhibit A are true and correct **to the best of my knowledge, information, and belief**, based on my personal knowledge, my review of records in my possession, and filings on the dockets of the main case and the related adversary proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 28, 2025**, at Vieques, Puerto Rico.

/s/ Ric F. Malik
Ric F. Malik
756 Vieques, Vieques, PR 00765
Tel: (787) 530-7799 | Email: ricmalik3@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

**IN RE:**
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

**[PROPOSED] ORDER ON DEBTOR'S SUPPLEMENT RE ADV. PROC. DKT. #132 AND DKT. #87, AND MOTION TO DISREGARD/STRIKE PORTIONS OF DOC. #171**

Upon consideration of Debtor's Supplement re **Adv. Proc. Dkt. #132** and **Dkt. #87**, and Motion to Disregard/Strike Portions of Plaintiffs' "Summary of Plenary Proceedings" (**main case Doc. #171**), and good cause appearing, it is:

ORDERED that **Doc. #171** is treated as **attorney argument** and shall carry **no evidentiary weight**; and it is further

ORDERED that any citation within **Doc. #171** to exhibits not produced in discovery or not served before the August 25, 2025 hearing is **STRICKEN**; and it is further

ORDERED that Plaintiffs' 600-page binder does **not** constitute compliance with the April 24, 2025 discovery order (**Adv. Proc. Dkt. #87**); and it is further

ORDERED that within **14 days**, Plaintiffs shall produce the **specific discovery** compelled by **Adv. Proc. Dkt. #87**. Failure to comply may result in appropriate relief under **Fed. R. Civ. P. 37(b)**, including evidentiary preclusion, adverse inferences, or costs; and it is further

ORDERED that the Court's factual findings shall be based solely on **admissible, authenticated evidence** presented in compliance with the Federal Rules of Evidence and this Court's Orders; and it is further

ORDERED that for consistency, **this evidentiary ruling shall likewise govern any attempt to rely on main case Doc. #171 or the 600-page binder in Adv. Proc. No. 24-00015-ESL**.

SO ORDERED.

Dated: _____, 2025
San Juan, Puerto Rico

_____

United States Bankruptcy Judge