# UNITED STATES BANKRUPTCY COURT

DISTRICT OF PUERTO RICO

IN RE:
RIC F. MALIK, Debtor
Case No. 23-03241-ESL7
Chapter 7

*RECEIVED AND FILED*
*PRO SE UPLOAD TOOL*
*08/29/2025 - 02:36 P.M.*
*USBC*
*(WRT)*

EARL GEERTGENS and TAMA GEERTGENS,
Plaintiffs,
v.
RIC F. MALIK,
Defendant.

23-03241-ESL7
Adv. Proc. No. 24-00015-ESL

## DEBTOR–DEFENDANT'S OPPOSITION TO PLAINTIFFS' "SUMMARY OF PLENARY PROCEEDINGS" (DOC. #171) AND SUBMISSION OF DEBTOR'S CORRECTED SUMMARY (EXHIBIT A)

TO THE HONORABLE COURT:

COMES NOW the Debtor–Defendant, **Ric F. Malik**, pro se, and respectfully states:

## I. INTRODUCTION

1. Plaintiffs' filing styled "Summary of Plenary Proceedings" (Doc. #171) is advocacy, not evidence. It mischaracterizes the record, omits Plaintiffs' own discovery non-compliance, and improperly imports stayed New Jersey state-court matters.

2. To preserve the integrity of the record, Debtor both (a) opposes Plaintiffs' summary and (b) submits herewith as Exhibit A a Corrected Summary of Plenary Proceedings, accurately reflecting Debtor's participation and compliance in this case.

## II. GROUNDS FOR OPPOSITION

### A. Plaintiffs' Filing Is Not Evidence

3. Attorney-prepared narratives cannot substitute for admissible testimony or authenticated documents. Doc. #171 must be treated as argument only.

**B. Plaintiffs Omit Their Own Non-Compliance**

4. While this Court compelled discovery production (Dkt. #87), Plaintiffs' "600-page binder" failed to provide the documents ordered, substituting hearsay and duplicative NJ filings.

**C. Mischaracterization of Issues**

5. Plaintiffs' summary misstates facts regarding:

- **Ford F-250 transfer** — properly transferred to MC Remodeling LLC by Andrew Malik (see Exhibit B, Title Transfer Documents).

- **Bank accounts** — Debtor produced available exports (Dkt. #71, Certification of Defendant in Support of Responses); Plaintiffs subpoenaed others themselves.

- **Mortgages & 325 Delaware** — tied to Karen Malik and prior LLCs, not Debtor personally (see Exhibit C, Gifting Letters & LLC Records).

- **Jack Malik loan** — listed in good faith; discrepancies reflect long-term family assistance.

- **Residency** — Debtor relocated to Puerto Rico in April 2023, established residence (see Exhibit D, Lease Agreement & Puerto Rico Driver's License).

- **Subpoenas to Karen Malik** — opposed for valid medical reasons (see Exhibit E, Cooper University Health Care Letter), not to obstruct.

**D. Improper Burden Shifting**

6. Plaintiffs cannot shift the burden of proof. Under 11 U.S.C. §727, the burden rests with the objecting creditors to prove denial of discharge.

## III. RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that this Court:

1. Reject Plaintiffs' "Summary of Plenary Proceedings" (Doc. #171) as having no evidentiary weight;

2. Accept and consider Exhibit A, Debtor's Corrected Summary of Plenary Proceedings;

3. Reaffirm that factual findings will be made only from admissible evidence; and

4. Grant such other relief as the Court deems just and proper.

# EXHIBIT A

**Debtor's Corrected Summary of Plenary Proceedings**

TO THE HONORABLE COURT:

COMES NOW the Debtor–Defendant, Ric F. Malik, pro se, and respectfully submits this Corrected Summary of Plenary Proceedings, in response to Plaintiffs' misleading "Summary" (Doc. #171), and states:

---

## I. Procedural History

1. Debtor filed Chapter 7 on October 6, 2023 (Main Case Dkt. #1).

2. Plaintiffs filed an adversary proceeding on February 29, 2024 (Adv. Proc. Dkt. #1).

3. On April 24, 2025, this Court ordered both parties to produce discovery (Main Case Dkt. #87).

4. Debtor has consistently submitted responses and certifications (see Dkt. #71, Certification; Dkt. #78, Supplemental Filing), while also serving discovery requests on Plaintiffs.

5. Plaintiffs, by contrast, have produced a 600-page binder of largely hearsay and duplicative NJ state-court filings, which fails to satisfy the Court's orders.

---

## II. Discovery Compliance

6. Debtor submitted certifications of responses (Dkt. #71, Dkt. #78) in good faith, despite logistical difficulties of relocation to Puerto Rico.

7. Plaintiffs have not produced the specific items ordered, including responses to Debtor's interrogatories.

8. Plaintiffs' repeated claim of "non-compliance" is contradicted by the record: it is Plaintiffs who have resisted producing discovery, while Debtor has provided what he possesses.

---

## III. Substantive Issues

**Ford F-250 Pickup Truck**
9. Vehicle was transferred to MC Remodeling, LLC in 2022, prior to bankruptcy, with payments made by Andrew Malik. Title history confirms the truck was never in Debtor's personal name (see Exhibit B).

**Bank Accounts**
10. Debtor produced available account exports (Dkt. #71); Plaintiffs subpoenaed other accounts directly, demonstrating no prejudice.

**Mortgages / 325 Delaware Avenue**

11. Property and mortgage obligations relate to Karen Malik and prior LLC entities, not Debtor personally (see Exhibit C). Plaintiffs mischaracterize easement signatures as ownership.

**Jack Malik Loan**

12. Debt was listed in good faith to avoid omission; differences in amounts reflect ongoing family assistance, not fraud.

**Residency**

13. Debtor relocated to Puerto Rico in April 2023, obtained a lease, driver's license, and established residency (see Exhibit D). NJ home is occupied by spouse, not inconsistent with venue in this District.

**Karen Malik Subpoenas**

14. Protective motions were filed due to her serious medical limitations, supported by physician letters (see Exhibit E). Plaintiffs' insistence otherwise is harassment.

## IV. Burden of Proof

15. Under 11 U.S.C. §727, the burden of proof rests on the objecting creditors. Plaintiffs' attempt to shift that burden onto the Debtor is contrary to law.

## V. Conclusion

16. Plaintiffs' "Summary" (Doc. #171) is advocacy, not evidence.

17. Debtor has acted in good faith, providing certifications, discovery responses, and motions consistent with this Court's orders.

18. Plaintiffs' continued reliance on stayed New Jersey proceedings and hearsay exhibits underscores their lack of admissible proof.

## RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that this Court:

1. Accept this Corrected Summary into the record as an accurate reflection of the proceedings;

2. Decline to adopt Plaintiffs' "Summary" (Doc. #171) as fact; and

3. Grant such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2025, I filed the foregoing **Opposition to Plaintiffs' Summary of Plenary Proceedings and Debtor's Corrected Summary (Exhibit A)**, with Exhibits B–E attached, using the Court's CM/ECF system, which automatically sends notice to all registered participants including Plaintiffs' counsel and the U.S. Trustee.

Respectfully submitted,

/s/ Ric F. Malik
Ric F. Malik, Pro Se
756 Vieques, PR 00765
Email: ricmalik3@gmail.com
Phone: 787-530-7799