IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

RIC F. MALIK,

     Debtor

CASE NO. 23-03241 (ESL)

CHAPTER 7

FILED AN ENTERED 9/12/2025

OPINION AND ORDER DISMISSING CASE

This case is before the court upon the contested matter of *pro se* Debtor's compliance with certain discovery requests of creditors Earl Geertgens and Tama Geertgens (the "Geertgens"). After considering the totality of the circumstances, dismissal of the instant case is the appropriate sanction to address Debtor's conduct in this contested matter.

Factual and Procedural Background

1. On October 6, 2023, the Debtor filed an individual petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date") (dkt. #1). The Debtor lives separately and/or is legally separated from his non-filing spouse. See id., p. 45, part 1.

2. On January 12, 2024, the Geertgens filed a *Request for Order to Conduct Examination of Debtor Under Rule 2004* (dkt. #24) to "investigate whether the information submitted by debtor to the Court and the financial harm he has caused ETG rises to the level to justify an objection to dischargeability under the grounds enumerated under § 523 and 727" (dkt. #24, p. 1, ¶ 4).

3. On January 18, 2024, the request to conduct an examination under Fed. R. Bankr. P. 2004 (the "2004 Examination") was granted (dkt. #28).

4. On February 7, 2024, the Geertgens conducted a 2004 Examination of the Debtor and made the following document requests:

    1. Documents regarding the sale of the 2015 Ford F250 pickup truck including any contract for repayment, proof of payment, proof of title holder at the time of the transfer or of original purchase, New Jersey tag release receipt, re-titling, etc.

2. Monthly statements for any and all bank accounts in the Debtor's name for the past three years.

3. Any supporting documents and/or information pertaining to both GE Capital Management Mortgages on both 325 Delaware Avenue, Delanco, New Jersey and 327 Delaware Avenue, Delanco, New Jersey including promissory notes, financing agreements, closing statements, monthly statements, payoff statements, etc.

4. Any documents regarding the loan with Jack Malik, promissory notes, cleared checks, any kind of receipts.

5. Records regarding Debtor's travels back and forth from Puerto Rico to and from New Jersey since April 6, 2023.

*Letter Dated February 23, 2024*, dkt. #44, p. 5. See also *Official Transcript of Procedures Deposition of Mr. Ric F. Malik*, dkt. #44, pp. 6-27.

5. On February 29, 2024, the Geertgens filed an adversary proceeding complaint against the Debtor to object to the discharge of the Debtor, and to dismiss the bankruptcy case because the Debtor is not a resident of Puerto Rico and for lack of good faith. See Adv. Proc. No. 24-00015, dkt. #1.

6. On November 20, 2024, the Geertgens filed a *Motion to Compel Discovery Pursuant to Fed. R. Bankr. P. 7037 and 9014(c)* (dkt. #44) seeking an order compelling the Debtor to respond to requests for production of documents made during the 2004 Examination, and seeking an award of attorneys' fees. Attached to the motion are portions of the *Official Transcript of Deposition of Mr. Ric F. Malik* (dkt. #44, pp. 6-27) and a *Certification of Good Faith Attempts to Avoid Discovery Motion* (dkt. #44-1)

7. On November 21, 2024, Debtor's then counsel of record, Mr. Frederic Chardon Dubos, Esq. ("Attorney Chardon"), filed a *Response to Motion to Compel [44]* (dkt. #45) requesting an extension of time to comply, which was granted (dkt. #46). On December 1, 2024, the Debtor's then counsel requested an additional extension of time (dkt. #48), which was also granted (dkt. #49).

8. On February 19, 2025, the court issued an *Order to Show Cause* (dkt. #53) that reads as follows: "Debtor shall show cause within fourteen (14) days why the case should not be

dismissed for failure to comply with this court's order granting an extension of time to comply with creditors Earl Geertgens and Tama Geertgens' discovery request (dkt. #44, 46, 49). Upon failure to timely reply, an order dismissing this case may be entered."

9.      On February 24, 2025, the Debtor, now *pro se*, filed a motion informing that he has complied with the discovery request on February 21, 2025, and providing responses and title of the Ford Truck (the "*Debtor's Answer*", dkt. #55).

10.      The court ordered the Geertgens and the Chapter 7 Trustee state their position as to *Debtor's Answer*. See *Order*, dkt. #56.

11.      On March 4, 2025, the Debtor filed a *Confirmation of Compliance with Discovery Request* (dkt. #58) to "confirm … full compliance with the discovery requests made by creditors", including "hand-delivered all requested discovery", and a *Motion to Vacate Order to Show Cause* (dkt. #61) requesting the *Order to Show Cause* be vacated upon Debtor's compliance.

12.      The court ordered the Geertgens and the Chapter 7 Trustee state their position to the *Motion to Vacate Order to Show Cause*. See *Order*, dkt. #63.

13.      On March 18, 2025, the Geertgens filed a *Response to Order to Show Cause, Debtor's Motions and Debtor's Counsel's Motion* (the "*Motion to Dismiss*", dkt. #70) requesting dismissal of the bankruptcy case under Fed. R. Civ. P. 37, averring that the discovery provided "is seriously deficient", "purposely omits key information, fails to clarify omissions and inaccuracies in the petition, and fails to respond to specific outstanding requests" (id., p. 2, ¶¶ 4-5). They further state that Debtor "produces false and incomplete information regarding his financial history, including omission of an active business that was closed shortly before his bankruptcy, in order to avoid a full and fair examination of his financial affairs and prior conduct. He bolsters his case by claiming that no financial records are available due to the precipitous move from New Jersey, yet he answers the discovery from New Jersey, and leaves his own choice to relocate (as well as lack of records) wholly unexplained" (id., p. 4, ¶ 10), "is not being honest in his discovery responses, and has not provided good faith responses" (id., p. 4, ¶ 11). Attached

to the motion is the *Declaration of Karen M. Murray, Esq.* (dkt. #70-1), and copies of the discovery responses received (dkt. #70-1, p. 17).

14. Also on March 18, 2025, the Debtor filed a *Certification of Defendant in Support of Responses to Request for Production of Documents* (dkt. #71) averring, *inter alia*, they "have provided all available responsive documents", and "do not have possession, custody or control over the documents identified in m y objections and denials" (id., p. 1).

15. The Geertgens were ordered to state their position as to dkt. #71. See *Order*, dkt. #74.

16. On April 9, 2025, the Geertgens filed a *Response to Order to Show Cause Entered 3/27/2025* (dkt. #78) averring that "Debtor has not provided satisfactory responses to the discovery served", and "has ,failed in the following respects: a. He has not provided individual responses to the document requests. b. Responses served do not respond individually to requests made, instead lumping together large numbers of requests under Debtor's own summary headings that do not properly correspond to the requests. c. Debtor has failed to provide meaningful responses to the document requests, instead relying upon vague assertions about documents he refuses to provide. d. Debtor has not made any meaningful production, and matters within his control" (id., p. 5).

17. Also on April 9, 2025, the Debtor filed a *Response to Creditors' Motion to Dismiss and Opposition to Sanctions* (dkt. #79), "deny[ing] all allegations of concealment or bad faith", and stating that he has "submitted discovery to the best of [his] ability under duress, including documents requested by creditors. Any omission or delay is not intentional, and [he] remain[s] willing to supplement with clarification" (id., p. 1, ¶ 2). Therein, Debtor supplements his prior answers to the discovery requested, and attaches an unsworn declaration he signed, an affidavit under penalty of perjury signed by his wife (Karen Malik), an affidavit under penalty of perjury signed by his son (Andrew Malik), together with a document identified as "NOAA Lightning Strike July 2, 2014", a webpage headline regarding a fire on the Geertgens' home in Edgewater Park, a one page statement of reasons that is unsigned, an unsigned and blank notice to consumer,

-4-

a certificate of dissolution and termination regarding Moorestown Construction LLC dated as of September 12, 2023 (that is, just one moth prior to the Petition Date), Debtor's arrest warrant, a one page TD Bank statement of account of MC Remodeling Corporation, and a one page certificate of incorporation for MC Remodeling Corporation dated as of April 22, 2012.

18. The court scheduled an evidentiary hearing for August 25, 2025, and ordered the parties to file proposed findings of fact and conclusions of law seven (7) days prior to the hearing. Each finding of fact shall make reference to either a document to be submitted as an exhibit, or to a witness. See *Order and Notice*, dkt. #94, 147.

19. On May 18, 2025, the Debtor filed an adversary proceeding complaint against the Geertgens for extension and enforcement of the automatic stay to third-party non-debtors. See Adv. Proc. No. 25-00026, dkt. #1.

20. On August 18, 2025, the Geertgens filed *Proposed Statements of Fact and Conclusion of Law* (the "*Geertgens' Proposed Findings of Fact and Conclusions of Law*", dkt. #163), each proposed finding of fact makes reference to either a document to be submitted as an exhibit, or to a witness, Karen M. Murray, Esq. The exhibits were submitted to chambers.

21. On August 19, 2025, the Debtor filed *Proposed Findings of Fact and Conclusions of Law* (dkt. #167) rebutting the *Geertgens' Proposed Findings of Fact and Conclusions of Law* without citations to either a document to be submitted as an exhibit, or to a witness.

22. On August 25, 2025, the court held an evidentiary hearing to consider its *Order to Show Cause* as to why the case should not be dismissed. See *August 25, 2025 Hearing Audio*, dkt. #169. The *August 25, 2025 Hearing Minutes* (dkt. #170) read as follows:

> The court stated that it would stay proceeding in the related adversary proceedings, AP 24-00015 and AP 25-00026, until a final decision on the motion to dismiss is entered. Counsel for moving creditors summarized the matter before the court as on[e] requiring dismissal for failure to comply with discovery requests and failure to fully disclose assets. Debtor argued against their request. The only witness presented by creditors was attorney Karen Murray, who explained in detail all exhibits presented by the moving creditors, and admitted by the court. Debtor did not present any witness or evidence but cross-examined witness Karen Murray. The court took the matter under advisement.

23. On August 28, 2025, the Geertgens filed a *Summary of Plenary Proceedings* (dkt. #171) wherein they inform the status of the discovery requested at the 2004 Examination.

24. On September 1, 2025, the Debtor filed a *Supplement Re Adv. Proc. Dkt. #132 (Scheduling Order) and Adv. Proc. Dkt. #87; Motion to Disregard/Strike Portions of Plaintiffs' "Summary of Plenary Proceedings" (Main Case Doc. #171); Motion in Limine to Preclude/Strike Plaintiffs' 600-Page Binder; and for Protective Relief* (dkt. #175) to, among other things, object to the admissibility of the exhibits submitted in support of the Geertgens' Proposed Findings of Fact and Conclusions of Law, and object of the evidentiary hearing held on August 25, 2025. Importantly, the Debtor did not contest the post-hearing status of the discovery requested at the 2004 Examination, as outlined in the *Summary of Plenary Proceedings* (dkt. #171).

Discovery Request and Response[1]

For the sake of completeness, the court notes Debtor's original and supplanted responses to the Geertgens' discovery requests as they appear from the record:

| | Geertgens' Discovery Request | Debtor's Discovery Response | Debtor's Supplemented Discovery Response |
|---|---|---|---|
| 1. | "Documents regarding the sale of the 2015 Ford F250 pickup truck including any contract for repayment, proof of payment, proof of title holder at the time of the transfer or of original purchase, New Jersey tag release receipt, re-titling, etc." (dkt. #44, p. 5, ¶ 1) | "**I do not possess any documents** related to the sale of the 2015 Ford F250 pickup truck. I have obtained the title which shows that the truck was never registered to Ric Malik or R. Malik Construction LLC who are the judgment debtors of Mr. and Mrs. Geertgens. **I have been living in Puerto Rico for nearly two years and do not gave access to records predating my relocation.** Information regarding the vehicle may be available through New Jersey state records based | "The 2015 Ford F250 was owned by a business entity and was sold more than six moths prior to the bankruptcy petition. My son had been making payments toward the truck, and I received a portion of the sale proceeds in cash. At the time, **I did not maintain a bank account due to ongoing legal threats and the risk of creditor levy.** These funds were used for basic living expenses, and the transaction was disclosed in my discovery. No concealment was intended, and I am prepared to provide additional calcification if |

---

[1] All boldface or emphasis to Debtor's response or supplemented response is added.

| | | | |
|---|---|---|---|
| | | on the tag number." (dkt. #70-1, p. 17, ¶ 1) | needed. This was a routine business matter, and an ambiguity stems from my lack of legal counsel at the time —not dishonesty." (dkt. #79, p. 1, ¶ 3). |
| 2. | "Monthly statements for any and all bank accounts in the Debtor's name for the past three years." (dkt. #44, p. 5, ¶ 2) | "I do not have any open bank accounts in New Jersey. I have a bank account in Puerto Rico at Popular Bank (No. 112301160). I did not have any personal bank accounts prior to relocating to Puerto Rico and have not maintained one prior to my move. Moorestown Construction LLC was closed at the time of my relocation to Puerto Rico nearly two years ago. Therefore, **I do not have any bank account statements to provide**." (dkt. #70-1, p. 17, ¶ 2) | "I had no personal bank accounts for nearly a decade and only opened one after relocating to Puerto Rico. If more records are needed, I will work with the Trustee to supply them. I am not withholding information. If needed, I will submit a notarized declaration attesting to absence of records and assist the Trustee in alterative verification." (dkt. #79, p. 2, ¶ 5). |
| 3. | "Any supporting documents and/or information pertaining to both GE Capital Management Mortgages on both 325 Delaware Avenue, Delanco, New Jersey and 327 Delaware Avenue, Delanco, New Jersey including promissory notes, financing agreements, closing statements, monthly statements, payoff statements, etc." (dkt. #44, p. 5, ¶ 3) | "**I do not have any documents** related to GE Capital Management Mortgages. I have been residing in Puerto Rico for nearly two years and do not retain records of this nature. Records related to the properties are available at the County Office in Mt. Holly, New Jersey, using the property address." (dkt. #70-1, p. 17, ¶ 3) | |

| 4. | "Any documents regarding the loan with Jack Malik, promissory notes, cleared checks, any kind of receipts." (dkt. #44, p. 5, ¶ 4) | "I do not have any canceled checks or other documents related to loans with Jack Malik. The last loan he extended to me was approximately seven years ago, and **I no longer retain records from that period**" (dkt. #70-1, p. 17, ¶ 4) | "Regarding the Jack Malik loan: there is no intent to mislead. The original loan was $100,000 and was increased to $150,000 over time with additional advances. Supporting records are not available. The inconsistency in statements reflects record keeping challenges, not fraud. I am willing to testify under oath and provide additional declarations if necessary." (dkt. #79, p. 2-3, ¶ 9). |
| --- | --- | --- | --- |
| 5. | "Records regarding Debtor's travels back and forth from Puerto Rico to and from New Jersey since April 6, 2023." (dkt. #44, p. 5, ¶ 5) | "Travel between Puerto Rico and the mainland United States does not require a passport or visa, as it is considered domestic travel. Consequently, **I have no maintained specific records of my travel** between Puerto Rico and other states." (dkt. #70-1, p. 17, ¶ 5) | "My relocation to Puerto Rico was in good faith. I leased a home in Vieques in June 2023, have my license and vehicles registered here, receive all mail and have started a construction company here. I have no intention of returning to New Jersey. My move was not or venue manipulation. Venue is proper under 28 U.S.C. § 1408." (dkt. #79, p. 2, ¶ 6). |

The court further notes the post-hearing status of the discovery requested, as it appears from the record:

10. Request # 1. Ford Truck. The Geertgens' counsel presented documents gathered in State Court proceedings, evidencing the fact that the New Jersey State Court had prohibited transfer of assets out of Debtor's company, Moorestown Construction, LLC on April 25, 2022; that the Ford Truck had been titled to Moorestown Construction, LLC at that time; that Debtor transferred the company asset in violation of the Court's order to his son's company, MC Remodeling, LLC; that no proceeds were paid to Moorestown Construction, LLC, and that Debtor later claimed the proceeds of that transfer as his sole source of personal income allowing his relocation to Puerto Rico and purchase of a $6,000.00 vehicle in Puerto Rico. In doing so, Debtor utilized the Ford Truck to demonstrate a means of financial resources, in order to avoid disclosing his true financial resource – monies earned by his company Moorestown Construction, LLC and diverted through MC

-8-

Remodeling Corp. and/or MC Remodeling, LLC, including bank accounts held at TD Bank N.A., in the name of defunct entity MC Remodeling Corp. Debtor utilized this scheme both in discovery responses, and in his Fed. R. Bankr. P. 341 Meeting of Creditors, to hide significant funds which were utilized as his own personal financial resources. See, Documents B.5, E.42, F.50, G.55, I.64 (Geertgens000587 T8-18), I.66 (Geertgens000614 T39:9-24).

11. Debtor's Response Regarding Ford Truck. Debtor offered no response, no documents and no testimony on this issue. Debtor's story has changed over time, and Debtor has failed to produce discovery including proof of payment, location of proceeds, and documentation of the transaction. He did not address his much more significant sources of income from his business Moorestown Construction, LLC; the diversion of assets to MC Remodeling, LLC, or his attempt to secret these in his bankruptcy proceeding.

12. Request # 2. Bank Account Statements – 3 Years. Debtor produced a document entitled "Export (1)" which purports to be banking data. **It does not identify the account referenced, the account holder, the opening or closing balance for any identified period of time, the name of the bank, or the account number. Debtor's written response to document request states "Defendant has already filed bank statements with the Court."** D.33 # 18-20. (Geertgens000213). The data offered is unverifiable, of little use in identifying Debtor's financial transactions, and is highly susceptible to editing. Actual statements were again requested by deficiency letter dated April 1, 2025 (D.34, Geertgens000227; Geertgens000231 #18). **No statements have been provided.** The Geertgens have produced bank documents for two additional bank accounts, both obtained by subpoena and identifying Debtor as account holder, at his home address in Ohio. Neither account is identified in Debtor's petition or schedules, or at his 341 meeting, or in response to discovery requests. See, Doc. H.61 (Geertgens000577)(BMO Harris Bank Account), Doc. H.62 (Geertgens000578). Additionally, the Geertgens provide subpoenaed bank records identifying accounts actually utilized by the Debtor despite court order prohibiting his diversion of fund. (TD Bank Account Doc G.55 Geertgens 000446). **The requested discovery has not been produced.**

13. Debtor's Response Regarding Bank Statements. **Debtor did not offer any testimony or evidence on these issues**. He referenced production and filing of "bank statements" although **no statements have been produced or filed**. Debtor offered nothing to counter the evidence presented on these issues, and did not explain these significant omissions. The evidence establishes Debtor's meaningful attempts to hide assets and avoid discovery. See, I.63 Geertgens000591 T12:5-11 (Q. Do you have any other bank account anywhere else in or outside the United States? A. No, I – no, I do not.")

14. Item #3: GE Capital Mortgage(s). **Debtor has never supplied documents relating to purported mortgages** on his residential home in Delanco, New Jersey, and on neighboring premises at 325 Delaware Avenue, a vacant property adjacent

to his home. Debtor has referred the Geertgens to public record of the mortgages, rather than supplying current payment status or promissory note obligations on the debts. See, Document Response # 14,16 at D.33 (Geertgens000213). The mortgages, which are in non-standard lender form with missing data, have admittedly not been paid, but are not in foreclosure. H.59 (Geertgens000558). GE Capital has not appeared in the case. The terms of the indebtedness, and the balances due, if any, remain undisclosed. D.33

15. Debtor's Response Regarding GE Capital Mortgages. **Debtor has not addressed these mortgage obligations, which bear his signature, except to state that he has no documents**. At the hearing, he offered neither testimony nor documents. Relevant documents are within Debtor's custody and control, if not within his immediate possession. See, 4-1-25 Deficiency letter, at D.34 (Geertgens000230 #14-15). These debts are significant, and should have been disclosed.

16. Request # 3. 325 Delaware Ave – Vacant Lot. At request #3, the Geertgens also requested disclosure of information regarding vacant property located adjacent to the Debtor's home in Delanco, New Jersey, at 325 Delaware Avenue. **Nothing was provided in response to this request.** At his 2004 Examination, Debtor testified that he did not know the owner of the LLC that owns this property, at any time. I.66 (Geertgens000610-613 T35 – T38). In his responses to requests for production of documents on this property, mortgages, notes and current statements of account, Debtor states that he "has no document other than those publicly available online." D.33 #71-95 (Geertgens000214). Documents publicly available include a partial mortgage, and an easement across the property to his residence at 327 Delaware Avenue dated 2010. The 2010 Easement is signed by Debtor, who handwrote his title as "Member" beside his signature. D.59 (Geertgens559-560). Debtor admits having mortgaged the property for a business debt at the time of the 2010 mortgage, but had no memory of how he ultimately gave up his interest in the company. 2004 Transcript. I.66 (Geertgens000624 T66-T70).

17. Debtor's Response Regarding 325 Delaware Ave. **In unsworn testimony, Debtor argued that he gave this lot to his wife 20 years ago. Without proper testimony on this issue, he could not be cross-examined about his prior testimony,** claiming not to have known who owned the property or its LLC title holder, or his signature on documents as member of the LLC in 2009- 2010. The Debtor clearly has an undisclosed interest in this property, which is not referenced in his petition or schedules, and not disclosed at his 341 Meeting when asked about real estate owned. I.65 (Geertgens000601 T7:14-15 -Q. Any other property that you own? A. No.).

18. Request # 4. Jack Malik Loan. Debtor submitted a subpoena response in 2022 claiming he owed his brother $50,000.00. D.25 (Geertgens000087 #7, 21). He has listed that debt as $150,000 in his bankruptcy petition. In response to the request for documents relating to this debt, **nothing has been produced other than Debtors' written statement now claiming that the debt is over seven years old.**

D.29 (Geertgens000102); Response - D.29 #4 (Geertgens000104). If the loan is more than seven years old, it is unclear how it increased in amount from $50,000 in 2022 to $150,000 in 2023.

19. <u>Debtor's Response Regarding Jack Malik Loan.</u> **Debtor offered no response by testimony, documents, or argument.** Although Debtor amended his petition following the 2004 Examination, he did not amend the amount due on this debt. It appears that the Debtor seeks to overstate his debt, in order to show a negative financial condition. The loan amount proffered is a sham.

20. <u>Request # 5. Debtor's Travel Between Puerto Rico and New Jersey.</u> In response to this request, **Debtor's states that "I have not maintained specific records of my travel between Puerto Rico and other states."** By request to produce, Debtor was asked to supply "all documents referring or relating to relocation to Puerto Rico as your residence," along with travel records, and documents regarding physical location and cell phone invoices for 180 days prior to bankruptcy filing. D.34 (Geertgens000229). **Debtor supplied a Puerto Rico drivers' license, and an unsigned 3-month lease. His document response claims to provide vehicle purchase records, but none have been provided.** At the same time, Debtor is now known to maintain a current lease on commercial property in New Jersey; retain his residential home in New Jersey; retain an apparent ownership interest in vacant property adjacent to his home in New Jersey; and maintain more than one bank account at his Ohio address, along with an Ohio driver's license. Doc. 59-62.

21. <u>Debtor's Response as to Travel Records.</u> **Debtor provided no document, no testimony, and no argument on this issue. He relies upon his prior production, but has not submitted it to the Court for review.** The production is sorely deficient, and if his case is not dismissed, he should be barred from producing any further evidence of travel or relocation to Puerto Rico.

22. <u>Interrogatories.</u> **Debtor has never served responses to the Geertgens' interrogatories served upon him in November 2024.** These remain outstanding. Debtor was reminded of his obligation to respond by deficiency letter of April 1, 2025, later written correspondence to his counsel, the Geertgens' motion to compel, the Court's order granting motion to compel, and discussion of this deficiency at the May 19, 2025 pre-trial hearing. By submission dated August 11, 2025, Debtor purported to supply "supplemental responses" to four of the interrogatories. See, Adv. Proc. #123, August 11, 2025. **These responses add no information, supply no documents, and are not certified.** More importantly however, **the original interrogatories remain unanswered.** Debtor has failed to respond, and by his "supplement" seeks to persuade the Court otherwise.

23. <u>Debtor's Response as to Interrogatories.</u> **Debtor did not produce interrogatory responses**, and did not address the issue by document or testimony. The discovery remains outstanding. This is a basic discovery obligation. Debtor will not comply.

24. <u>Debtor's Lack of Good Faith Response to Document Requests.</u> **Debtor has failed to produce documents addressed to the following list of key requests, relating to his financial status, and his business dealing to the date of his petition**. See, doc. D.32. None of these documents have been provided.

    a. Income from any source 2018 – 2023.
    b. Payments received by Moorestown Construction, LLC 2018-2023.
    c. Debit or credit card statements – 180 days prior to petition.
    d. Payments made to judgment creditors.
    e. Business licenses held.
    f. Monies paid to Debtor (by related parties and companies)
    g. Monies paid by Moorestown Construction, LLC (to related parties).
       h. Monies received by Debtor (from related parties).
    h. Transfers with Andrew Malik (corporate or individual).
    i. Transfers with Moorestown Construction, LLC
    j. Transfers Moorestown Construction, LLC to MC Remodeling, LLC
    k. Disposition or Transfers of the assets of Moorestown Construction, LLC
    l. Email and Text communications, including vendors and customers
    m. Websites utilized
    n. Vehicles utilized
    o. Insurance policies (business and personal)
    p. Moorestown Construction LLC financial documents 2021-2023, including
        1. check register
        2. bank statements
        3. invoices issued
        4. general ledger
        5. income statement
        6. balance sheet
        7. expenses
        8. cash receipts
        9. checks issued 2021-2023.
    r. Moorestown Construction, LLC Freshbooks account
    s. Evidence of expenses on Moorestown Construction, LLC 2021 Tax Return
    t. 1099s, W-2s, K-1s, 2021-2023 for Debtor, Moorestown Construction, LLC
    u. Physical location of business records

Debtor has refused to produce records of business ownership, and cell phone account records. Debtor states only that: "Defendant will not provide personal contact information beyond what has already been disclosed." This is a bad faith refusal to provide discovery

dkt. #171, pp. 3-10 (emphasis added).

Applicable Law and Discussion

The applicable law dispositive of the issues before the court is in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable to adversary proceedings by the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."). In sum, Fed. R. Civ. P. 26 provides for the general provisions governing discovery, Fed. R. Civ. P. 33 provides for the serving of interrogatories, Fed. R. Civ. P. 34 provides for the production of documents, and Fed. R. Civ. P. 36 governs requests for admissions.

Fed. R. Civ. P. 37(b), made applicable to this contested matter by Fed. R. Bankr. P. 9014(c), provides for sanctions for failure to obey a court order directing compliance with discovery obligations, up to and including the sanction of dismissal in whole or in part. See Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal is likewise appropriate if "a party, after being properly served with interrogatories under Rule 33 … fails to serve its answers, objections, or written response", Fed. R. Civ. P. 37(d)(1)(ii), (3), or "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," Fed. R. Civ. P. 37(e).

A party upon whom a request for discovery is served must responds to the same within thirty (30) day. See Fed. R. Civ. P. 34(b). Failure to do so may constitute a waiver. See Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8 (1st Cir. 1991). The court has discretion to extend the time for responding to a discovery request or on the sanctions it may impose if the plaintiff shows good cause. See Crispin-Taveras v. Municipality of Carolina, 647 F. 3d 1, (1st Cir. 2011). "Sanctions under [Fed. R. Civ. P.] 37(b) are appropriate once it is established that a party has failed to comply with a valid discovery order." In re Luis Diesel Services, Inc., 2018 WL 2102322 (B.A.P. 1st Cir. 2018), quoting, In re Bushay, 327 B.R.695, 703 (B.A.P. 1st Cir. 2005). Dismissal for violation of a discovery order is within the court's discretion upon thoughtful consideration of all applicable factor. See e.g., Benitez-Garcia v. González-Vega, 468 F.3d 1 (1st Cir. 2006). However, it is the Debtor's burden in this case to show that good cause existed for the non-

compliance with the discovery request and the sanctions requested by the Geertgens. See Ramos-López v. United States, 2024 WL 531277 (D.P.R. 2024). See also In re Santiago Salicrup, 2024 WL 2822143, at *4 (Bankr. D.P.R. June 3, 2024) (dismissing adversary proceeding for failure to comply with discovery requests).

When assessing the appropriateness of a discovery sanction, courts must evaluate the totality of the circumstances. See Mulero–Abreu v. Puerto Rico, 675 F.3d 88, 93 (1st Cir. 2012); Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988) (citation omitted) (finding "it is proper [for the Court] in reviewing for 'extreme' misconduct to consider all of the aggravating circumstances together"). This inquiry is "not a mechanical one" and varies from case to case. Benitez–Garcia, 468 F.3d at 5. "Procedurally, the court should consider (1) whether the offending party was given sufficient notice, and (2) whether the offending party has been given an opportunity to explain its noncompliance or argue for a lesser penalty." AngioDynamics, Inc. v. Biolitec AG, 991 F.Supp.2d 283, 290 (D. Mass. 2014), aff'd, 780 F.3d 429 (1st Cir. 2015). Factors considered are "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operation of the court, and the adequacy of lesser sanctions," as well as any other relevant factors. Robson, 81 F.3d at 2–3. These factors help distinguish good faith attempts to comply with discovery obligations from deliberate, bad faith refusals to do so. See Benitez–Garcia, 468 F.3d at 5. The factors serve as a guide, however, and need not be applied mechanically. See id.

The record plainly reflects that the Debtor's responses to the requested discovery, if any, are largely non-substantive and evasive, consisting primarily of statements that he lacks access to the requested documentation due to his failure to maintain records. The forgoing reflects both an absence of recordkeeping and an evasive approach to discovery. In assessing the totality of the circumstances, it is clear that the Debtor has failed to produce any substantive documents following the 2004 Examination, and failed to timely respond to interrogatories served upon him in November 2024. "It is axiomatic that 'a litigant who ignores a case-management deadline does so

at his peril.' " Young v. Gordon, 330 F.3d 76, 82 (1st Cir. 2003), quoting Rosario–Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998).

The court finds that the Geertgens have met their burden, and that the Debtor has failed to show good cause for his noncompliance despite opportunities to do so. Dismissal is thus appropriate upon Debtor's failure to comply with discovery rules and orders pursuant to  Fed. R. Civ. P. 37(b)(2)(A)(v).

CONCLUSION

For the reasons stated herein, the *Motion to Dismiss* (dkt. #70) is GRANTED. Consequently, the instant case is hereby dismissed.

The Clerk shall dismiss and close any contested matter or adversary proceeding related to the instant case. .

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of September 2025.

Enrique S. Lamoutte
United States Bankruptcy Judge

-15-